UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE
CIVIL ACTION NO. _____

**ELECTRONICALLY FILED**

DANNY MCCOWN, JR.                                                                    PLAINTIFF

v.                                   **NOTICE OF REMOVAL**

HYUNDAI MOTOR AMERICA AND
TIM SHORT CHRYSLER, DODGE, JEEP, RAM,
FIAT OF PIKEVILLE d/b/a TIM SHORT
PIKEVILLE, LLC                                                                       DEFENDANTS

\* \* \* \* \*

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Hyundai Motor America ("HMA"), by counsel, files this Notice of Removal from Floyd Circuit Court, Floyd County, Kentucky to the United States District Court for the Eastern District of Kentucky, Southern Division, at Pikeville. The grounds for removal are as follows:

**THE REMOVED CASE**

1. The removed case is a civil action filed on or about July 7, 2020, in Floyd Circuit Court, Floyd County, Kentucky, having been assigned Case No. 20-CI-00412, and captioned *Danny McCown, Jr. v. Hyundai Motor America and Tim Short Chrysler, Dodge, Jeep, Ram, Fiat of Pikeville d/b/a Tim Short Pikeville, LLC*. *See* Exhibit A, Complaint.

2. This is a product liability action brought by Plaintiff for personal injuries sustained in a single vehicle incident. *Id*. at ¶¶ 6, 11-12. Plaintiff alleges that the subject vehicle rolled back while in a "Parked" position in Plaintiff's driveway and struck

1

Plaintiff. *Id.* at ¶¶ 12, 21. Plaintiff asserts product liability claims against HMA, including strict liability, negligence, failure to warn, and breach of warranty. *Id.* at ¶¶ 13-16. The Complaint appears to make identical allegations against local car dealership Tim Short Chrysler, Dodge, Jeep, Ram, Fiat of Pikeville d/b/a Tim Short Pikeville, LLC ("Tim Short"). *Id.* at ¶¶ 19-27.

## PAPERS FROM REMOVED ACTION

3. As required by 28 U.S.C. § 1446(a), attached as Exhibit A are copies of all process, pleadings, orders and other papers or exhibits served upon HMA or filed in the state court.

## THE VENUE REQUIREMENT IS MET

4. Venue of this removal is proper under 28 U.S.C. § 1441(a) to the United States District Court for the Eastern District of Kentucky, Southern Division, at Pikeville, because the Floyd Circuit Court, Floyd County, Kentucky is within the Eastern District of Kentucky, Southern Division, at Pikeville. LR 3.1(a)(3)(B).

## DIVERSITY OF CITIZENSHIP EXISTS
## BETWEEN PROPERLY JOINED PARTIES

5. This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

6. Plaintiff's Complaint alleges that he is and was a resident of Floyd County Kentucky. *See* Ex. A, Complaint, ¶ 1. Accordingly, Plaintiff is now and was at all relevant times a citizen of Kentucky for purposes of determining diversity.

7. HMA is, and was at the time this action was filed, a California corporation with its principal place of business in California. Accordingly, HMA is now and was at all relevant times a citizen of California for purposes of determining diversity under 28 U.S.C. § 1332(c)(1).

8. Tim Short conducts business in Kentucky and has a principal place of business located in Pikeville, Kentucky. *See* Ex. A, Tim Short's Answer, ¶ 3.

9. While complete diversity does not exist between Plaintiff and all of the Defendants, the non-diverse Tim Short is fraudulently joined and its citizenship should be disregarded for purposes of diversity jurisdiction. *See, e.g., Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1990) (recognizing that "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds") (citations omitted). The non-diverse Defendant is fraudulently joined because, as discussed herein, there is "no reasonable basis for predicting that the state law might impose liability on the facts involved." *Smith v. Wyeth, Inc.*, 488 F. Supp. 2d 625, 627-28 (W.D. Ky. 2007) (citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)); *see Saginaw Hous. Comm'n v. Bannun, Inc.*, 576 F. 3d 620, 624 (6th Cir. 2009) (ruling that "fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action").

10. "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Id*.

11. Here, on October 8, 2020, Tim Short, through counsel, served Plaintiff with Requests for Admissions that asked Plaintiff to admit that he had no evidence to support his claims against Tim Short. *See* Ex. A, Requests for Admissions. Plaintiff failed to respond to Tim Short's Requests for Admission within the time specified by Kentucky Rule of Civil Procedure 36.01(2). To date, Plaintiff has still not responded to Tim Short's Requests for Admission.

12. In Kentucky, a "matter is admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter[.]" Kentucky Rules of Civil Procedure 36.01(2). Moreover, "[a]ny matter admitted under [CR] 36 is *conclusively established*[.]" Kentucky Rule of Civil Procedure 36.02 (emphasis added).

13. Plaintiff's failure to respond to Tim Short's Requests for Admission renders the requests admitted, which conclusively establishes that Plaintiff could not have established a cause of action against Tim Short. For example, Plaintiff has been deemed to admit the following:

- Tim Short did not cause any damage to Plaintiff;
- Plaintiff is not claiming that Tim Short is responsible for any defect in the subject vehicle;
- Plaintiff is not claiming that Tim Short breached any warranty ;
- Plaintiff has no evidence that Tim Short improperly tested or inspected the subject vehicle ;
- Plaintiff has no evidence that Tim Short improperly marketed, distributed, or sold the subject vehicle ;
- Plaintiff has no evidence that Tim Short failed to warn Plaintiff of an known or foreseeable hazard in the subject vehicle; and
- Tim Short did not make any warranties to Plaintiff concerning the subject vehicle.

Ex. A, Requests for Admissions Nos. 1, 6, 7, 9, 10, 11, 12, 13.

14. Based upon the foregoing admissions, Plaintiff cannot establish a cause of action against non-diverse defendant Tim Short under Kentucky law. Accordingly, the non-diverse defendant has been fraudulently joined and its citizenship should be disregarded for purposes of diversity jurisdiction. *See Coyne*, 183 F.3d at 493. Complete diversity exists under 28 U.S.C. § 1332 among all properly joined parties.

## THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

15. Plaintiff's Complaint does not state a specific dollar amount of damages.

16. Despite the lack of a demand for a specific dollar amount in the Complaint, a cause of action may be removed where the defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560 (6th Cir. 2001). This is accomplished where a "fair reading of the complaint shows that more than $75,000 is in controversy." *Fryrear v. Medtronic, Inc.*, 2015 U.S. Dist. LEXIS 48095, at * 7 (W.D. Ky. Apr. 13, 2015); *see also Hacker v. Aetna Life Ins. Co.*, 2019 U.S. Dist. LEXIS 23937, at *6 (E.D. Ky. Feb. 13, 2019) (finding the amount in controversy met and repeating "the Sixth Circuit's unambiguous words [from *Hayes*]: a removing defendant need not 'research, state and prove the plaintiff's claim for damages.'").

17. The removing defendant can sufficiently establish the amount in controversy based upon the "extensive relief sought by [p]laintiffs in their original complaint." *Fryrear*, 2015 U.S. Dist. LEXIS 48095 at * 7. In *Fryrear*, the court found that

the defendants had sufficiently established that the amount in controversy exceeded $75,000 based upon "the allegations of the complaint" which included: "severe injuries and damages, including but not limited to chronic pain and radiculitis, and emotional distress and mental anguish" as well as "economic losses, including loss of earnings and diminution of the loss of earning capacity and expected future medical expenses" and "punitive damages." *Id.*

18. Punitive damages are also considered in determining whether the amount in controversy requirement is satisfied. *See Allstate Ins. Co. v. Blankenship*, 2005 U.S. Dist. LEXIS 18636, at *18 (E.D. Ky. Aug. 30, 2005) ("Punitive damages have been found to be properly considered in determining whether the amount in controversy exceeds the jurisdictional minimum, and punitive damages may be aggregated with actual damages to meet the amount in controversy requirement") (citing *Bell v. Preferred Life Assur. Soc., Etc.*, 320 U.S. 238, 240 (1943); *Charvat v. GVN Mich., Inc.*, 561 F.3d 623 (6th Cir. 2009); *Jenkins v. Delta Air Lines, Inc.*, 2018 U.S. Dist. LEXIS 215861, at *4 (W.D. Ky. Dec. 21, 2018) (combining compensatory damages with attorney's fees and punitive damages to find that the amount in controversy exceeded $75,000) (citations omitted)).

19. It is readily apparent from the face of Plaintiff's Complaint that the amount in controversy exceeds $75,000. Plaintiff claims he suffered "severe physical injuries" that are "permanent." *See* Exhibit A, Complaint at ¶ 18. Plaintiff alleges damages including the following: past and future medical expenses, loss of earning capacity, pain and suffering, mental anguish, and loss of enjoyment of life. *Id.* Plaintiff also seeks recovery of punitive damages. *Id.* at *Whereupon* clause at 7.

20. Based on Plaintiff's allegations in the Complaint, but without waiving any applicable defenses that HMA may have, the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332, exclusive of interest and costs.

## THE REMOVAL IS TIMELY

21. Plaintiff commenced this action on or about July 7, 2020.  The case stated by the initial pleading was not removable due to the presence of non-diverse defendant Tim Short.

22. As discussed above, counsel for Tim Short served Requests for Admission on Plaintiff on October 8, 2020.  *See* Ex. A, Requests for Admissions.  Plaintiff failed to respond to those Requests for Admission within the time specified by Kentucky Rule of Civil Procedure 36.01(2).

23. On November 11, 2020, Tim Short's counsel sent correspondence to HMA stating that Plaintiff had failed to respond to the Requests for Admission, and as such, Tim Short deemed the Requests admitted.  *See* Exhibit B, November 11, 2020 correspondence.  This was HMA's first notice that Plaintiff could not establish a cause of action against Tim Short.[1]

---

[1] Plaintiff's failure to timely respond to Tim Short's Requests for Admission did not trigger the thirty-day clock under 28 U.S.C. § 1446(b)(3) as HMA had not received a copy of an amended pleading, motion, order, or other paper from which it could ascertain that the case was removable. *See JHohman, LLC v. United States Sec. Assocs.*, 513 F. Supp. 2d 913, 919 ( E.D. Mich. September 24, 2007)(holding that a failure to respond to Requests for Admission does not satisfy the "receipt" of an "other paper" requirement under 28 U.S.C. § 1446(b)(3)); *see also Williams v. Litton Loan Servicing, LP*, 2011 U.S. Dist. LEXIS 15113, at *11-12 (M.D. Ala. Feb. 15, 2011) ("Section 1446(b)'s use of the word 'paper' strongly suggests, if not mandates, that the 'other paper' should be a written document.") (string citation in opinion omitted).

24. Pursuant to 28 U.S.C. § 1446(b)(3), a defendant may remove an action that is not removable upon the initial pleading within thirty days "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added).

25. "The definition of 'other paper' is *broad* and may include any formal or informal communication received by a defendant." *Hiser v. Seay*, 2014 U.S. Dist. LEXIS 168429, at *7 (W.D. Ky. Dec. 4, 2014) (string citation omitted) (emphasis added); *see also Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 466 (6th Cir. 2002) (a party's response to a deposition question qualified as an "other paper" and triggered removal); *Hall v. Taylor*, 2017 U.S. Dist. LEXIS 1915, at *9 (E.D. Ky. Jan. 6, 2017) (correspondence from counsel identifying that the non-diverse defendant was served in error qualified as an "other paper" which triggered removal); *Nagarajan v. Ostruskza*, 2012 U.S. Dist. LEXIS 149998, at *9 (W.D. Ky. Oct. 18. 2012) (Plaintiff's post-complaint correspondence qualified as an "other paper"); *Effinger v. Philip Morris*, Inc., 984 F. Supp. 1043, 1047 (W.D. Ky. 1997) (discovery deposition was an "other paper"); *Broderick v. Dellasandro*, 859 F. Supp. 176, 180 (E.D. Pa. 1994) (correspondence from counsel qualified as an "other paper").

26. Based upon the cases cited above, correspondence among counsel for the co-defendants clearly qualifies as "other paper" for purposes of §1446(b)(3). Therefore, HMA's Notice of Removal is timely filed within thirty days of HMA's receipt of correspondence from Tim Short's counsel regarding Plaintiff's deemed admissions.

Likewise, HMA's Notice of Removal is filed within one year of commencement of the action, under 28 U.S.C. § 1446(c)(1).

## CONSENT OF A FRAUDULENTLY JOINED PARTY IS NOT REQUIRED

27. Typically, in actions removed under 28 U.S.C. § 1441(a), all defendants must either join in the removal or consent to removal. *See* 28 U.S.C. § 1446(b)(2)(A). However, "[c]onsent for removal is not required of fraudulently joined defendants." *Smith v. Wyeth, Inc.*, 488 F. Supp. 2d 625, 627 (W.D. Ky. 2007) (citation omitted); *see also Mayfield v. London Women's Care, PLLC,* 2015 U.S. Dist. LEXIS 68906, at *5, n. 2 (E.D. Ky. May 28, 2015); *Cordle v. Merck & Co., Inc.*, 405 F. Supp. 2d 800, 802 n.3 (E.D. Ky. 2005).

28. Therefore, this action is properly removed without proof of consent by Tim Short.

## FILING OF REMOVAL PAPERS

29. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served upon all parties, and a Notice of Filing Notice of Removal is simultaneously being filed with the Clerk of the Circuit Court in and for Floyd County, Kentucky. A true and correct copy of this Notice is attached as Exhibit C.

30. Thus, the state court action may be removed to this Court by HMA and in accordance with the provisions of 28 U.S.C. § 1441(a) because (1) this action is a civil action pending within the jurisdiction of the United States District Court for the Eastern District of Kentucky, Southern Division, at Pikeville; (2) HMA and Plaintiff are citizens of different states; (3) Defendant, Tim Short, was fraudulently joined, (4) the amount in

controversy exceeds $75,000, exclusive of interest and costs; and (5) this Notice of Removal is timely filed pursuant to 28 U.S.C. 1446(b)(3).

## RESERVATION OF RIGHTS

33. HMA reserves the right to amend or supplement this Notice of Removal or to present additional arguments in support of its entitlement to remove this case.

34. HMA reserves all defenses and objections and the filing of this Notice of Removal is subject to, and without waiver of, any such defenses or objections.

WHEREFORE, Hyundai Motor America hereby removes the above-captioned action from the Circuit Court in and for Floyd County, Kentucky, and requests that further proceedings be conducted in this Court as provided by law.

Respectfully submitted,

/s/David T. Schaefer
David T. Schaefer
Anne K. Guillory
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
Phone: (502) 581-8000
Fax:  (502) 581-8111
david.schaefer@dinsmore.com
anne.guillory@dinsmore.com

and

Christopher L. Jackson
DINSMORE & SHOHL LLP
100 West Main Street, Suite 900
Lexington, Kentucky 40507
Phone:  (859) 425-1000
Fax:  (859) 425-1099
christopher.jackson@dinsmore.com
*Counsel for Defendant, Hyundai Motor America*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was this 2nd day of December, 2020 electronically filed through the CM/ECF system and a copy served upon the following via U.S. Mail, first class postage prepaid:

Glenn M. Hammond
Glenn M. Hammond Law Office
P.O. Box 1109
5476 North Mayo Trail
Pikeville, Kentucky 41502
*Counsel for Plaintiff*

Susan J. Pope
Wade H. ("Jeff") Jefferson IV
Nolan M. Jackson
Frost Brown Todd
250 West Main St.
Suite 2800
Lexington, Kentucky 40507-1749
*Counsel for Tim Short Pikeville, LLC*

          /s/David T. Schaefer
          *Counsel for Defendant,*
          *Hyundai Motor America*

17157410.2