# EXHIBIT A



U.S. POSTAGE ⟩⟩ PITNEY BOWES

ZIP 41653 $ 007.05⁰
02 4W
0000371731 JUL. 08, 2020

Douglas R. Hall, Floyd Circuit Clerk
Floyd County Justice Center, 127 South Lake Dr.
Prestonsburg, KY 41653-3365

NATIONAL REGISTERED AGE
306 W. MAIN STREET, STE. 5
FRANKFORT, KY 40601



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®

7020 0090 0002 3169 8249

| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **20-CI-00412**<br>Court:  **CIRCUIT**<br>County: **FLOYD** |

*Plantiff,* **MCCOWN, DANNY VS. HYUNDAI MOTOR AMERICAN, ET AL,** *Defendant*

TO: **NATIONAL REGISTERED AGENT LLC**
     **306 W. MAIN STREET, STE. 512**
     **FRANKFORT, KY 40601**

Memo: Related party is HYUNDAI MOTOR AMERICAN

The Commonwealth of Kentucky to Defendant:
**HYUNDAI MOTOR AMERICAN**

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Douglas R. Hall, Floyd
Circuit Clerk
Date: 7/7/2020

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20_____

Served By _____

Title _____

Summons ID: 257900018015173@00000118028
CIRCUIT: 20-CI-00412 Certified Mail
MCCOWN, DANNY VS. HYUNDAI MOTOR AMERICAN, ET AL



Page 1 of 1

eFiled

*Sidebar (right margin):* Package:000002 of 000010   Presiding Judge: HON. JOHNNY RAY HARRIS (631314)   Package : 000002 of 000010

<div align="center">

COMMONWEALTH OF KENTUCKY
FLOYD CIRCUIT COURT
DIVISION NO. _____
C.A. NO.: 20-CI-_____

*ELECTRONICALLY FILED*

</div>

**DANNY MCCOWN, JR**                                    **PLAINTIFFF**

**v.**

**HYUNDAI MOTOR AMERICA**                              **DEFENDANT**

SERVE:      National Registered Agent, Inc.,
            306 W. Main Street, Suite 512
            Frankfort, Kentucky 40601

**AND**

**TIM SHORT CHRYSLER DODGE, JEEP, RAM, FIAT**
**OF PIKEVILLE d/b/a TIM SHORT PIKEVILLE, LLC**        **DEFENDANT**

SERVE:      FBT LLC, Registered Agent
            250 West Main St. Ste. 2800
            Lexington, KY 40507
            Pikeville, KY 41502
And

**UNKNOWN DEFENDANTS**                                 **DEFENDANT**

<div align="center">

COMPLAINT WITH DEMAND
FOR A TRIAL BY JURY

</div>

Comes the Plaintiff, **DANNY MCCOWN, JR**, by and through Counsel, and for his Complaint, and cause of action, with demand for a trial by jury, respectfully states as follows:

<div align="center">1</div>

Package:000003 of 000010

Presiding Judge: HON. JOHNNY RAY HARRIS (631314)

Package : 000003 of 000010

## JURISDICTION

1.      That the Plaintiff, **DANNY MCCOWN, JR,** was and at all relevant times herein have been a citizen and resident of Floyd County, Kentucky, residing at 24 JT Drive, Wheelwright, Kentucky 41669.

2.      That the Defendant, **HYUNDAI MOTOR AMERICA.** is an active Kentucky Corporation in good standing which has the power to sue and be sued in the Commonwealth of Kentucky, with its Principal Office located at 10550 Talbert Avenue, Fountain Valley, California 92708, with its listed Registered Agent as: National Registered Agent, Inc., 306 W Main Street, Suite 512, Frankfort, KY 40601. This Defendant designed, manufactured, marketed and/or distributed the vehicle that is the subject of this matter.

3.      That the Defendant, **Tim Short Chrysler Dodge Jeep Ram Fiat of Pikeville, Assumed Name Corporation Tim Short Pikeville, LLC.,** is an active corporation in good standing which has the power to sue and be sued in the Commonwealth of Kentucky, with its Principal Office and physical location at 100 Deskins Drive, Pikeville, KY 41501, with its listed Registered Agent as: FBT LLC, 250 West Main Street, Ste. 2800 Lexington, Kentucky 40507. This Defendant designed, manufactured, marketed and/or distributed the vehicle that is the subject of this matter.

4.      That the Unknown Defendant(s) for all purposes relevant to this Complaint, is that unknown individual(s) or entity(ies) who may have caused and/or contributed to the accident causing injury to the Plaintiffs, DANNY MCCOWN, JR, on July 7, 2019 at 24 JT Drive, Wheelwright, Floyd County Kentucky.

5.      The venue and jurisdiction of the Commonwealth of Kentucky, Floyd

2

Package:000004 of 000010

Presiding Judge: HON. JOHNNY RAY HARRIS (631314)

Package : 000004 of 000010

Circuit Court is proper. The damages or harm to the Plaintiff is commensurate with the jurisdiction of the Floyd Circuit Court.

## GENERAL ALLEGATIONS

6.      That the incident giving rise to this action occurred on or about **July 7, 2019**, at 24 JT Drive, Wheelwright, Floyd County, Kentucky, resulting in severe injuries to Plaintiff, **DANNY MCCOWN, JR.**

7.      That this action is brought pursuant to KRS 411.310-411.340 in that the Plaintiff's injuries and property damages were caused by a Hyundai Santa Fe that has been sold in the United States, particularly Kentucky since 1994, and the Defendants, jointly and severally, should have known that the subject vehicle failed to meet the prevailing standards for the design and manufacturing of the Hyundai Santa Fe and should have recalled this subject vehicle in an effort to prevent injuries to the consumers.

8.      That the Plaintiffs' injuries exceed the minimum requirements of KRS 304.39-060 and the jurisdictional minimum for the Court herein.

9.      That jurisdiction and venue are proper in the Floyd County Circuit Court;

## FIRST CAUSE OF ACTION

10.     That the Plaintiff adopts and reiterates, as if fully set forth herein, each and every allegation contained in paragraphs one (1) through nine (9), and further alleges as follows:

11.     That before July 7, 2019 the Defendant, **HYUNDAI MOTOR AMERICA.**, designed, manufactured, marketed and/or distributed, either partially or entirely, a 2017 Hyundai Santa Fe automobile, VIN# 5NMZUDL88HH008827.

3

12.     That on July 7, 2019, while placed in the "Parked" position in the Plaintiffs' driveway, the 2017 Hyundai Santa Fe, began rolling backwards and struck the Plaintiff, **DANNY MCCOWN, JR,** resulting in severe and personal injuries to the Plaintiff.

13.     That the Defendant, **HYUNDAI MOTOR AMERICA** should be held strictly liable as one of the designers, manufacturers, distributors and sellers of above referenced Hyundai Santa Fe.

14.     That the Defendant, **HYUNDAI MOTOR AMERICA** as designer, manufacturer, distributor and seller, as well as through its marketing of the above referenced automobile, made implied and express warranties that the Hyundai Santa Fe reasonably fit for the general uses and purposes intended, and that, in particular, the transmission/gears was free of any defects in its design and/or construction.

15.     That the Defendant, **HYUNDAI MOTOR AMERICA** designed, manufactured, marketed and distributed said Hyundai Santa Fe such a manner that it created an unreasonable risk of physical harm and injury.   This negligence design, manufacturing, marketing and distribution includes, but is not limited to, improper and dangerous design, testing and inspection.

16.     That the Defendant, **HYUNDAI MOTOR AMERICA** failed to warn of this known and foreseeable hazard of said Hyundai Santa Fe , both before and after the sale of said Hyundai Santa Fe.

17.     That the injuries to the Plaintiff, **DANNY MCCOWN, JR,** are the direct and proximate result of the actions and omissions on the part of the Defendant, **HYUNDAI MOTOR AMERICA.**

4

Package:000005 of 000010

Presiding Judge: HON. JOHNNY RAY HARRIS (631314)

Package : 000006 of 000010

Filed          20-CI-00412      07/07/2020          Douglas R. Hall, Floyd Circuit Clerk

18.    That as a direct and proximate result of the carelessness, negligence, and/or gross negligence of the Defendant, **HYUNDAI MOTOR AMERICA** the Plaintiff, **DANNY MCCOWN, JR,** has suffered and will continue to suffer severe physical injuries, pain and suffering, mental anguish, and permanent injuries. She has incurred and will incur medical expenses, has sustained a loss of earning capacity, ability to earn a living has been curtailed and/or reduced, and he has sustained a loss of ability to enjoy life.

### SECOND CAUSE OF ACTION

19.    That the Plaintiff adopts and reiterates, as if fully set forth herein, each and every allegation contained in paragraphs one (1) through eighteen (18), and further alleges as follows:

20.    That before July 7, 2019 the Defendant, **Tim Short Chrysler Dodge Jeep Ram Fiat of Pikeville, Assumed Name Corporation Tim Short Pikeville, LLC,** designed, manufactured, marketed and/or distributed, either partially or entirely, a 2017 Hyundai Santa Fe automobile, VIN# 5NMZUDL88HH008827.

21.    That on July 7, 2019, while placed in the "Parked" position in the Plaintiffs' driveway, the 2017 Hyundai Santa Fe, began rolling backwards and struck the Plaintiff, **DANNY MCCOWN, JR,** resulting in severe and personal injuries to the Plaintiff.

22.    That the Defendant, **Tim Short Chrysler Dodge Jeep Ram Fiat of Pikeville, Assumed Name Corporation Tim Short Pikeville, LLC,** should be held strictly liable as one of the designers, manufacturers, distributors and sellers of above referenced Hyundai Santa Fe.

5

Package:000007 of 000010

Presiding Judge: HON. JOHNNY RAY HARRIS (631314)

Package : 000007 of 000010

23.    That the Defendant, **Tim Short Chrysler Dodge Jeep Ram Fiat of Pikeville, Assumed Name Corporation Tim Short Pikeville, LLC**, as designer, manufacturer, distributor and seller, as well as through its marketing of the above referenced automobile, made implied and express warranties that the Hyundai Santa Fe was reasonably fit for the general uses and purposes intended, and that, in particular, the transmission/gears was free of any defects in its design and/or construction.

24. That the Defendant, **Tim Short Chrysler Dodge Jeep Ram Fiat of Pikeville, Assumed Name Corporation Tim Short Pikeville, LLC**, designed, manufactured, marketed and distributed said Hyundai Santa Fe in such a manner that it created an unreasonable risk of physical harm and injury. This negligence design, manufacturing, marketing and distribution includes, but is not limited to, improper and dangerous design, testing and inspection.

25.    That the Defendant, **Tim Short Chrysler Dodge Jeep Ram Fiat of Pikeville, Assumed Name Corporation Tim Short Pikeville, LLC**, failed to warn of this known and foreseeable hazard of said Hyundai Santa Fe, both before and after the sale of said Hyundai Santa Fe.

26.    That the injuries to the Plaintiff, **DANNY MCCOWN, JR**, are the direct and proximate result of the actions and omissions on the part of the Defendant, **Tim Short Chrysler Dodge Jeep Ram Fiat of Pikeville, Assumed Name Corporation Tim Short Pikeville, LLC**.

27.    That as a direct and proximate result of the carelessness, negligence, and/or gross negligence of the Defendant, **Tim Short Chrysler Dodge Jeep Ram Fiat of Pikeville, Assumed Name Corporation Tim Short Pikeville, LLC**, the Plaintiff,

6

DANNY MCCOWN, JR, has suffered and will continue to suffer severe physical injuries, pain and suffering, mental anguish, and permanent injuries. She has incurred and will incur medical expenses, has sustained a loss of earning capacity, ability to earn a living has been curtailed and/or reduced, and he has sustained a loss of ability to enjoy life.

WHEREUPON, the Plaintiff respectfully demands as follows:

1.      Trial by jury;

2.      Judgment against the Defendants, jointly and/or severally, in an amount sufficient to compensate the Plaintiff, DANNY MCCOWN, JR, for his past, present, and future medical expenses;

3.      Judgment against the Defendants, jointly and/or severally, in an amount sufficient to compensate the Plaintiff, DANNY MCCOWN, JR, for his past and future pain and suffering and mental anguish;

4.      Judgment against the Defendants, jointly and/or severally, in an amount sufficient to compensate the Plaintiff, DANNY MCCOWN, JR, for his past, present, and future economic loss;

5.      Judgment against the Defendants, jointly and/or severally, in an amount sufficient to compensate the Plaintiff, DANNY MCCOWN, JR, for his loss of future earning capacity;

6.      Judgment against the Defendants, jointly and/or severally, in an amount sufficient to compensate the Plaintiff, DANNY MCCOWN, JR, for his loss of ability to enjoy life;

7.      Punitive damages;

Package:000009 of 000010

Presiding Judge: HON. JOHNNY RAY HARRIS (631314)

Package : 000009 of 000010

7

Filed                  20-CI-00412      07/07/2020              Douglas R. Hall, Floyd Circuit Clerk

8.  Pre-Judgment and Post-Judgment interest;

9.  For his costs herein expended; and

10.  For any and all other relief to which he may be entitled, either at law or in

equity.

Respectfully submitted,

*/s/ Glenn M. Hammond*
**GLENN M. HAMMOND**
**GLENN M. HAMMOND LAW OFFICE**
**P.O. BOX 1109**
**5476 NORTH MAYO TRAIL**
**PIKEVILLE, KY 41502**
**PH: (606) 437-7777**
**FAX: (606) 437-1004**

Package:000010 of 000010

Presiding Judge: HON. JOHNNY RAY HARRIS (631314)

Package : 000010 of 000010

Filed                  20-CI-00412      07/07/2020              Douglas R. Hall, Floyd Circuit Clerk

COMMONWEALTH OF KENTUCKY
FLOYD CIRCUIT COURT
CIVIL ACTION NO. 20-CI-412

*Electronically Filed*

DANNY MCCOWN, JR                                                    PLAINTIFF


v.                          **ANSWER OF HYUNDAI MOTOR AMERICA**

HYUNDAI MOTOR AMERICA AND
TIM SHORT CHRYSLER DODGE, JEEP, RAM,
FIAT OF PIKEVILLE d/b/a TIM SHORT
PIKEVILLE, LLC                                                     DEFENDANTS

                                *    *    *    *

Defendant Hyundai Motor America ("HMA"), by counsel, for its answer to the

Complaint in the above matter states as follows:

                                **FIRST DEFENSE**

1.      HMA is without sufficient information to form a belief as to the truth of

the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, denies

these allegations.

2.      With respect to Paragraph 2 of Plaintiff's Complaint, HMA admits that it

is a corporation incorporated in California, with its principal place of business at 10550

Talbert Avenue, Fountain Valley, California 92708, has as its registered agent for service

of process in Kentucky, National Registered Agents, Inc., 306 W. Main Street, Suite 512,

Frankfort, Kentucky 40601, and it marketed and distributed the subject Hyundai

vehicle.  HMA denies the remaining allegations in Paragraph 2.

3.      With respect to Paragraph 3 of Plaintiff's Complaint, HMA denies that Tim Short Chrysler Dodge Jeep Ram Fiat of Pikeville d/b/a Tim Short Pikeville, LLC ("Tim Short") "designed or manufactured" the subject Hyundai vehicle.  HMA is without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint and, therefore, denies these allegations.

4.      HMA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint and, therefore, denies these allegations.

5.      HMA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint and, therefore, denies these allegations.

6.      HMA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint and, therefore, denies these allegations.

7.      HMA denies the allegations of Paragraph 7 of Plaintiff's Complaint.

8.      HMA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint and, therefore, denies these allegations.

9.      HMA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint and, therefore, denies these allegations.

2ECE1968-4B77-4C45-BC35-DC30FF44DF76 : 000002 of 000010

ANS : 000002 of 000010

10.      With respect to Paragraph 10 of Plaintiff's Complaint, HMA incorporates as if fully set forth herein its responses to all preceding allegations of Plaintiff's Complaint.

11.      With respect to Paragraph 11 of Plaintiff's Complaint, HMA admits that it marketed and distributed the subject Hyundai vehicle, VIN 5NMZUDLB8HH008827. HMA denies the remaining allegations in Paragraph 11.

12.      HMA denies the allegations of Paragraphs 12, 13, 14, 15, 16, 17, and 18 of Plaintiff's Complaint.

13.      With respect to Paragraph 19 of Plaintiff's Complaint, HMA incorporates as if fully set forth herein its responses to all preceding allegations of Plaintiff's Complaint.

14.      With respect to Paragraph 20 of Plaintiff's Complaint, HMA denies that Tim Short "designed or manufactured" the subject Hyundai vehicle.  HMA is without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint and, therefore, denies these allegations.

15.      HMA denies the allegations of Paragraphs 21 and 22 of Plaintiff's Complaint.

16.      With respect to Paragraph 23 of Plaintiff's Complaint, HMA denies that Tim Short was the "designer or manufacturer" of the subject Hyundai vehicle.  HMA is without sufficient information to form a belief as to the truth of the remaining

3

allegations contained in Paragraph 23 of Plaintiff's Complaint and, therefore, denies these allegations.

17.     HMA denies the allegations of Paragraphs 24 and 25 of Plaintiff's Complaint.

18.     HMA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraphs 26 and 27 of Plaintiff's Complaint and, therefore, denies these allegations.

19.     HMA denies the allegations in the unlabeled Prayer for Relief in Plaintiff's Complaint (including all its subparts).

20.     All allegations contained in Plaintiff's Complaint not specifically admitted above are denied.  All allegations of product defect, breach of warranty, or negligence directed to HMA are also denied.

## SECOND DEFENSE

21.     Plaintiff has failed to state a claim upon which relief can be granted in whole or in part.

## THIRD DEFENSE

22.     Danny McCown, Jr failed to exercise ordinary care in the use and operation of the subject Hyundai vehicle at the time and place of the subject accident and such failure on his part was the sole cause or, in the alternative, a substantial factor in causing the accident and the injuries allegedly sustained by Plaintiff.  Accordingly, HMA is not liable to Plaintiff or, alternatively, fault should be apportioned to Danny McCown, Jr in accordance with KRS 411.182.

## FOURTH DEFENSE

23.     If discovery reveals that the negligent acts or omissions of others for whom HMA is not responsible were the sole cause, or in the alternative, a substantial factor in causing the accident and the injuries allegedly sustained by Plaintiff, then HMA is not liable to Plaintiff, or alternatively, fault should be apportioned in accordance with KRS 411.182.

## FIFTH DEFENSE

24.     HMA is entitled to the benefit of the presumption set forth in KRS 411.310(2).

## SIXTH DEFENSE

25.     HMA pleads each provision and defense of the Kentucky Products Liability Act, KRS 411.310, *et. seq.*, as affirmative defenses to the claims alleged in Plaintiff's Complaint.

## SEVENTH DEFENSE

26.     If discovery reveals that, at the time and place in question, the subject vehicle and its components were not in their original, unaltered and unmodified condition, then HMA is not liable to Plaintiff.

## EIGHTH DEFENSE

27.     Plaintiff's claims, in whole or in part, are preempted and/or barred by applicable federal and/or state statutes, rules, standards or regulations, including but not limited to the Federal Motor Vehicle Safety Act.

**NINTH DEFENSE**

28.     Plaintiff's claims are barred in whole or in part by the lack of a defect, as the subject vehicle was properly designed and manufactured in accordance with the applicable standard of care and in compliance with all standards for design, inspection, testing, manufacturing, labeling, warning or instructions for use in and applicable to the subject vehicle.

**TENTH DEFENSE**

29.     The subject vehicle met or exceeded all Federal Motor Vehicle Safety Standards in effect at the time of its sale.  The act of exceeding the appropriate Federal Motor Vehicle Safety Standards should be prima facie evidence of the non-defectiveness of the subject vehicle.

**ELEVENTH DEFENSE**

30.     If discovery reveals that Plaintiff failed to mitigate the claimed damages, then HMA is not liable to Plaintiff or Plaintiff's recovery, if any, should be reduced accordingly.

**TWELFTH DEFENSE**

31.     Plaintiff's claims must fail because there is no duty to warn or protect against open and obvious conditions.

**THIRTEENTH DEFENSE**

32.     To the extent Plaintiff has received no-fault insurance benefits or other benefits to which the payor is subrogated, Plaintiff is not the owner of such claims and the amounts claimed herein must be reduced accordingly.

## FOURTEENTH DEFENSE

33.    Plaintiff's claims for breach of express and implied warranty must fail as a matter of law because there is no privity of contract between Plaintiff and HMA.

## FIFTEENTH DEFENSE

34.    The only warranty provided with the purchase of the subject vehicle was the express written limited warranty provided by HMA. All other warranties were expressly and validly disclaimed and all of HMA's obligations under the express written limited warranty were fully performed or had expired by its terms.

## SIXTEENTH DEFENSE

35.    To the extent applicable, HMA relies upon Kentucky's Uniform Commercial Code, KRS 355.1-010, *et seq.*

## SEVENTEENTH DEFENSE

36.    Plaintiff's injuries and damages, if any, are not the result of any act or omission of HMA but, rather, result from the misuse of the subject vehicle, which misuse bars Plaintiff from any recovery against HMA.

## EIGHTEENTH DEFENSE

37.    Plaintiff's Complaint fails to allege facts sufficient to support a claim for punitive damages against HMA.

## NINETEENTH DEFENSE

38.    Plaintiff's claim for punitive damages against HMA is barred by the provisions of KRS 411.184 and 411.186.

7

## TWENTIETH DEFENSE

39.    Plaintiff's claim for punitive damages against HMA cannot be sustained because an award of punitive damages under Kentucky law by a jury that (1) is not provided constitutionally adequate standards of sufficient clarity for determining appropriate imposition of, and the appropriate size of, a punitive damages award, (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, (5) is not properly instructed regarding Plaintiff's burden of proof with respect to each and every element of the claim for punitive damages, and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate HMA's due process and equal protection rights guaranteed by the Constitutions of the United States and the Commonwealth of Kentucky.  Additionally and alternatively, Plaintiff's claim for punitive damages against HMA cannot be sustained because an award of punitive damages under Kentucky law subject to no predetermined limits on the amount of punitive damages a Court or jury may impose would violate HMA's due process rights guaranteed by the Constitutions of the United States and the

Commonwealth of Kentucky.  Further, the imposition of punitive damages in this matter would violate HMA's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and applicable provisions of the Kentucky Constitution.

## TWENTY-FIRST DEFENSE

40.     HMA reserves the right to amend its Answer and to add any and all other affirmative defenses under CR 8.03 as discovery proceeds.

WHEREFORE, having fully answered, the Defendant, Hyundai Motor America demands that Plaintiff's Complaint be dismissed with prejudice, that it recover its costs herein expended, that it be granted leave to amend this pleading as the discovery, proof and additional pleadings may require, and for all other proper relief to which it may now or hereafter appear to be entitled, including trial by jury.

Respectfully submitted,

/s/David T. Schaefer
David T. Schaefer
Anne K. Guillory
Christopher L. Jackson
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
Phone: (502) 581-8000
Fax:  (502) 581-8111
david.schaefer@dinsmore.com
anne.guillory@dinsmore.com
christopher.jackson@dinsmore.com
*Counsel for Defendant,*
*Hyundai Motor America*

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was filed by the Kentucky Court of Justice eFiling system and served via U.S. Mail, first-class postage prepaid, upon the following this 31st day of July, 2020:

Glenn M. Hammond
Glenn M. Hammond Law Office
P.O. Box 1109
5476 North Mayo Trail
Pikeville, KY 41502
Phone: 606-437-7777
Fax: 606-437-1004
*Counsel for Plaintiff*

Tim Short Chrysler Dodge, Jeep, Ram
Fiat of Pikeville d/b/a Tim Short Pikeville, LLC
c/o FBT LLC
250 W. Main Street
Suite 2800
Lexington, Ky. 40507
*Defendant*

           __/s/David T. Schaefer_____
           *Counsel for Defendant,*
           *Hyundai Motor America*

16685473.1

2ECE1968-4B77-4C45-BC35-DC30FF44DF76 : 000010 of 000010

ANS : 000010 of 000010

Filed                    20-CI-00412    09/14/2020    Douglas R. Hall, Floyd Circuit Clerk    NOT ORIGINAL DOCUMENT
09/15/2020 09:21:09 AM
88910-94

COMMONWEALTH OF KENTUCKY
FLOYD CIRCUIT COURT
DIVISION I
CIVIL ACTION NO. 20-CI-00412

DANNY MCCOWN, JR.                                                    PLAINTIFF

v.

HYUNDAI MOTOR AMERICA ET AL.                                         DEFENDANTS

## ANSWER AND DEFENSES OF TIM SHORT PIKEVILLE, LLC

Defendant Tim Short Pikeville, LLC ("Tim Short"), incorrectly named as Tim Short

Chrysler, Dodge, Jeep, Ram, Fiat of Pikeville d/b/a Tim Short Pikeville, LLC, for its Answer to

the Complaint of Plaintiff Danny McCown, Jr. ("Plaintiff" or "McCown"), hereby states as

follows:

1.       Tim Short is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 1 of Plaintiff's Complaint and, therefore, it denies

them.

2.       Tim Short is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 2 of Plaintiff's Complaint and, therefore, it denies

them.

3.       In response to paragraph 3 of Plaintiff's Complaint, Tim Short admits it does

business in the Commonwealth of Kentucky and has a principal office at 100 Deskins Drive,

Pikeville, Kentucky 41501. Tim Short affirmatively states that Tim Short Chrysler Dodge Jeep

Ram Fiat of Pikeville is an assumed name of Tim Short but is not a legal entity capable of being

sued. In further response, Tim Short denies it designed or manufactured the 2017 Hyundai Santa

Fe at issue in this action ("Vehicle") and denies it marketed and/or distributed the Vehicle to

Plaintiff. Tim Short further denies that any alleged marketing and/or distribution of the Vehicle by

ANS : 000001 of 000013

Filed          20-CI-00412   09/14/2020          Douglas R. Hall, Floyd Circuit Clerk          NOT ORIGINAL DOCUMENT
09/15/2020 09:21:09 AM
88910-94

Tim Short was wrongful, unlawful, or in any way leads to liability on the part of the Tim Short. Tim Short denies the remaining allegations in paragraph 3, if any.

4.      The allegations in paragraph 4 of Plaintiff's Complaint are not addressed to Tim Short and, therefore, no response is required. To the extent a response is required, Tim Short is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and, therefore, it denies them.

5.      The allegations in paragraph 5 of Plaintiff's Complaint call for legal conclusions and, therefore, no response is required. To the extent a response is required, Tim Short is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and, therefore, it denies them.

6.      Tim Short is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint and, therefore, it denies them.

7.      The allegations in paragraph 7 of Plaintiff's Complaint call for legal conclusions and, therefore, no response is required. To the extent a response is required, Tim Short is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and, therefore, it denies them.

8.      Tim Short is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and, therefore, it denies them. Tim Short specifically denies it is liable for Plaintiff's alleged injuries, if any.

9.      The allegations in paragraph 9 of Plaintiff's Complaint call for legal conclusions and, therefore, no response is required. To the extent a response is required, Tim Short is without

2

ANS : 000002 of 000013

Filed                      20-CI-00412    09/14/2020              Douglas R. Hall, Floyd Circuit Clerk        NOT ORIGINAL DOCUMENT
                                                                                                              09/15/2020 09:21:09 AM
                                                                                                              88910-94

knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and, therefore, it denies them.

## <u>RESPONSE TO "FIRST CAUSE OF ACTION"</u>[1]

10.     Tim Short fully incorporates its preceding responses to the allegations in Plaintiff's Complaint.

11.     The allegations in paragraph 11 of Plaintiff's Complaint are not addressed to Tim Short and, therefore, no response is required. To the extent a response is required, Tim Short is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and, therefore, it denies them.

12.     The allegations in paragraph 12 of Plaintiff's Complaint are not addressed to Tim Short and, therefore, no response is required. To the extent a response is required, Tim Short is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and, therefore, it denies them.

13.     The allegations in paragraph 13 of Plaintiff's Complaint are not addressed to Tim Short and, therefore, no response is required. To the extent a response is required, Tim Short is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and, therefore, it denies them.

14.     The allegations in paragraph 14 of Plaintiff's Complaint are not addressed to Tim Short and, therefore, no response is required. To the extent a response is required, Tim Short is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and, therefore, it denies them.

---

[1] For ease of organization and reference, the numbering and headings used in Plaintiff's Complaint are followed herein. They are not, however, admitted or conceded as being accurate or true.

Filed                      20-CI-00412    09/14/2020              Douglas R. Hall, Floyd Circuit Clerk

ANS : 000003 of 000013

Filed                    20-CI-00412     09/14/2020                                                      NOT ORIGINAL DOCUMENT
                                                                                                         09/15/2020 09:21:09 AM
                                                                                                         88910-94

15.     The allegations in paragraph 15 of Plaintiff's Complaint are not addressed to Tim Short and, therefore, no response is required. To the extent a response is required, Tim Short is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and, therefore, it denies them.

16.     The allegations in paragraph 16 of Plaintiff's Complaint are not addressed to Tim Short and, therefore, no response is required. To the extent a response is required, Tim Short is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and, therefore, it denies them.

17.     The allegations in paragraph 17 of Plaintiff's Complaint are not addressed to Tim Short and, therefore, no response is required. To the extent a response is required, Tim Short is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and, therefore, it denies them.

18.     The allegations in paragraph 18 of Plaintiff's Complaint are not addressed to Tim Short and, therefore, no response is required. To the extent a response is required, Tim Short is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and, therefore, it denies them.

## RESPONSE TO "SECOND CAUSE OF ACTION"

19.     Tim Short fully incorporates its preceding responses to the allegations in Plaintiff's Complaint.

20.     Tim Short denies each and every allegation in paragraph 20 of Plaintiff's Complaint.

21.     Tim Short is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and, therefore, it denies them.

ANS : 000004 of 000013

Filed                20-CI-00412     09/14/2020        Douglas R. Hall, Floyd Circuit Clerk     NOT ORIGINAL DOCUMENT
09/15/2020 09:21:09 AM
88910-94

22.     Tim Short denies each and every allegation in paragraph 22 of Plaintiff's Complaint.

23.     Tim Short denies each and every allegation in paragraph 23 of Plaintiff's Complaint.

24.     Tim Short denies each and every allegation in paragraph 24 of Plaintiff's Complaint.

25.     Tim Short denies each and every allegation in paragraph 25 of Plaintiff's Complaint.

26.     Tim Short denies each and every allegation in paragraph 26 of Plaintiff's Complaint.

27.      Tim Short denies each and every allegation in paragraph 27 of Plaintiff's Complaint.

28.     The unnumbered paragraph beginning "**WHEREUPON**" constitutes a prayer for relief and calls for legal conclusions to which no responses are required. To the extent responses are required, Tim Short denies the entirety of the same and affirmatively states that Plaintiff is not entitled to recover against Tim Short for any amounts.

29.     Tim Short has sought in this Answer to respond to every averment in Plaintiff's Complaint. Any failure to respond to any averment was due to oversight, rather than any intention to admit the averment. Accordingly, Tim Short denies any averments in Plaintiff's Complaint not specifically admitted.

## AFFIRMATIVE AND OTHER DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses are or should be available to Tim Short in this matter. Therefore, Tim Short asserts these defenses in

ANS : 000005 of 000013

Filed                    20-CI-00412   09/14/2020                Douglas R. Hall, Floyd Circuit Clerk                NOT ORIGINAL DOCUMENT
09/15/2020 09:21:09 AM
88910-94

order to preserve the right to assert them. Upon completion of discovery, and if facts warrant, Tim Short may withdraw any of these defenses as may be appropriate. Further, Tim Short reserves the right to amend its Answer to assert additional defenses, cross-claims, counterclaims, and other claims and defenses as discovery proceeds, and in conformity with the Kentucky Rules of Civil Procedure and orders of this Court. Further answering and by way of additional defense, Tim Short states as follows:

## FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted and has failed to plead with the particularity required by law.

## SECOND DEFENSE

Plaintiff's claims should be barred, in whole or in part, for Plaintiff's failure to plead with specificity items of special damages as required by CR 9.06.

## THIRD DEFENSE

Plaintiff's claims are or may be barred by the applicable statute of limitations. In particular, Kentucky's one-year limitations period for product liability claims may bar Plaintiff's purported causes of action against Tim Short.

## FOURTH DEFENSE

Plaintiff's Complaint asserts jurisdiction under Kentucky Revised Statute (KRS) 304.39-060. Plaintiff's purported causes of action must be dismissed because they are not compensable under KRS 304.39-060.

## FIFTH DEFENSE

Plaintiff may be barred from bringing some of the claims alleged in the Complaint because Plaintiff may lack standing and/or capacity to bring such claims.

ANS : 000006 of 000013

6

Filed 20-CI-00412 09/14/2020 Douglas R. Hall, Floyd Circuit Clerk NOT ORIGINAL DOCUMENT
09/15/2020 09:21:09 AM
88910-94

## SIXTH DEFENSE

Plaintiff may have failed to join indispensable parties or real parties in interest necessary for the just adjudication of this matter.

## SEVENTH DEFENSE

Plaintiff's purported causes of action may have been improperly joined under the Kentucky Rules of Civil Procedure and applicable case law. Improper joinder of Plaintiff's claims against Tim Short would violate Tim Short's procedural and substantive due process rights under the Constitutions of the United States of America, the Kentucky Constitution, and the Kentucky Rules of Civil Procedure.

## EIGHTH DEFENSE

Tim Short is not liable as a matter of law for any alleged injuries resulting from the use of a product not designed or manufactured by Tim Short.

## NINTH DEFENSE

Plaintiff's purported causes of action against Tim Short are barred because Tim Short has not caused any damage to Plaintiff.

## TENTH DEFENSE

Plaintiff's purported causes of action against Tim Short are barred and/or preempted under federal statutes and regulations, including, without limitation, the Federal Motor Safety Act.

## ELEVENTH DEFENSE

Plaintiff's purported causes of action are preempted in whole or in part by Plaintiff's failure to assert a safer design for the product at issue.

ANS : 000007 of 000013

Filed 20-CI-00412 09/14/2020 Douglas R. Hall, Floyd Circuit Clerk

Filed 20-CI-00412 09/14/2020 Douglas R. Hall, Floyd Circuit Clerk NOT ORIGINAL DOCUMENT 09/15/2020 09:21:09 AM 88910-94

## TWELFTH DEFENSE

Plaintiff's purported causes of action against Tim Short are barred because Tim Short did not manufacture, develop, or design the Vehicle. In the event that Tim Short is deemed responsible for marketing and/or distributing the Vehicle, Tim Short did not market and/or distribute the Vehicle to Plaintiff. In any event, Tim Short is entitled to a presumption that the Vehicle is/was free from any defect or defective condition because the plans or design for the Vehicle or the methods and techniques of manufacturing, inspecting, and testing the Vehicle were in conformity with government standards established for the industry that were in existence at the time the plans or designs for the product at issue or the methods and techniques of manufacturing, inspecting, and testing the product at issue were adopted.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Vehicle was not defectively manufactured or designed. Further, Tim Short is entitled to the benefit of each of the presumptions set forth in in the Kentucky Product Liability Act, including, without limitation, KRS 411.310(2).

## FOURTEENTH DEFENSE

Plaintiff knowingly and voluntarily assumed any and all risks associated with the use of the Vehicle, thus the assumption of the risk doctrine bars the damages that Plaintiff seeks to recover herein.

## FIFTEENTH DEFENSE

Any express or implied warranties alleged to have been made by Tim Short were disclaimed.

ANS : 000008 of 000013

Filed 20-CI-00412 09/14/2020 Douglas R. Hall, Floyd Circuit Clerk

Filed                    20-CI-00412   09/14/2020                Douglas R. Hall, Floyd Circuit Clerk          NOT ORIGINAL DOCUMENT
                                                                                                    09/15/2020 09:21:09 AM
                                                                                                    88910-94

## SIXTEENTH DEFENSE

Tim Short did not breach any express or implied warranties and/or breach any warranties created by law. To the extent that Plaintiff relies on any theory of breach of warranty, such claims are barred by applicable law and/or by the lack of privity between Plaintiff and Tim Short and/or Plaintiff's failure to give Tim Short timely notice of the alleged breach of warranty and an opportunity to cure. Tim Short specifically pleads as to any breach of warranty claim all affirmative defenses available to Tim Short under the Uniform Commercial Code, as enacted in Kentucky or any other state whose law is deemed to apply in this case, and under the common law principles of Kentucky or any other state whose law is deemed to apply in this case.

## SEVENTEENTH DEFENSE

Plaintiff's purported causes of action against Tim Short are barred because the Vehicle was not subject to a recall for the defect(s) that Plaintiff alleges.

## EIGHTEENTH DEFENSE

Plaintiff had a duty to mitigate damages, if any, and to the extent Plaintiff failed to do so, Plaintiff's damages must be reduced accordingly. By way of example, following the Vehicle being purchased from Tim Short, the owner and/or users of the Vehicle may have had a duty to check for Vehicle recalls and submit the Vehicle for recall maintenance and repair as appropriate.

## NINETEENTH DEFENSE

Plaintiff may have been contributorily or comparatively negligent due to Plaintiff's failure to use the degree of care that would have been used by an ordinary, reasonable, and prudent person under the same or similar circumstances, and that Plaintiff's own negligence, acts, or omissions proximately caused, or were a substantial factor in causing, any damages alleged in Plaintiff's Complaint.

ANS : 000009 of 000013

9

Filed                    20-CI-00412    09/14/2020                    Douglas R. Hall, Floyd Circuit Clerk                    NOT ORIGINAL DOCUMENT
09/15/2020 09:21:09 AM
88910-94

## TWENTIETH DEFENSE

The injuries and damages about which Plaintiff complains, if any, were caused or brought about by the active and primary negligence, or the intervening or superseding negligence, of third parties over whom Tim Short had no control and for which Tim Short has no liability, or by incidents other than the one at issue in this action.

## TWENTY-FIRST DEFENSE

The injuries and damages claimed by the Plaintiff were caused, in whole or in part, by actions or omissions of others for whose conduct Tim Short is not responsible.

## TWENTY-SECOND DEFENSE

The negligence of others, if any, was active and primary in causing the injuries and damages, if any, about which Plaintiff complains, and if Tim Short is adjudged liable, others are primarily liable. In the event Tim Short is held liable to Plaintiff, which liability is expressly denied, and any other parties, or persons who may become parties, are also held liable, Tim Short is entitled to a percentage contribution of the total liability from said parties and/or persons who may become parties in accordance with principles of equitable indemnity and comparative contribution and pursuant to any applicable contribution or apportionment statute, law, policy, or doctrine.

## TWENTY-THIRD DEFENSE

Recovery of any punitive damages from Tim Short is barred by the prohibition against excessive fines contained in the Eighth Amendment to the United States Constitution, by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and by the Kentucky Constitution.

ANS : 000010 of 000013

10

Filed Case: 7:20-cv-00152-REW-EBA Doc #: 1-1 Filed: 12/02/20 Page: 32 of 150 - Page ID#:
43
NOT ORIGINAL DOCUMENT
09/15/2020 09:21:09 AM
88910-94

### TWENTY-FOURTH DEFENSE

To the extent Plaintiff seeks punitive damages, Plaintiff's Complaint fails to establish the essential elements of fraud, oppression, and malice required under KRS 411.184 and KRS 411.186, and Plaintiff is, therefore, not entitled to punitive or exemplary damages against Tim Short as a matter of law.

### TWENTY-FIFTH DEFENSE

To the extent Plaintiff seeks punitive damages, Tim Short specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damages awards that arose in court decisions considering KRS 411.184 or another relevant statutes, including, without limitation, *State Farm Mutual Auto Insurance Company v. Campbell*, 538 U.S. 408 (2003); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *BMW of North America v. Gore*, 116 U.S. 1589 (1996), and Kentucky case law adopting those decisions.

### TWENTY-SIXTH DEFENSE

Tim Short hereby adopts and incorporates by reference, as if set forth in full herein, all defenses identified in Kentucky Civil Rule (CR) 8.03, to the extent that any such defenses may become applicable to this case and/or as they may later be revealed throughout the course of discovery in this action.

### TWENTY-SEVENTH DEFENSE

Tim Short pleads and relies upon every defense and condition afforded under the Kentucky Product Liability Act (KRS 411.300 *et seq.*), and Tim Short pleads and relies upon the same as a complete bar to Plaintiff's purported causes of action.

ANS : 000011 of 000013

11

Filed                                  12/14/2020                     Douglas R. Hall, Floyd Circuit Clerk      NOT ORIGINAL DOCUMENT
09/15/2020 09:21:09 AM
88910-94

## TWENTY-EIGHTH DEFENSE

Plaintiff's purported causes of action are or may be barred, in whole or in part, by the doctrines of accord and satisfaction, payment, release, risk, forfeiture, laches, unclean hands, waiver, estoppel, or statutory and regulatory compliance.

## TWENTY-NINTH DEFENSE

Any recovery by Plaintiff must be reduced or offset by all amounts paid, payable by, or available from collateral sources.

## THIRTIETH DEFENSE

Tim Short reserves the right to amend its Answer to assert any additional defenses and matters in avoidance that may be disclosed during the course of additional investigation and discovery.

WHEREFORE, having fully answered, Tim Short respectfully requests the following:

1.      That Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take nothing in this action;

2.      Its attorneys' fees, costs, and expenses;

3.      Any and all other relief to which Tim Short may appear entitled or which this Court may deem just and proper.

Respectfully submitted,

*/s/* Nolan M. Jackson
Susan J. Pope
Wade H. ("Jeff") Jefferson IV
Nolan M. Jackson
Frost Brown Todd LLC
250 West Main Street, Suite 2800
Lexington, Kentucky 40507-1749
Tel.: (859) 231-0000
Fax: (859) 231-0011
spope@fbtlaw.com

ANS : 000012 of 000013

Filed                    20-CI-00412      09/14/2020                     Douglas R. Hall, Floyd Circuit Clerk

Filed          20-CI-00412   09/14/2020          Douglas R. Hall, Floyd Circuit Clerk          NOT ORIGINAL DOCUMENT
09/15/2020 09:21:09 AM
88910-94

jjefferson@fbtlaw.com
njackson@fbtlaw.com
*Counsel for Defendant*
*Tim Short Pikeville, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 14th day of September, 2020, a true and correct copy of the foregoing was filed using the Court's e-filing system, which will provide electronic notice of filing to all persons registered to receive such notice, and served via electronic mail and/or regular mail upon the following:

Glenn M. Hammond
Glenn M. Hammond Law Office
P.O. Box 1109
5476 North Mayo Trail
Pikeville, Kentucky 41502
*Counsel for Plaintiff*
*Danny McCown, Jr.*

David T. Schaefer
Anne K. Guillory
Christopher L. Jackson
Dinsmore & Shohl LLP
1010 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
david.schaefer@dinsmore.com
anne.guillory@dinsmore.com
christopher.jackson@dinsmore.com
*Counsel for Defendant*
*Hyundai Motor America*

*/s/* Nolan M. Jackson
*Counsel for Defendant*
*Tim Short Pikeville, LLC*

0125065.0735673   4836-7670-7274v3

ANS : 000013 of 000013

COMMONWEALTH OF KENTUCKY
FLOYD CIRCUIT COURT
DIVISION I
CIVIL ACTION NO. 20-CI-00412

DANNY MCCOWN, JR.                                                    PLAINTIFF

v.

HYUNDAI MOTOR AMERICA ET AL.                                DEFENDANTS

**TIM SHORT PIKEVILLE, LLC'S FIRST SET OF
REQUESTS FOR ADMISSION TO PLAINTIFF**

Pursuant to Kentucky Rules of Civil Procedure 26, 33, 34, and 36, Defendant Tim Short

Pikeville, LLC ("Tim Short"), incorrectly named as Tim Short Chrysler, Dodge, Jeep, Ram, Fiat

of Pikeville d/b/a Tim Short Pikeville, LLC, hereby serves the following Requests for Admission

("Discovery Requests") upon Plaintiff Danny McCown, Jr.

Pursuant to the Kentucky Rules of Civil Procedure and other applicable law, you are

directed to answer separately, under oath, each of the following Requests for Admission in writing

and within the time prescribed by the Kentucky Rules of Civil Procedure.

In answering these Discovery Requests, all information is to be divulged that is within the

knowledge, possession, or control of you, your agents, representatives, employees, officers,

directors, accountants, attorneys, and other persons subject to their control, or that which may be

reasonably ascertained by you or them. You may be required to supplement your initial answers

to these Discovery Requests consistent with the Kentucky Rules of Civil Procedure.

## INSTRUCTIONS AND DEFINITIONS

1.      Each Discovery Request is to be answered separately.

2.      A Discovery Request asking you to "state with particularity," "explain in detail,"

"describe with particularity," "describe in detail," or "state specifically," or using a substantially

similar phrase, seeks disclosure of each fact, circumstance, condition, and thing known to you about the subject of the Discovery Request containing the phrase.

3.     The terms "Danny McCown, Jr.," "Plaintiff," "McCown," "You," or "Your" shall mean Plaintiff Danny McCown, Jr., as well as his personal representatives and agents and any person or entity acting on behalf of Danny McCown, Jr.

4.     "Document" shall mean: (i) every writing or recording of every type or description, including all means by which human communication is transmitted or stored, however produced or reproduced, that is, or has been in your possession, control, or custody, or of which you have knowledge, including, but not limited to, agreements, contracts, correspondence, telegrams, memoranda, stenographic or handwritten notes, emails, text messages, studies, calendar or diary entries, charts, informational accumulations, magnetic or phonographic recordings, tape recordings, computer records and other electronically stored information, communications, drawings, photographs, vouchers, invoices, cancelled checks, publications, statements, books, pamphlets, pictures, models, reports, records, diaries, worksheets, surveys, minutes, statistical computations, tabulations, financial statements, or any other writing or record; (ii) drafts of any of the foregoing however produced or reproduced, or any copy thereof when the original is not in your possession, control, or custody; (iii) every copy thereof where such copy is not an identical copy of the original, or such copy contains any commentary or notation whatsoever that does not appear on the original; and (iv) any materials underlying, supporting, or used in the preparation thereof.

5.     In responding to these Discovery Requests, you are to obtain and review all documents and information in your possession, custody, or control, wherever located, including documents and information within the possession, custody, or control of your agents,

representatives, employees, officers, directors, accountants, attorneys, and other persons subject to their control.

6.      In responding to these Discovery Requests, you are to label your answers and organize the documents that you produce in a manner indicating the respective Discovery Request to which the answer or documents are responsive.

7.      In responding to these Discovery Requests, you are to produce responsive data in its native format. For transactional account activity, provide the transactional data in an electronic spreadsheet format, such as Microsoft Excel, or a format that is easily converted to spreadsheet format (*e.g.*, comma delimited, space delimited, or tab delimited text files). For records that must be provided in an image format, such as .pdf, "print" or "save" the records to .pdf instead of scanning the records to .pdf to allow conversion of .pdf files into a usable format.

8.      If any document identified by you is no longer in your possession, custody, or control, or if any document providing information relevant to an answer or request is no longer in your possession, custody, or control, you are requested to state the following:

      a.      The author of the document;

      b.      The title of the document;

      c.      When such document was made;

      d.      What was done with the document;

      e.      The identity and address of the current custodian of the document;

      f.      The person who made the decision to transfer or dispose of the document;

      g.      The reasons for the transfer or disposal of the document; and

      h.      A summary of the content of the document.

9.  When asked to "identify,"

   a.  In reference to an individual, you are requested to state:

      (1)  His or her full name;

      (2)  Present or last known home address and telephone number;

      (3)  Present or last known business address and telephone number; and

      (4)  Present or last known occupation, employer, and job title or description (indicating, in each instance, whether the information provided is "current" or "last known").

   b.  In reference to a corporation, business entity, or an organization of any kind, you are requested to state:

      (1)  Its full legal name;

      (2)  Its state of incorporation or organization (if applicable);

      (3)  The address of its principal place of business and its telephone number;

   c.  In reference to a document, you are requested to state:

      (1)  The type of document (*e.g.*, letter, memorandum, or handwritten note);

      (2)  Its date and length;

      (3)  The identity of its author(s) and its recipient(s);

      (4)  Any title and/or serial or file number appearing on the document;

      (5)  The identity of its present custodian;

      (6)  Its present location;

      (7)  A brief description of its subject matter; and

(8)     If any such document was, but is no longer, in your possession or control, or is no longer in existence, provide the information requested above in Instruction No. 8 except where duplicative.

10.     If any Discovery Request cannot be answered fully, an answer as full as possible should be provided.

11.     Where anything has been deleted or redacted from a document produced in response to a Discovery Request, you are requested to:

a.     Specify the nature of the material deleted or redacted;

b.     Specify the reason for the deletion or redaction; and

c.     Identify the person responsible for the deletion or redaction.

12.     If you choose to withhold any documents requested by the Requests for Production of Documents on the ground of privilege or similar objections, you are requested to provide the following information: date of document, type of document, author of document, addressee or recipient, present location, custodian, number of pages, subject, general description of document, privilege claimed, and any other pertinent information necessary to permit the Court to determine the validity of your objection or claim of privilege.

13.     If an objection is made to any Discovery Request, you are requested to provide the reasons for the objection or the objectionable portion of the request and answer separately and fully every Discovery Request or portion thereof to which no objection is made.

14.     The term "communication" as used herein includes any form of imparting, conferring, or delivering knowledge, opinions, or facts from one person to another, directly or indirectly, including, but not limited to, any communication by document, oral conversations,

electronic mail, text messages, letters, voicemails, correspondence, notes, audiotapes, videotapes, and messages.

15.     The term "person" means an individual, firm, corporation, partnership, limited partnership, limited liability company, sole proprietorship, joint venture, incorporated association, trust, and any other legal, business, regulatory, or governmental entity.

16.     The terms "refer to" and "relate to" or any derivative thereof, mean about, concerning, responding to, pertaining to, connected with, comprising, memorializing, commenting on, regarding, discussing, showing, describing, reflecting, analyzing, or constituting.

17.     The term "Incident" shall mean the accident alleged in the Complaint, which is alleged to have occurred on or about July 7, 2019.

18.     The term "Vehicle" shall mean the 2017 Hyundai Santa Fe alleged to be involved in the Incident.

19.      The term "Complaint" shall mean the complaint filed in the Civil Action on or about July 7, 2020.

20.     The term "Civil Action" shall mean the above-captioned lawsuit, which is currently pending as Case No. 20-CI-00412 in Division I of the Floyd Circuit Court, Floyd County, Kentucky.

21.     All terms used herein but not defined shall have the meanings ascribed them in the Complaint.

22.     Whenever used herein, in order to effect the broadest possible response to any request for information or production of documents: the singular includes the plural and the plural includes the singular; the words "and" and "or" are both conjunctive and disjunctive; the word

"all" means "any and all"; the word "any" means "any and all"; and the word "including" means "including without limitation."

23.     Unless otherwise stated or unless otherwise required by the context of the Request in order to provide a complete response, the timeframe for providing a complete response and responsive documents to these Discovery Requests is from 2017 to the present.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:**  Admit that Tim Short did not cause any damage to you.

**RESPONSE:**

**REQUEST NO. 2:**  Admit you did not purchase the Vehicle from Tim Short.

**RESPONSE:**

**REQUEST NO. 3:**  Admit you did not enter into any contract with Tim Short for or related to the Vehicle.

**RESPONSE:**

**REQUEST NO. 4:**  Admit you did not own the Vehicle at the time of the Incident.

**RESPONSE:**

**REQUEST NO. 5:**  Admit you are not claiming that Tim Short is responsible for a defect in the design of the Vehicle.

**RESPONSE:**

**REQUEST NO. 6:**  Admit you are not claiming that Tim Short is responsible for a defect in the manufacturing of the Vehicle.

**RESPONSE:**

**REQUEST NO. 7:**  Admit you are not claiming that Tim Short did not warn you about a defect in the Vehicle.

**RESPONSE:**

**REQUEST NO. 8:**  Admit you are not claiming that Tim Short breached a warranty related to the Vehicle.

**RESPONSE:**

**REQUEST NO. 9:**  Admit you have no evidence that Tim Short manufactured, developed, or designed the Vehicle.

**RESPONSE:**

**REQUEST NO. 10:**  Admit you have no evidence that Tim Short improperly tested or inspected the Vehicle.

**RESPONSE:**

**REQUEST NO. 11:**  Admit you have no evidence that Tim Short improperly marketed, distributed, or sold the Vehicle.

**RESPONSE:**

**REQUEST NO. 12:**  Admit you have no evidence that Tim Short failed to warn you about any known or foreseeable hazard associated with the Vehicle.

**RESPONSE:**

**REQUEST NO. 13:**  Admit that Tim Short did not make any warranties to you concerning the Vehicle.

**RESPONSE:**

**REQUEST NO. 14:**  Admit you have no evidence that Tim Short did not disclaim all warranties concerning the Vehicle.

**RESPONSE:**

**REQUEST NO. 15:**  Admit you were aware, at the time of the Incident, of the possibility that the Vehicle could roll backwards while in a parked position.

**RESPONSE:**

**REQUEST NO. 16:**  Admit you were aware, at the time of the Incident, of the known risks of standing or lying down behind a motor vehicle.

**RESPONSE:**

**REQUEST NO. 17:**  Admit the Vehicle was not in a parked position at the time of the Incident.

**RESPONSE:**

**REQUEST NO. 18:**  Admit the Vehicle was not subject to recall for backwards-roll tendencies or parked position defects at the time of the Incident.

**RESPONSE:**

**REQUEST NO. 19:**  Admit you have no evidence that the Vehicle was subject to recall for any of the defects that you attribute to the Vehicle in the Complaint.

**RESPONSE:**

**REQUEST NO. 20:**  Admit you were at fault, in whole or in part, for the damages you allegedly suffered as a result of the Incident.

**RESPONSE:**

**REQUEST NO. 21:**  Admit you have done nothing to minimize or lessen the damages you allegedly suffered as a result of the Incident.

**RESPONSE:**

Respectfully submitted,

_____

Susan J. Pope
Wade H. ("Jeff") Jefferson IV
Nolan M. Jackson
Frost Brown Todd LLC
250 West Main Street, Suite 2800
Lexington, Kentucky 40507-1749
Tel.: (859) 231-0000
Fax: (859) 231-0011
spope@fbtlaw.com
jjefferson@fbtlaw.com
njackson@fbtlaw.com
*Counsel for Defendant*
*Tim Short Pikeville, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 8th day of October, 2020, a true and correct copy of the foregoing was served via regular mail and/or electronic mail upon the following:

Glenn M. Hammond
Glenn M. Hammond Law Office
P.O. Box 1109
5476 North Mayo Trail
Pikeville, Kentucky 41502
gmhlaw@hotmail.com
*Counsel for Plaintiff*
*Danny McCown, Jr.*

David T. Schaefer
Anne K. Guillory
Christopher L. Jackson
Dinsmore & Shohl LLP
1010 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
david.schaefer@dinsmore.com
anne.guillory@dinsmore.com
christopher.jackson@dinsmore.com
*Counsel for Defendant*
*Hyundai Motor America*

_____
*Counsel for Defendant*
*Tim Short Pikeville, LLC*

4831-6613-9598v2

11

COMMONWEALTH OF KENTUCKY
FLOYD CIRCUIT COURT
CIVIL ACTION NO. 20-CI-412

DANNY MCCOWN, JR                                                                    PLAINTIFF

v.          **HYUNDAI MOTOR AMERICA'S FIRST SET OF**
**INTERROGATORIES AND REQUESTS FOR PRODUCTION**
**OF DOCUMENTS PROPOUNDED TO PLAINTIFF**

HYUNDAI MOTOR AMERICA AND
TIM SHORT CHRYSLER DODGE, JEEP, RAM,
FIAT OF PIKEVILLE d/b/a TIM SHORT
PIKEVILLE, LLC                                                                     DEFENDANTS

*   *   *   *

Defendant, Hyundai Motor America ("HMA"), by counsel, propounds and serves the following interrogatories and requests upon Plaintiff, Danny McCown, Jr, to be responded to fully and under oath by said Plaintiff within thirty (30) days from date of service.  Said discovery requests are propounded pursuant to Civil Rules 33.01 and 34.01 and are to be used for all purposes recognized under the Kentucky Rules of Civil Procedure.  Each and every interrogatory and request is of a continuing nature to the extent provided by Civil Rule 26.01 and shall be supplemented by the Plaintiff if Plaintiff obtains further information directly or indirectly of the nature sought herein between the time of response to these requests and the time of trial.

**DEFINITIONS**

The following definitions shall have the following meanings, unless the context requires otherwise:

1. The words "you" and "your" refer to the Plaintiff, Danny McCown, Jr, and any other person acting or purporting to act on his behalf, including but not

limited to, attorneys, attorneys-in-fact, investigators, representatives, agents or employees.

2.  The term "accident" or "incident" refers to the incident that occurred on or about July 7, 2019, as alleged in your Complaint.

3.  The term "subject vehicle" refers to the 2017 Hyundai Santa Fe, VIN 5NMZUDLB8HH008827, involved in the accident which is the subject of this suit.

## **INTERROGATORIES**

1.      Please state your full name and all names previously used, date of birth, Social Security number, current address and all addresses used in the past ten years, dates of all marriages, names and ages of all children, your educational background, and provide a brief summary of your employment within the past ten years.

**ANSWER**:

2.      Please provide your height and weight as of the date of the accident.

**ANSWER**:

3.      Please provide the provider, account number, brand, model and telephone number of any cellular telephone(s) owned or used by you on the accident date.

**ANSWER:**

4.      Please provide all account, user, and/or handle names for any social-media accounts, including but not limited to Facebook, Twitter, Flickr, Myspace etc., used by you from January 1, 2019 up to and including the present time.

**ANSWER**

2

5.      Please describe specifically and in detail how the accident occurred, including, but not limited to, your recollection of the details of the accident and the events immediately before and after the accident.

**ANSWER:**

6.      State each fact and matter of opinion upon which you base the allegations of manufacturing defect set forth in paragraphs 13 and 15 of the Complaint, describing specifically each defect; how each such defect was a substantial factor in causing or enhancing your alleged injuries and damages; the names and addresses of all persons having knowledge of such facts or opinions, indicating which facts or opinions each such witness is believed to possess; identify all documents or other tangible evidence that you believe support such claim, and the source or author of all facts or matters of opinion upon which you base said allegations.

**ANSWER**:

7.      State each fact and matter of opinion upon which you base the allegations of inadequate warnings or instructions set forth in paragraph 16 of the Complaint, describing specifically each warning or instruction you allege was inadequate; how each such allegedly inadequate warning or instruction was a substantial factor in causing or enhancing your alleged injuries and damages; the names and addresses of all persons having knowledge of such facts or opinions, indicating which facts or opinions each such witness is believed to possess; identify all documents or other tangible evidence that you

3

believe support such claim, and the source or author of all facts or matters of opinion upon which you base said allegations.

**ANSWER:**

8.     State each fact and matter of opinion upon which you base the allegations of design defect set forth in paragraph 13 and 15 of the Complaint, describing specifically each defect; how each such defect was a substantial factor in causing or enhancing your alleged injuries and damages; the alternative design that you allege should have been adopted; the names and addresses of all persons having knowledge of such facts or opinions, indicating which facts or opinions each such witness is believed to possess; identify all documents or other tangible evidence that you believe support such claim, and the source or author of all facts or matters of opinion upon which you base said allegations.

**ANSWER:**

9.     State each fact and matter of opinion upon which you base the allegations of negligence set forth in paragraph 15 of the Complaint, describing specifically each negligent act or omission; how each such act or omission was a substantial factor in causing or enhancing your alleged injuries and damages; the names and addresses of all persons having knowledge of such facts or opinions, indicating which facts or opinions each such witness is believed to possess; identify all documents or other tangible evidence that you believe support such claim, and the source or author of all facts or matters of opinion upon which you base said allegations.

4

**<u>ANSWER:</u>**

10.     State each fact and matter of opinion upon which you base the allegations of breach of express or implied warranty set forth in paragraph 14 of the Complaint, describing specifically each warranty and breach; how each such breach was a substantial factor in causing or enhancing your alleged injuries and damages; the names and addresses of all persons having knowledge of such facts or opinions, indicating which facts or opinions each such witness is believed to possess; identify all documents or other tangible evidence that you believe support such claim, and the source or author of all facts or matters of opinion upon which you base said allegations.

**<u>ANSWER:</u>**

11.     State each fact and matter of opinion upon which you base the allegations of gross negligence set forth in paragraph 18 of the Complaint, describing specifically each act of gross negligence; how each such act of gross negligence was a substantial factor in causing or enhancing your alleged injuries and damages; the names and addresses of all persons having knowledge of such facts or opinions, indicating which facts or opinions each such witness is believed to possess; identify all documents or other tangible evidence that you believe support such claim, and the source or author of all facts or matters of opinion upon which you base said allegations.

**<u>ANSWER:</u>**

12.     If it is your contention that the subject vehicle failed to comply with a specific applicable statute, safety code, standard, administrative regulation, custom, engineering practice or the "state of the art of automotive safety," state specifically and in detail what statute, safety code, standard, administrative regulation, custom, or engineering practice or "state of the art of automotive safety" was not complied with, give the section, paragraph, edition, or source of same, and state how such alleged failure caused or contributed to cause the accident or injuries, in the context of the specific subject accident.

**ANSWER:**

13.     With regard to any expert who may be called as a witness at the trial on your behalf, state his or her name, address, telephone number, expert qualifications, and, in addition thereto, state separately the subject matter upon which each such expert is expected to testify, state separately the detailed substance of the facts and opinions to which each such expert is expected to testify and state separately a summary of the grounds for each opinion of each expert with a listing of all documentation supporting the substance of said grounds.

**ANSWER**:

14.     Have you, or has anyone on your behalf, performed any inspections, tests, experiments, or simulations with regard to any matter in issue in this litigation?  If so, state when and where all such inspections, tests, experiments, or simulations were performed,

6

by whom they were performed, and the results of all such inspections, tests, experiments, or simulations.

**ANSWER**:

15.     Please identify by name and address all persons or entities who currently have or had possession or custody of, or have inspected, the subject vehicle between the time of the subject accident and the present time, providing the respective periods of time each such person or entity had possession or custody of, or access to, the subject vehicle.

**ANSWER**:

16.     Identify any modifications, alterations, damage, any testing whatsoever, destruction or replacements to the subject vehicle that may have occurred between the time of the subject accident and the present time, and please provide the names and addresses of each person or entity who caused or allowed such alteration, testing or damage to occur; the date any such alteration, testing or damage occurred; and the reason or reasons it occurred.

**ANSWER**:

17.     Indicate whether you spoke to or gave a statement to any law enforcement officer, public agency, public entity, health care professional or emergency medical technician concerning any aspect of the accident.  If so, state how soon after the accident each statement was given; state the location where you gave each statement; identify each person present when each statement was given; and if oral, state the substance of the statement.

7

**ANSWER:**

18.     Please identify any law enforcement officer, public agency, public entity, health care professional or emergency medical service that responded to the subject accident.

**ANSWER:**

19.     Other than persons listed by you in response to the interrogatories above, list the names and addresses of all other witnesses who have knowledge concerning the facts or circumstances before or after the accident in question, or the condition of the subject vehicle at any time relevant hereto, or the purchase of the subject vehicle, and state briefly what facts or knowledge each such witness is believed to possess; and the names and addresses of all other persons who may be called as a witness to testify on your behalf at the trial of this case, and state briefly what facts or knowledge each such person is believed to possess.

**ANSWER**:

20.     Describe in detail all injuries that you claim to have sustained as a result of the subject accident, including the present condition of each injury, including any soft tissue injury, soreness or abrasions, no matter how minor.

**ANSWER**:

21.     Pursuant to CR 8.01(2), please set forth the amounts of damages, if any, you seek for the following:  pain and suffering; past medical expenses; future medical

expenses; lost wages; impairment of the ability to labor and earn money; punitive damages; and any other element of damages claimed in this action.

**ANSWER:**

22.     Identify by name and address each healthcare professional, hospital and healthcare facility you consulted or where you treated for any injuries or conditions resulting from this accident.

**ANSWER**:

23.     Please identify, by name and current address, all insurance companies, persons and/or other entities from whom you have received benefits or payments of any nature as a result of the injuries that you sustained as a result of the accident in question, and provide an itemization of the amounts of such benefits or payments.

**ANSWER**:

24.     If you have ever applied for Social Security Disability Insurance, provide date of application(s); a description of the injury(ies) claimed in the application(s); whether the claim was denied and, if so, the date the denial of benefits was issued; the reason for the denial stated by the Social Security Administration; whether the denial of benefits was appealed and, if so, the date of the appeal; and whether the denial of benefits was reversed.

**ANSWER:**

25.     If Social Security Disability Insurance (SSDI) benefits were awarded to you, provide the date of such award; the beginning date that the SSDI benefits covered; the

time period for which such benefits were paid; a description of the injury or injuries claimed that resulted in the award; and the date the injury occurred for which SSDI was awarded.

**ANSWER:**

26.     Are you now, or have you ever been, a Medicare beneficiary?  If so, please provide the date when you first became eligible, the amount of Medicare benefits received, the date these benefits were received, and your Medicare health insurance claim number ("HICN").

**ANSWER:**

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to CR 34.01, you are requested to produce and permit inspection and copying of the following documents or tangible things, other than those which have been previously produced, within thirty (30) days after service hereof:

1.     All documents or tangible things used to answer the above Interrogatories.

**RESPONSE:**

2.     All reports of the incident which is the basis of this suit.

**RESPONSE:**

3.     All photographs, slides, motion pictures, films, or videotapes of the subject vehicle or the subject accident.

**RESPONSE:**

4.     Any exemplar vehicle or components used, tested, or studied by you or anyone on your behalf.

**RESPONSE:**

5.     All photographs, slides, motion pictures, films, or videotapes of any exemplar vehicle used, tested, or studied by you or anyone on your behalf.

**RESPONSE:**

6.     All photographs, slides, motion pictures, films, or videotapes of the scene where the incident occurred.

**RESPONSE:**

7.     All other photographs, videotapes, motion pictures, x-rays, slides, animations, or illustrations which may be used at the trial of this case.

**RESPONSE:**

8.     Any and all insurance agreements issued by any persons or organizations, including Medicare or Medicaid, providing insurance coverage of any kind or character for any alleged injuries, damages, or losses you incurred as a result of the incident in question.

**RESPONSE:**

9.     All call logs, phone records and billing records for the month of July 2019 for the cellular telephone(s) identified in your Answer to Interrogatory Number 3.

**RESPONSE:**

11

10. Copies of all text messages, emails and voicemail messages, including images, videos and all attachments sent from or received by the cellular telephone(s) identified in your Answer to Interrogatory Number 3 or via the internet, related in any way to the subject accident or making reference to the events leading up to the subject accident, or related to the context of the subject accident or its consequences, at any time.

**RESPONSE:**

11. All diaries, calendars, or any lists or notes kept by you regarding the incident in question and/or events thereafter.

**RESPONSE:**

12. Any and all entries, comments, and messages posted on or communicated through social-media accounts, including but not limited to Facebook, Twitter, Flickr, Myspace etc., regarding the incident in question or any of its consequences.

**RESPONSE:**

13. Any and all documents received from any law enforcement or regulatory agency of the federal or state governments relating to the subject matter of your action against HMA.

**RESPONSE:**

14. Any and all newspaper, magazine, or other articles or publications relating to HMA, any other Hyundai entity, the subject vehicle, the subject accident, or other issues in this case which are relevant to the subject matter of this suit.

12

**RESPONSE:**

15.     Any government documents or studies pertaining to this vehicle or similar vehicles which you contend are relevant to this suit.

**RESPONSE:**

16.     All public records and/or reports pertaining to the events, transactions, or occurrences which are the basis of this suit or that you may seek to introduce at trial.

**RESPONSE:**

17.     Any and all documents relating to other lawsuits, claims, and/or complaints of injury involving any HMA vehicle that you or your attorneys claim to be substantially similar to this lawsuit and/or otherwise relevant to the suit.

**RESPONSE:**

18.     Any and all documents of any other manufacturer that you or any of your experts contend are relevant to this case.

**RESPONSE:**

19.     All relevant government and industry publications that you may utilize or offer at trial.

**RESPONSE:**

20.     All demand letters, claims, notice letters, and other writings reflecting requests made by you upon any person, insurance company, corporation, organization, or governmental entity including HMA for claims, payments, or benefits, of any kind or

character sought in connection with or as a result of the incident in question, and Plaintiff's alleged injuries and damages.

**RESPONSE:**

21.     Any and all documents, instructions, manuals, brochures, literature, or other materials relating to the purchase and/or operation and use of the subject vehicle.

**RESPONSE:**

22.     All other documents, if any, received by you from HMA or any other Hyundai entity which relate to or concern the subject vehicle, its component parts or accessories, or any other Hyundai vehicles.

**RESPONSE:**

23.     All documents which evidence or relate to any maintenance, service, repairs, or attempted repairs, modifications or other work or replacements, performed on or recommended for the subject vehicle.

**RESPONSE:**

24.     Any and all documents or records of any kind whatsoever pertaining to any tests, study, investigation, inspection, or analysis of the subject vehicle, any exemplar vehicle, or any part, component, or assembly of the subject vehicle or exemplar vehicle.

**RESPONSE:**

25.     All treatises, studies, references, reports or publications to be relied upon by any expert witness designated by you or which you claim to be authoritative on the disputed issues in this case.

**RESPONSE:**

26.     All documents or records of any kind evidencing damages you claim you sustained as a result of the incident.

**RESPONSE:**

27.     Copies of employment and wage records for all jobs you have worked at any time prior to the accident and for all years since the accident.  If any of these documents are not currently in your possession, please execute the attached Authorization for Release of Employment/Personnel Records and Information (Exhibit A).

**RESPONSE:**

28.     Copies of your state and federal income tax returns, if any, for the five (5) years preceding the accident and a copy of any state and federal income tax returns filed since the accident.  If any of these documents are not currently in your possession, please execute the attached Requests for Transcript of Tax Return (Exhibit B).

**RESPONSE:**

29.     All documents, including images of any kind,  concerning, involving or in any way related to any injury that you claim is or was related to the accident, including and without limitation any document involving or in any way concerning the injury, treatment for the injury, hospitalization for the injury, reimbursement for any expenses

15

arising from the injury, the present status of the injury, and the permanency of the injury, as well as any temporary soft tissue injury such as bruises, abrasions and other minor injuries.   If any of these documents are not currently in your possession, you may comply with this request by executing the attached Authorization for Release of Medical/Billing Information (Exhibit C).

**RESPONSE:**

30.     All medical records or documents concerning, involving or in any way related to your medical history for the past ten (10) years other than for any personal injury you claim arises from the accident, including without limitation any document concerning, involving or in any way related to any illness, injury, hospitalization, treatment by any health care provider, or reimbursement for any expenses related to your medical history.  If any of these documents are not currently in your possession, you may comply with this request by executing Exhibit C, as referenced above.

**RESPONSE:**

31.     Please execute the attached Social Security Administration Consent for Release of Information (Exhibit D).

**RESPONSE:**

32.     All written records which pertain to, reflect, or describe any alternative designs of the subject vehicle or any part or component thereof which you allege to be better, safer, more suitable for use, and/or which you allege should have been utilized

in part or in whole on the subject vehicle rather than the design utilized and which would have reduced or prevented the injury sustained by the injured plaintiff.

**RESPONSE:**

33.     Any and all ambulance run reports arising out of the incident.

**RESPONSE:**

34.     All written or recorded statements made by any person related to the incident or this lawsuit.

**RESPONSE:**

35.     All transcripts of recorded statements made by any person related to the incident or this lawsuit.

**RESPONSE:**

36.     The actual audiotape, videotape, or other means of recording or storing a recorded statement made by any person related to the incident or lawsuit.

**RESPONSE:**

37.     Please provide a copy of your Medicare card(s).

**RESPONSE:**

38.     Any correspondence with The Center for Medicare and Medicaid Services and any Recovery Contractors that identifies, discusses or documents conditional payment amounts allegedly related to your claim for damages.

**RESPONSE:**

39.     Any and/or all correspondences or other documents providing Medicare lien information, including all Conditional Payment Letters (CPL).

**<u>RESPONSE:</u>**

40.     Please provide a copy of the health insurance card(s) for any health insurance policy(ies) that have paid benefits to you or on your behalf for any medical treatment that you claim to be related to this accident.

**<u>RESPONSE:</u>**

41.     Please provide a properly executed CMS Consent for Release form (attached as Exhibit E).

**<u>RESPONSE:</u>**

42.     Please provide a properly executed Medicare Attestation form (attached as Exhibit F).

**<u>RESPONSE:</u>**

43.     All exhibits which may be introduced at trial on your behalf.

**<u>RESPONSE:</u>**

44.     All documents, memoranda, notes, films, photographs, videotapes, diagrams, reports, treatises, or other information provided or shown to any person expected to be called as an expert witness at the trial of this case.

**<u>RESPONSE:</u>**

Respectfully submitted,


_/s/David T. Schaefer_____
David T. Schaefer
Anne K. Guillory
Christopher L. Jackson
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
Phone: (502) 581-8000
Fax:  (502) 581-8111
david.schaefer@dinsmore.com
anne.guillory@dinsmore.com
christopher.jackson@dinsmore.com
*Counsel for Defendant,*
*Hyundai Motor America*


## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was served via U.S. mail to the following this 31st day of July, 2020:

Glenn M. Hammond
Glenn M. Hammond Law Office
P.O. Box 1109
5476 North Mayo Trail
Pikeville, KY 41502
Phone: 606-437-7777
Fax: 606-437-1004
*Counsel for Plaintiff*

Tim Short Chrysler Dodge, Jeep, Ram
Fiat of Pikeville d/b/a Tim Short Pikeville, LLC
c/o FBT LLC
250 W. Main Street
Suite 2800
Lexington, Ky. 40507
*Defendant*

                                             \_\_\_/s/David T. Schaefer_____

                                             *Counsel for Defendant,*
                                             *Hyundai Motor America*

16686468.1

## CMS CONSENT FOR RELEASE

The language below should be used when you, a Medicare beneficiary, want to authorize someone other than your attorney or other representative to receive information, including identifiable health information, from the Centers for Medicare & Medicaid Services (CMS) related to your liability insurance (including self-insurance), no-fault insurance or workers' compensation claim.

I, _____ (print your name exactly as shown on your Medicare card) hereby authorize the CMS, its agents and/or contractors to release, upon request, information related to my injury/illness and/or settlement for the specified date of injury/illness to the individual and/or entity listed below:

## CHECK ONLY ONE OF THE FOLLOWING TO INDICATE WHO MAY RECEIVE INFORMATION AND THEN PRINT THE REQUESTED INFORMATION:

(If you intend to have your information released to more than one individual or entity, complete a separate release for each one.)

( ) Insurance Company ( ) Workers' Compensation Carrier (X) Other: Attorney

Name of entity:                    DINSMORE & SHOHL LLP

Contact for above entity:          David T. Schaefer

Address:                           101 S. Fifth Street, Suite 2500 Louisville, KY 40202

Telephone:                         (502) 540-2300

## CHECK ONE OF THE FOLLOWING TO INDICATE HOW LONG CMS MAY RELEASE YOUR INFORMATION  (The period you check will run from when you sign and date below.):

( ) One Year            (X) Two Years         ( ) Other_____
                                              (Provide a specific period of time)

I understand that I may revoke this "consent to release information" at any time, in writing.

## MEDICARE BENEFICIARY INFORMATION AND SIGNATURE:

Beneficiary Signature: _____ Date signed: _____

Note: If the beneficiary is incapacitated, the submitter of this document will need to include documentation establishing the authority of the individual signing on the beneficiary's behalf. Please visit www.msprc.info for further instructions.

Medicare Health Insurance claim Number (The number on your Medicare card.): _____

Date of Injury/Illness: _____

## AUTHORIZATION FOR DISCLOSURE OF EMPLOYMENT INFORMATION

To:


Re:     Name:          **DANNY McCOWN JR.**

          Date of Birth:          _____

          Social Security No:  _____

For informational purposes pertaining to civil litigation, I authorize and request the Custodian of Records to disclose, furnish and release to DAVID T. SCHAEFER and the agents of designees of the law firm of Dinsmore & Shohl LLP, 101 South Fifth Street, Suite 2500, Louisville, Kentucky 40202, any and all employment information regarding the above named individual, whether created before or after the date of signature.  This authorization should also be construed to permit DAVID T. SCHAEFER and the agents or designees of the law firm of Dinsmore & Shohl LLP to copy, inspect and review any and all such records.  Records requested may include, but are not limited to:

All applications for employment, resumes, records of all positions held, job descriptions of positions held, payroll records, W-2 forms and W-4 forms, performance evaluations and reports, statements and reports of fellow employees, attendance records, worker's compensation files; fitness for duty evaluations, routine drug testing; any records pertaining to medical or disability claims, or work-related accidents including correspondence, accident reports, injury reports and incident reports; insurance claim forms, questionnaires and records of payments made; pension records, disability benefit records, and all records regarding participation in company-sponsored health, dental, life and disability insurance plans; and any other records concerning employment with the above-named entity.

This release is intended to be complete and all-inclusive as to any item you have in your possession or control relating to the individual identified above.

Unless otherwise revoked, this authorization shall be valid for the period of the litigation in the case of ***Danny McCown Jr. v. Hyundai Motor America & Tim Short Chrysler Dodge, Jeep, Ram, Fiat of Pikeville d/b/a Tim Short Pikeville, LLC., Floyd Circuit Court, Civil Action No. 20-CI-412***.  In addition, a copy of this authorization may be used in place of the original.

I understand I have the right to revoke this authorization at any time.  If I decide to revoke this authorization I must do so in writing to the individual or organization listed above as authorized to make the disclosure.  I understand the revocation will not apply to the information that has already been released in response to this authorization.

Date:  _____          Signature: _____
                                                          Danny McCown

Date:  _____          Witness:_____

## <u>AUTHORIZATION FOR DISCLOSURE OF MEDICAL INFORMATION</u>

*Pursuant to 45 C.F.R. 164.508*

To:  _____

Re:  Patient Name: **DANNY McCOWN, JR.**
    Date of Birth:
    Social Security No.:

For purposes pertaining to civil litigation, I authorize and request the Custodian of Records to disclose, furnish and release to DAVID T. SCHAEFER, and the agents or designees of the law firm of Dinsmore & Shohl LLP, 101 South Fifth Street, Suite 2500, Louisville, KY 40202, any and all medical and hospital records, including those that may contain protected health information (PHI) regarding the above named individual, whether created before or after the date of signature. This authorization should also be construed to permit DAVID T. SCHAEFER, and the agents or designees of the law firm of Dinsmore & Shohl LLP to copy, inspect and review any and all such records.

Records requested may include, but are not limited to:

> all medical records, physicians' records, office records, surgeons' records, psychological and psychiatric information, consultant's reports, x-rays, CT scans, MRI films, photographs, and other radiological records or films, pathology materials, slides, tissues, physicals and histories, laboratory reports, operating room records, discharge summaries, progress notes, patient intake forms, consultations, prescriptions, nurses' notes, vital statistic records, communicable disease testing and treatment records, correspondence, prescription and medication records, therapists' notes, social workers' records, insurance records, consent for treatment, statements of account, itemized bills, invoices, and any other papers relating to any examination, diagnosis, treatment, periods of hospitalization, or stays of confinement, or documents containing information regarding amendment of protected health information (PHI) in the medical records.

I understand that the information in these health records may include information relating to sexually transmitted diseases, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse.

Unless otherwise revoked, this authorization shall be valid for the period of the litigation in *Danny McCown Jr. v. Hyundai Motor America & Tim Short Chrysler Dodge, Jeep, Ram, Fiat of Pikeville d/b/a Tim Short Pikeville, LLC., Floyd Circuit Court, Civil Action No. 20-CI-412*, including any appeals. In addition, a copy of this authorization may be used in place of the original.

I understand I have the right to revoke this authorization at any time. If I decide to revoke this authorization I must do so in writing to the individual or organization listed above as authorized to make the disclosure. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand the covered entity identified above may not condition treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization.

I understand I may inspect or copy the information to be used or disclosed, as provided in C.F.R. 164.524. I understand any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal or state confidentiality rules.

_____  Date:  _____
Signature of **Danny McCown, Jr.**

## MEDICARE BENEFICIARY ATTESTATION

In Re:   ***Danny McCown Jr. v. Hyundai Motor America & Tim Short Chrysler Dodge, Jeep, Ram, Fiat of Pikeville d/b/a Tim Short Pikeville, LLC., Floyd Circuit Court, Civil Action No. 20-CI-412***.

The undersigned certifies that the information provided is truthful and accurate as of the date effective besides their signature.

The Centers for Medicare & Medicaid Services (CMS) is the federal agency that oversees the Medicare program. Many Medicare beneficiaries have other insurance in addition to their Medicare benefits. Sometimes, Medicare is supposed to pay after the other insurance. However, if certain other insurance delays payment, Medicare may make a "conditional payment" so as not to inconvenience the beneficiary, and recover after the other insurance pays.

Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 (MMSEA), a new federal law that became effective January 1, 2009, requires that liability insurers (including self-insurers), no-fault insurers, and workers' compensation plans report specific information about Medicare beneficiaries who have other insurance coverage. This reporting is to assist CMS and other insurance plans to properly coordinate payment of benefits among plans so that your claims are paid promptly and correctly.

We are asking you to the answer the questions below so that we may comply with this law.

Please review this picture of the Medicare card to determine if you have, or have ever had, a similar Medicare card.



**Section I**

| Are you presently, or have you ever been, enrolled in Medicare Part A or Part B? | | | | | | | | | | | | | | ☐Yes | | ☐No | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| *If yes, please complete the following. If no, proceed to Section II.* | | | | | | | | | | | | | | | | | |
| **Full Name:** *(Please print the name exactly as it appears on your SSN or Medicare card if available.)* | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | |
| **Medicare Claim Number:** | | | | | | | | | | **Date of Birth** (Mo/Day/Year) | | | - | | | - | |
| **Social Security Number:** *(If Medicare Claim Number is Unavailable)* | | | | - | | - | | | **Sex** | | ☐Female | | | ☐Male | | | |

**Section II**

I understand that the information requested is to assist the requesting insurance arrangement to accurately coordinate benefits with Medicare and to meet its mandatory reporting obligations under Medicare law.

_____     _____
Claimant Name (Please Print)                              Claim Number

_____
Name of Person Completing This Form If Claimant is Unable (Please Print)

_____     _____
Signature of Person Completing This Form              Date

*If you have completed Sections I and II above, stop here. If you are refusing to provide the information requested in Sections I and II, proceed to Section III.*

**Section III**

_____     _____
**Claimant Name (Please Print)**                    **Claim Number**

For the reason(s) listed below, I have not provided the information requested. I understand that if I am a Medicare beneficiary and I do not provide the requested information, I may be violating obligations as a beneficiary to assist Medicare in coordinating benefits to pay my claims correctly and promptly.

<u>**Reason(s) for Refusal to Provide Requested Information**</u>:

_____

_____

_____

_____

_____     _____
**Signature of Person Completing This Form**        **Date**

Social Security Administration
**Consent for Release of Information**

Form Approved
OMB No. 0960-0566

**Instructions for Using this Form**

Complete this form only if you want us to give information or records about you, a minor, or a legally incompetent adult, to an individual or group (for example, a doctor or an insurance company).  If you are the natural or adoptive parent or legal guardian, acting on behalf of a minor child, you may complete this form to release only the minor's non-medical records.  We may charge a fee for providing information unrelated to the administration of a program under the Social Security Act.

**NOTE:** Do not use this form to:

• Request the release of medical records on behalf of a minor child.  Instead, visit your local Social Security office or call our toll-free number, 1-800-772-1213 (TTY-1-800-325-0778), or

• Request detailed information about your earnings or employment history.  Instead, complete and mail form SSA-7050-F4. You can obtain form SSA-7050-F4 from your local Social Security office or online at www.ssa.gov/online/ssa-7050.pdf.

**How to Complete this Form**

We will not honor this form unless all required fields are completed.  An asterisk (*) indicates a required field.  Also, we will not honor blanket requests for "any and all records" or the "entire file."  You must specify the information you are requesting and you must sign and date this form.  We may charge a fee to release information for non-program purposes.

• Fill in your name, date of birth, and social security number or the name, date of birth, and social security number of the person to whom the requested information pertains.

• Fill in the name and address of the person or organization where you want us to send the requested information.

• Specify the reason you want us to release the information.

• Check the box next to the type(s) of information you want us to release including the date ranges, where applicable.

• You, the parent or the legal guardian acting on behalf of a minor child or legally incompetent adult, must sign and date this form and provide a daytime phone number.

• If you are not the individual to whom the requested information pertains, state your relationship to that person.  We may require proof of relationship.

<div align="center">

**PRIVACY ACT STATEMENT**

</div>

Section 205(a) of the Social Security Act, as amended, authorizes us to collect the information requested on this form.  We will use the information you provide to respond to your request for access to the records we maintain about you or to process your request to release your records to a third party.  You do not have to provide the requested information.  Your response is voluntary; however, we cannot honor your request to release information or records about you to another person or organization without your consent. We rarely use the information provided on this form for any purpose other than to respond to requests for SSA records information. However, the Privacy Act (5 U.S.C. § 552a(b)) permits us to disclose the information you provide on this form in accordance with approved routine uses, which include but are not limited to the following:

1.To enable an agency or third party to assist Social Security in establishing rights to Social Security benefits and or coverage;
2.To make determinations for eligibility in similar health and income maintenance programs at the Federal, State, and local level;
3.To comply with Federal laws requiring the disclosure of the information from our records; and,
4.To facilitate statistical research, audit, or investigative activities necessary to assure the integrity of SSA programs.

We may also use the information you provide when we match records by computer.  Computer matching programs compare our records with those of other Federal, State, or local government agencies.  We use information from these matching programs to establish or verify a person's eligibility for Federally-funded or administered benefit programs and for repayment of incorrect payments or overpayments under these programs. Additional information regarding this form, routine uses of information, and other Social Security programs is available on our Internet website, www.socialsecurity.gov, or at your local Social Security office.

<div align="center">

**PAPERWORK REDUCTION ACT STATEMENT**

</div>

This information collection meets the requirements of 44 U.S.C. § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget control number.  We estimate that it will take about 3 minutes to read the instructions, gather the facts, and answer the questions. **SEND OR BRING THE COMPLETED FORM TO YOUR LOCAL SOCIAL SECURITY OFFICE.  You can find your local Social Security office through SSA's website at** www.socialsecurity.gov.  **Offices are also listed under U.S. Government agencies in your telephone directory or you may call 1-800-772-1213 (TTY 1-800-325-0778).**  You may send comments on our time estimate above to: SSA, 6401 Security Blvd., Baltimore, MD 21235-6401. ***Send only comments relating to our time estimate to this address, not the completed form.***

**Form SSA-3288** (07-2013) EF (07-2013) Destroy Prior Editions

Social Security Administration

**Consent for Release of Information**

Form Approved
OMB No. 0960-0566

You must complete all required fields.  We will not honor your request unless all required fields are completed.  (*signifies a required field).

**TO:  Social Security Administration**

Danny McCown Jr.

| **\*My Full Name** | **\*My Date of Birth (MM/DD/YYYY)** | **\*My Social Security Number** |
|---|---|---|

I authorize the Social Security Administration to release information or records about me to:

**\*NAME OF PERSON OR ORGANIZATION:**

David T. Schaefer/Christopher Jackson/Lori McCloud

**\*ADDRESS OF PERSON OR ORGANIZATION:**

Dinsmore & Shohl, LLP

101 South Fifth Street, Suite 2500

Louisville, KY  40202

**\*I want this information released because:**  Litigation
 We may charge a fee to release information for non-program purposes.

**\*Please release the following information selected from the list below:**

You must specify the records you are requesting by checking at least one box.  We will not honor a request for "any and all records" or "my entire file."  Also, we will not disclose records unless you include the applicable date ranges where requested.

1. [x] Social Security Number
2. [x] Current monthly Social Security benefit amount
3. [x] Current monthly Supplemental Security Income payment amount
4. [x] My benefit or payment amounts from date 1/2007 to date Present
5. [x] My Medicare entitlement from date 1/2007 to date Present
6. [x] Medical records from my claims folder(s) from date 1/2007 to date Present
    If you want us to release a minor child's medical records, do not use this form.  Instead, contact your local Social Security office.
7. [x] Complete medical records from my claims folder(s)
8. [x] Other record(s) from my file **(you must specify the records you are requesting, e.g., doctor report, application, determination or questionnaire)**

    Please include all records including but not limited to doctor reports, applications, determinations, questionnaires, hearing transcripts, audio and/or video files, and any correspondence.

**I am the individual, to whom the requested information or record applies, or the parent or legal guardian of a minor, or the legal guardian of a legally incompetent adult.  I declare under penalty of perjury (28 CFR § 16.41(d)(2004)) that I have examined all the information on this form, and any accompanying statements or forms, and it is true and correct to the best of my knowledge.  I understand that anyone who knowingly or willfully seeks or obtain access to records about another person under false pretenses is punishable by a fine of up to $5,000.  I also understand that I must pay all applicable fees for requesting information for a non-program-related purpose.**

**\*Signature:** _____     **\*Date:** _____

**\*Address:**  24 JT Drive, Wheelwright, Kentucky 41669

**Relationship (if not the subject of the record):**                  **\*Daytime Phone:** _____

Witnesses must sign this form ONLY if the above signature is by mark (X). If signed by mark (X), two witnesses to the signing who know the signee must sign below and provide their full addresses. Please print the signee's name next to the mark (X) on the signature line above.

| 1.Signature of witness | 2.Signature of witness |
|---|---|
| Address(Number and street,City,State, and Zip Code) | Address(Number and street,City,State, and Zip Code) |

**Form SSA-3288** (07-2013) EF (07-2013)

Form **4506-T**
(March 2019)
Department of the Treasury
Internal Revenue Service

### Request for Transcript of Tax Return
► Do not sign this form unless all applicable lines have been completed.
► Request may be rejected if the form is incomplete or illegible.
► For more information about Form 4506-T, visit *www.irs.gov/form4506t.*

OMB No. 1545-1872

**Tip.** Use Form 4506-T to order a transcript or other return information free of charge. See the product list below. You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Get a Tax Transcript..." under "Tools" or call 1-800-908-9946. If you need a copy of your return, use **Form 4506, Request for Copy of Tax Return.** There is a fee to get a copy of your return.

| | |
|---|---|
| **1a** Name shown on tax return. If a joint return, enter the name shown first.<br><br>Danny McCown, Jr. | **1b** First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions) |
| **2a** If a joint return, enter spouse's name shown on tax return. | **2b** Second social security number or individual taxpayer identification number if joint tax return |

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions)

24 JT Drive, Wheelwright, Kentucky 41669

**4** Previous address shown on the last return filed if different from line 3 (see instructions)

**5a** If the transcript or tax information is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

David T. Schaefer/Christopher Jackson/Lori McCloud, Dinsmore & Shohl, LLP, 101 South Fifth Street, Suite 2500, Louisville, Kentucky 40202

**5b** Customer file number (if applicable) (see instructions)

**Caution:** If the tax transcript is being mailed to a third party, ensure that you have filled in lines 6 through 9 before signing. Sign and date the form once you have filled in these lines. Completing these steps helps to protect your privacy. Once the IRS discloses your tax transcript to the third party listed on line 5a, the IRS has no control over what the third party does with the information. If you would like to limit the third party's authority to disclose your transcript information, you can specify this limitation in your written agreement with the third party.

**6** **Transcript requested.** Enter the tax form number here (1040, 1065, 1120, etc.) and check the appropriate box below. Enter only one tax form number per request. ►     1040

**a** **Return Transcript,** which includes most of the line items of a tax return as filed with the IRS. A tax return transcript does not reflect changes made to the account after the return is processed. Transcripts are only available for the following returns: Form 1040 series, Form 1065, Form 1120, Form 1120-A, Form 1120-H, Form 1120-L, and Form 1120S. Return transcripts are available for the current year and returns processed during the prior 3 processing years. Most requests will be processed within 10 business days . . . . . . ☑

**b** **Account Transcript,** which contains information on the financial status of the account, such as payments made on the account, penalty assessments, and adjustments made by you or the IRS after the return was filed. Return information is limited to items such as tax liability and estimated tax payments. Account transcripts are available for most returns. Most requests will be processed within 10 business days . ☑

**c** **Record of Account,** which provides the most detailed information as it is a combination of the Return Transcript and the Account Transcript. Available for current year and 3 prior tax years. Most requests will be processed within 10 business days . . . ☑

**7** **Verification of Nonfiling,** which is proof from the IRS that you **did not** file a return for the year. Current year requests are only available after June 15th. There are no availability restrictions on prior year requests. Most requests will be processed within 10 business days . ☑

**8** **Form W-2, Form 1099 series, Form 1098 series, or Form 5498 series transcript.** The IRS can provide a transcript that includes data from these information returns. State or local information is not included with the Form W-2 information. The IRS may be able to provide this transcript information for up to 10 years. Information for the current year is generally not available until the year after it is filed with the IRS. For example, W-2 information for 2011, filed in 2012, will likely not be available from the IRS until 2013. If you need W-2 information for retirement purposes, you should contact the Social Security Administration at 1-800-772-1213. Most requests will be processed within 10 business days . ☑

**Caution:** If you need a copy of Form W-2 or Form 1099, you should first contact the payer. To get a copy of the Form W-2 or Form 1099 filed with your return, you must use Form 4506 and request a copy of your return, which includes all attachments.

**9** **Year or period requested.** Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than four years or periods, you must attach another Form 4506-T. For requests relating to quarterly tax returns, such as Form 941, you must enter each quarter or tax period separately.    12 / 31 / 2014    12 / 31 / 2015    / /    / /

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax information requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, 1 percent or more shareholder, partner, managing member, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506-T on behalf of the taxpayer. **Note:** This form must be received by IRS within 120 days of the signature date.

☑ **Signatory attests that he/she has read the attestation clause and upon so reading declares that he/she has the authority to sign the Form 4506-T.** See instructions.

Phone number of taxpayer on line 1a or 2a

**Sign Here**

▶    Signature (see instructions)        Date

▶    Title (if line 1a above is a corporation, partnership, estate, or trust)

    Spouse's signature        Date

**For Privacy Act and Paperwork Reduction Act Notice, see page 2.**      Cat. No. 37667N      Form **4506-T** (Rev. 3-2019)

Form 4506-T (Rev. 3-2019)

Page **2**

## Future Developments

For the latest information about Form 4506-T and its instructions, go to *www.irs.gov/form4506t*. Information about any recent developments affecting Form 4506-T (such as legislation enacted after we released it) will be posted on that page.

**What's New.** The transcripts provided by the IRS have been modified to protect taxpayers' privacy. Transcripts only display partial personal information, such as the last four digits of the taxpayer's Social Security Number. Full financial and tax information, such as wages and taxable income, is shown on the transcript.

A new optional Customer File Number field is available to use when requesting a transcript. You have the option of inputting a number, such as a loan number, in this field. You can input up to 10 numeric characters. The customer file number should not contain an SSN. This number will print on the transcript. The customer file number is an optional field and not required.

## General Instructions

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Purpose of form.** Use Form 4506-T to request tax return information. You can also designate (on line 5a) a third party to receive the information. Taxpayers using a tax year beginning in one calendar year and ending in the following year (fiscal tax year) must file Form 4506-T to request a return transcript.

**Note:** If you are unsure of which type of transcript you need, request the Record of Account, as it provides the most detailed information.

**Tip.** Use Form 4506, Request for Copy of Tax Return, to request copies of tax returns.

**Automated transcript request.** You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Get a Tax Transcript..." under "Tools" or call 1-800-908-9946.

**Where to file.** Mail or fax Form 4506-T to the address below for the state you lived in, or the state your business was in, when that return was filed. There are two address charts: one for individual transcripts (Form 1040 series and Form W-2) and one for all other transcripts.

If you are requesting more than one transcript or other product and the chart below shows two different addresses, send your request to the address based on the address of your most recent return.

## Chart for individual transcripts (Form 1040 series and Form W-2 and Form 1099)

| If you filed an individual return and lived in: | Mail or fax to: |
| --- | --- |
| Alabama, Kentucky, Louisiana, Mississippi, Tennessee, Texas, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team Stop 6716 AUSC Austin, TX 73301 <br><br> 855-587-9604 |
| Alaska, Arizona, Arkansas, California, Colorado, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma,  Oregon, South Dakota, Utah, Washington, Wisconsin, Wyoming | Internal Revenue Service RAIVS Team Stop 37106 Fresno, CA 93888 <br><br> 855-800-8105 |
| Connecticut, Delaware, District of Columbia, Florida, Georgia, Maine, Maryland, Massachusetts, Missouri, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Vermont, Virginia, West  Virginia | Internal Revenue Service RAIVS Team Stop 6705 S-2 Kansas City, MO 64999 <br><br> 855-821-0094 |

## Chart for all other transcripts

| If you lived in or your business  was in: | Mail or fax to: |
| --- | --- |
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maryland, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Jersey, New Mexico, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, Washington, West Virginia, Wisconsin, Wyoming, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 <br><br> 855-298-1145 |
| Maine, Massachusetts, New Hampshire, New York, Pennsylvania, Vermont | Internal Revenue Service RAIVS Team Stop 6705 S-2 Kansas City, MO 64999 <br><br> 855-821-0094 |

**Line 1b.** Enter your employer identification  number (EIN) if your request relates to a business return. Otherwise, enter the first social security number (SSN) or your individual taxpayer identification number (ITIN) shown on the return. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Line 3.** Enter your current address. If you use a P.O. box, include it on this line.

**Line 4.** Enter the address shown on the last return filed if different from the address entered on line 3.

**Note:** If the addresses on lines 3 and 4 are different and you have not changed your address with the IRS, file Form 8822, Change of Address. For a business address, file Form 8822-B, Change of Address or Responsible Party — Business.

**Line 5b.** Enter up to 10 numeric characters to create a unique customer file number that will appear on the transcript. The customer file number **should not** contain an SSN. Completion of this line is not required.

**Note.** If you use an SSN, name or combination of both, we will not input the information and the customer file number will be blank on the transcript.

**Line 6.** Enter only one tax form number per request.

**Signature and date.** Form 4506-T must be signed and dated by the taxpayer listed on line 1a or 2a. The IRS must receive Form 4506-T within 120 days of the date signed by the taxpayer or it will be rejected. Ensure that all applicable lines are completed before signing.



*You must check the box in the signature area to acknowledge you have the authority to sign and request the information. The form will not be processed and returned to you if the box is unchecked.*

**Individuals.** Transcripts of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506-T exactly as your name appeared on the original return. If you changed your name, also sign your current name.

**Corporations.** Generally, Form 4506-T can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer. A bona fide shareholder of record owning 1 percent or more of the outstanding stock of the corporation may submit a Form 4506-T but must provide documentation to support the requester's right to receive the information.

**Partnerships.** Generally, Form 4506-T can be signed by any person who was a member of the partnership during any part of the tax period requested on line 9.

**All others.** See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Note:** If you are Heir at law, Next of kin, or Beneficiary you must be able to establish a material interest in the estate or trust.

**Documentation.** For entities other than  individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the letters testamentary authorizing an individual to act for an estate.

**Signature by a representative.** A representative can sign Form 4506-T for a taxpayer only if the taxpayer has specifically delegated this authority to the representative on Form 2848, line 5. The representative must attach Form 2848 showing the delegation to Form 4506-T.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested tax information under the Internal Revenue Code. We need this information to properly identify the tax information and respond to your request. You are not required to request any transcript; if you do request a transcript, sections 6103 and 6109 and their regulations require you to provide this information, including your SSN or EIN. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the  information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form   4506-T will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 10 min.; **Preparing the form,** 12 min.; and **Copying, assembling, and sending the form to the IRS,**   20 min.

If you have comments concerning the  accuracy of these time estimates or suggestions for making Form 4506-T simpler, we would be happy to hear from you. You can write to:

Internal Revenue Service Tax Forms and Publications Division 1111 Constitution Ave. NW, IR-6526 Washington, DC 20224

Do not send the form to this address. Instead, see *Where to file* on this page.

Form **4506-T**
(March 2019)
Department of the Treasury
Internal Revenue Service

### Request for Transcript of Tax Return

▶ Do not sign this form unless all applicable lines have been completed.
▶ Request may be rejected if the form is incomplete or illegible.
▶ For more information about Form 4506-T, visit *www.irs.gov/form4506t.*

OMB No. 1545-1872

**Tip.** Use Form 4506-T to order a transcript or other return information free of charge. See the product list below. You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Get a Tax Transcript..." under "Tools" or call 1-800-908-9946. If you need a copy of your return, use **Form 4506, Request for Copy of Tax Return.** There is a fee to get a copy of your return.

**1a** Name shown on tax return. If a joint return, enter the name shown first.

Danny McCown, Jr.

**1b** First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions)

**2a** If a joint return, enter spouse's name shown on tax return.

**2b** Second social security number or individual taxpayer identification number if joint tax return

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions)

24 JT Drive, Wheelwright, Kentucky 41669

**4** Previous address shown on the last return filed if different from line 3 (see instructions)

**5a** If the transcript or tax information is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

David T. Schaefer/Christopher Jackson/Lori McCloud, Dinsmore & Shohl, LLP, 101 South Fifth Street, Suite 2500, Louisville, Kentucky 40202

**5b** Customer file number (if applicable) (see instructions)

**Caution:** If the tax transcript is being mailed to a third party, ensure that you have filled in lines 6 through 9 before signing. Sign and date the form once you have filled in these lines. Completing these steps helps to protect your privacy. Once the IRS discloses your tax transcript to the third party listed on line 5a, the IRS has no control over what the third party does with the information. If you would like to limit the third party's authority to disclose your transcript information, you can specify this limitation in your written agreement with the third party.

**6** **Transcript requested.** Enter the tax form number here (1040, 1065, 1120, etc.) and check the appropriate box below. Enter only one tax form number per request. ▶ 1040

**a** **Return Transcript,** which includes most of the line items of a tax return as filed with the IRS. A tax return transcript does not reflect changes made to the account after the return is processed. Transcripts are only available for the following returns: Form 1040 series, Form 1065, Form 1120, Form 1120-A, Form 1120-H, Form 1120-L, and Form 1120S. Return transcripts are available for the current year and returns processed during the prior 3 processing years. Most requests will be processed within 10 business days  . . . . . ☑

**b** **Account Transcript,** which contains information on the financial status of the account, such as payments made on the account, penalty assessments, and adjustments made by you or the IRS after the return was filed. Return information is limited to items such as tax liability and estimated tax payments. Account transcripts are available for most returns. Most requests will be processed within 10 business days  . ☑

**c** **Record of Account,** which provides the most detailed information as it is a combination of the Return Transcript and the Account Transcript. Available for current year and 3 prior tax years. Most requests will be processed within 10 business days  . . ☑

**7** **Verification of Nonfiling,** which is proof from the IRS that you **did not** file a return for the year. Current year requests are only available after June 15th. There are no availability restrictions on prior year requests. Most requests will be processed within 10 business days . ☑

**8** **Form W-2, Form 1099 series, Form 1098 series, or Form 5498 series transcript.** The IRS can provide a transcript that includes data from these information returns. State or local information is not included with the Form W-2 information. The IRS may be able to provide this transcript information for up to 10 years. Information for the current year is generally not available until the year after it is filed with the IRS. For example, W-2 information for 2011, filed in 2012, will likely not be available from the IRS until 2013. If you need W-2 information for retirement purposes, you should contact the Social Security Administration at 1-800-772-1213. Most requests will be processed within 10 business days . ☑

**Caution:** If you need a copy of Form W-2 or Form 1099, you should first contact the payer. To get a copy of the Form W-2 or Form 1099 filed with your return, you must use Form 4506 and request a copy of your return, which includes all attachments.

**9** **Year or period requested.** Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than four years or periods, you must attach another Form 4506-T. For requests relating to quarterly tax returns, such as Form 941, you must enter each quarter or tax period separately.    12 / 31 / 2016    12 / 31 / 2017    12 / 31 / 2018    12 / 31 / 2019

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax information requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, 1 percent or more shareholder, partner, managing member, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506-T on behalf of the taxpayer. **Note:** This form must be received by IRS within 120 days of the signature date.

☑ **Signatory attests that he/she has read the attestation clause and upon so reading declares that he/she has the authority to sign the Form 4506-T.** See instructions.

Phone number of taxpayer on line 1a or 2a

**Sign Here**

▸ Signature (see instructions)                          Date

▸ Title (if line 1a above is a corporation, partnership, estate, or trust)

▸ Spouse's signature                          Date

**For Privacy Act and Paperwork Reduction Act Notice, see page 2.**    Cat. No. 37667N    Form **4506-T** (Rev. 3-2019)

Section references are to the Internal Revenue Code unless otherwise noted.

## Future Developments

For the latest information about Form 4506-T and its instructions, go to *www.irs.gov/form4506t*. Information about any recent developments affecting Form 4506-T (such as legislation enacted after we released it) will be posted on that page.

**What's New.** The transcripts provided by the IRS have been modified to protect taxpayers' privacy. Transcripts only display partial personal information, such as the last four digits of the taxpayer's Social Security Number. Full financial and tax information, such as wages and taxable income, is shown on the transcript.

A new optional Customer File Number field is available to use when requesting a transcript. You have the option of inputting a number, such as a loan number, in this field. You can input up to 10 numeric characters. The customer file number should not contain an SSN. This number will print on the transcript. The customer file number is an optional field and not required.

## General Instructions

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Purpose of form.** Use Form 4506-T to request tax return information. You can also designate (on line 5a) a third party to receive the information. Taxpayers using a tax year beginning in one calendar year and ending in the following year (fiscal tax year) must file Form 4506-T to request a return transcript.

**Note:** If you are unsure of which type of transcript you need, request the Record of Account, as it provides the most detailed information.

**Tip.** Use Form 4506, Request for Copy of Tax Return, to request copies of tax returns.

**Automated transcript request.** You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Get a Tax Transcript..." under "Tools" or call 1-800-908-9946.

**Where to file.** Mail or fax Form 4506-T to the address below for the state you lived in, or the state your business was in, when that return was filed. There are two address charts: one for individual transcripts (Form 1040 series and Form W-2) and one for all other transcripts.

If you are requesting more than one transcript or other product and the chart below shows two different addresses, send your request to the address based on the address of your most recent return.

## Chart for individual transcripts (Form 1040 series and Form W-2 and Form 1099)

| If you filed an individual return and lived in: | Mail or fax to: |
| --- | --- |
| Alabama, Kentucky, Louisiana, Mississippi, Tennessee, Texas, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team Stop 6716 AUSC Austin, TX 73301<br><br>855-587-9604 |
| Alaska, Arizona, Arkansas, California, Colorado, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Utah, Washington, Wisconsin, Wyoming | Internal Revenue Service RAIVS Team Stop 37106 Fresno, CA 93888<br><br>855-800-8105 |
| Connecticut, Delaware, District of Columbia, Florida, Georgia, Maine, Maryland, Massachusetts, Missouri, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Vermont, Virginia, West Virginia | Internal Revenue Service RAIVS Team Stop 6705 S-2 Kansas City, MO 64999<br><br>855-821-0094 |

## Chart for all other transcripts

| If you lived in or your business was in: | Mail or fax to: |
| --- | --- |
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maryland, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Jersey, New Mexico, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, Washington, West Virginia, Wisconsin, Wyoming, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409<br><br>855-298-1145 |
| Maine, Massachusetts, New Hampshire, New York, Pennsylvania, Vermont | Internal Revenue Service RAIVS Team Stop 6705 S-2 Kansas City, MO 64999<br><br>855-821-0094 |

**Line 1b.** Enter your employer identification number (EIN) if your request relates to a business return. Otherwise, enter the first social security number (SSN) or your individual taxpayer identification number (ITIN) shown on the return. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Line 3.** Enter your current address. If you use a P.O. box, include it on this line.

**Line 4.** Enter the address shown on the last return filed if different from the address entered on line 3.

**Note:** If the addresses on lines 3 and 4 are different and you have not changed your address with the IRS, file Form 8822, Change of Address. For a business address, file Form 8822-B, Change of Address or Responsible Party — Business.

**Line 5b.** Enter up to 10 numeric characters to create a unique customer file number that will appear on the transcript. The customer file number **should not** contain an SSN. Completion of this line is not required.

**Note.** If you use an SSN, name or combination of both, we will not input the information and the customer file number will be blank on the transcript.

**Line 6.** Enter only one tax form number per request.

**Signature and date.** Form 4506-T must be signed and dated by the taxpayer listed on line 1a or 2a. The IRS must receive Form 4506-T within 120 days of the date signed by the taxpayer or it will be rejected. Ensure that all applicable lines are completed before signing.



*You must check the box in the signature area to acknowledge you have the authority to sign and request the information. The form will not be processed and returned to you if the box is unchecked.*

**Individuals.** Transcripts of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506-T exactly as your name appeared on the original return. If you changed your name, also sign your current name.

**Corporations.** Generally, Form 4506-T can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer. A bona fide shareholder of record owning 1 percent or more of the outstanding stock of the corporation may submit a Form 4506-T but must provide documentation to support the requester's right to receive the information.

**Partnerships.** Generally, Form 4506-T can be signed by any person who was a member of the partnership during any part of the tax period requested on line 9.

**All others.** See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Note:** If you are Heir at law, Next of kin, or Beneficiary you must be able to establish a material interest in the estate or trust.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the letters testamentary authorizing an individual to act for an estate.

**Signature by a representative.** A representative can sign Form 4506-T for a taxpayer only if the taxpayer has specifically delegated this authority to the representative on Form 2848, line 5. The representative must attach Form 2848 showing the delegation to Form 4506-T.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested tax information under the Internal Revenue Code. We need this information to properly identify the tax information and respond to your request. You are not required to request any transcript; if you do request a transcript, sections 6103 and 6109 and their regulations require you to provide this information, including your SSN or EIN. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506-T will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 10 min.; **Preparing the form,** 12 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506-T simpler, we would be happy to hear from you. You can write to:

Internal Revenue Service Tax Forms and Publications Division 1111 Constitution Ave. NW, IR-6526 Washington, DC 20224

Do not send the form to this address. Instead, see *Where to file* on this page.

COMMONWEALTH OF KENTUCKY
FLOYD CIRCUIT COURT
CIVIL ACTION NO. 20-CI-412

*Electronically Filed*

DANNY MCCOWN, JR                                              PLAINTIFF

v.              **HYUNDAI MOTOR AMERICA'S MOTION TO COMPEL**

HYUNDAI MOTOR AMERICA AND
TIM SHORT CHRYSLER DODGE, JEEP, RAM,
FIAT OF PIKEVILLE d/b/a TIM SHORT
PIKEVILLE, LLC                                              DEFENDANTS

\*   \*   \*   \*

Defendant, Hyundai Motor America ("HMA"), by counsel, pursuant to Rule 37.01 of the Kentucky Rules of Civil Procedure, hereby moves this Court for an order compelling Plaintiff, Danny McCown, Jr, to answer Interrogatories and respond to Requests for Production of Documents propounded by HMA. In support of its Motion, HMA states the following:

On July 31, 2020, HMA served Interrogatories and Requests for Production of Documents upon Plaintiff. (HMA's Interrogatories and Requests for Production of Documents, attached as Exhibit 1). On September 10, 2020, counsel for HMA sent Plaintiff's counsel a letter requesting the late discovery responses. (September 10, 2020 letter, attached as Exhibit 2). Plaintiff's counsel has not responded to HMA's letter or served the tardy discovery responses.

CR 33.01(2) and 34.02(2) provide that a party has 30 days (from the date of service) in which to respond to Interrogatories and Requests for Production of

Documents.   Plaintiff's responses were due on August 31, 2020.  HMA has reached out to Plaintiff's counsel to obtain the overdue responses; thus, HMA made a good faith effort to resolve this issue before seeking judicial intervention.

HMA respectfully requests this Court enter an order pursuant to CR 37.01 compelling Plaintiff to respond to HMA's written discovery requests.

### CERTIFICATION PURSUANT TO L.R. 9

Pursuant to Floyd Circuit Court, Local Rule 9, the undersigned certifies that he has contacted Plaintiff's counsel concerning the subject of this Motion and has been unable to resolve the dispute.

### NOTICE

Notice is hereby given that the foregoing Motion will be brought on for hearing in the Floyd Circuit Court on the 16th day of October, 2020, at the hour of 9:00 a.m., or as soon thereafter as counsel may be heard.

Respectfully submitted,

/s/ Christopher L. Jackson
David T. Schaefer
Anne K. Guillory
Christopher L. Jackson
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
Phone: (502) 581-8000
Fax:  (502) 581-8111
david.schaefer@dinsmore.com
anne.guillory@dinsmore.com
christopher.jackson@dinsmore.com
*Counsel for Defendant,*
*Hyundai Motor America*

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was served via U.S. mail to the following this 2nd day of October, 2020:

Glenn M. Hammond
Glenn M. Hammond Law Office
P.O. Box 1109
5476 North Mayo Trail
Pikeville, KY 41502
*Counsel for Plaintiff*

Susan J. Pope
Wade H. ("Jeff") Jefferson IV
Nolan M. Jackson
Frost Brown Todd LLC
250 W. Main Street, Suite 2800
Lexington, KY 40507-1749
*Counsel for Defendant,*
*Tim Short Pikeville LLC*

/s/Christopher L. Jackson
*Counsel for Defendant,*
*Hyundai Motor America*

16936667.1

12CE19C6-262A-4ACC-8D40-02A0E6708DCD : 000003 of 000038

COM : **000003 of 000003**

12CE19C6-262A-4ACC-8D40-02A0E6708DCD : 000004 of 000038

COMMONWEALTH OF KENTUCKY
FLOYD CIRCUIT COURT
CIVIL ACTION NO. 20-CI-412

DANNY MCCOWN, JR                                                    PLAINTIFF

v.          **HYUNDAI MOTOR AMERICA'S FIRST SET OF**
    **INTERROGATORIES AND REQUESTS FOR PRODUCTION**
        **OF DOCUMENTS PROPOUNDED TO PLAINTIFF**

HYUNDAI MOTOR AMERICA AND
TIM SHORT CHRYSLER DODGE, JEEP, RAM,
FIAT OF PIKEVILLE d/b/a TIM SHORT
PIKEVILLE, LLC                                                      DEFENDANTS

                        *    *    *    *

    Defendant, Hyundai Motor America ("HMA"), by counsel, propounds and

serves the following interrogatories and requests upon Plaintiff, Danny McCown, Jr, to

be responded to fully and under oath by said Plaintiff within thirty (30) days from date

of service.  Said discovery requests are propounded pursuant to Civil Rules 33.01 and

34.01 and are to be used for all purposes recognized under the Kentucky Rules of Civil

Procedure.  Each and every interrogatory and request is of a continuing nature to the

extent provided by Civil Rule 26.01 and shall be supplemented by the Plaintiff if

Plaintiff obtains further information directly or indirectly of the nature sought herein

between the time of response to these requests and the time of trial.

                        **DEFINITIONS**

    The following definitions shall have the following meanings, unless the context

requires otherwise:

    1.  The words "you" and "your" refer to the Plaintiff, Danny McCown, Jr, and
        any other person acting or purporting to act on his behalf, including but not

EXH : 000001 of 000032

limited to, attorneys, attorneys-in-fact, investigators, representatives, agents or employees.

2. The term "accident" or "incident" refers to the incident that occurred on or about July 7, 2019, as alleged in your Complaint.

3. The term "subject vehicle" refers to the 2017 Hyundai Santa Fe, VIN 5NMZUDLB8HH008827, involved in the accident which is the subject of this suit.

## INTERROGATORIES

1.      Please state your full name and all names previously used, date of birth, Social Security number, current address and all addresses used in the past ten years, dates of all marriages, names and ages of all children, your educational background, and provide a brief summary of your employment within the past ten years.

**ANSWER**:

2.      Please provide your height and weight as of the date of the accident.

**ANSWER**:

3.      Please provide the provider, account number, brand, model and telephone number of any cellular telephone(s) owned or used by you on the accident date.

**ANSWER:**

4.      Please provide all account, user, and/or handle names for any social-media accounts, including but not limited to Facebook, Twitter, Flickr, Myspace etc., used by you from January 1, 2019 up to and including the present time.

**ANSWER**

2

5.      Please describe specifically and in detail how the accident occurred, including, but not limited to, your recollection of the details of the accident and the events immediately before and after the accident.

**<u>ANSWER:</u>**

6.      State each fact and matter of opinion upon which you base the allegations of manufacturing defect set forth in paragraphs 13 and 15 of the Complaint, describing specifically each defect; how each such defect was a substantial factor in causing or enhancing your alleged injuries and damages; the names and addresses of all persons having knowledge of such facts or opinions, indicating which facts or opinions each such witness is believed to possess; identify all documents or other tangible evidence that you believe support such claim, and the source or author of all facts or matters of opinion upon which you base said allegations.

**<u>ANSWER</u>**:

7.      State each fact and matter of opinion upon which you base the allegations of inadequate warnings or instructions set forth in paragraph 16 of the Complaint, describing specifically each warning or instruction you allege was inadequate; how each such allegedly inadequate warning or instruction was a substantial factor in causing or enhancing your alleged injuries and damages; the names and addresses of all persons having knowledge of such facts or opinions, indicating which facts or opinions each such witness is believed to possess; identify all documents or other tangible evidence that you

3

believe support such claim, and the source or author of all facts or matters of opinion upon which you base said allegations.

**ANSWER:**

8.      State each fact and matter of opinion upon which you base the allegations of design defect set forth in paragraph 13 and 15 of the Complaint, describing specifically each defect; how each such defect was a substantial factor in causing or enhancing your alleged injuries and damages; the alternative design that you allege should have been adopted; the names and addresses of all persons having knowledge of such facts or opinions, indicating which facts or opinions each such witness is believed to possess; identify all documents or other tangible evidence that you believe support such claim, and the source or author of all facts or matters of opinion upon which you base said allegations.

**ANSWER:**

9.      State each fact and matter of opinion upon which you base the allegations of negligence set forth in paragraph 15 of the Complaint, describing specifically each negligent act or omission; how each such act or omission was a substantial factor in causing or enhancing your alleged injuries and damages; the names and addresses of all persons having knowledge of such facts or opinions, indicating which facts or opinions each such witness is believed to possess; identify all documents or other tangible evidence that you believe support such claim, and the source or author of all facts or matters of opinion upon which you base said allegations.

4

**ANSWER:**

10.     State each fact and matter of opinion upon which you base the allegations of breach of express or implied warranty set forth in paragraph 14 of the Complaint, describing specifically each warranty and breach; how each such breach was a substantial factor in causing or enhancing your alleged injuries and damages; the names and addresses of all persons having knowledge of such facts or opinions, indicating which facts or opinions each such witness is believed to possess; identify all documents or other tangible evidence that you believe support such claim, and the source or author of all facts or matters of opinion upon which you base said allegations.

**ANSWER:**

11.     State each fact and matter of opinion upon which you base the allegations of gross negligence set forth in paragraph 18 of the Complaint, describing specifically each act of gross negligence; how each such act of gross negligence was a substantial factor in causing or enhancing your alleged injuries and damages; the names and addresses of all persons having knowledge of such facts or opinions, indicating which facts or opinions each such witness is believed to possess; identify all documents or other tangible evidence that you believe support such claim, and the source or author of all facts or matters of opinion upon which you base said allegations.

**ANSWER:**

5

12.     If it is your contention that the subject vehicle failed to comply with a specific applicable statute, safety code, standard, administrative regulation, custom, engineering practice or the "state of the art of automotive safety," state specifically and in detail what statute, safety code, standard, administrative regulation, custom, or engineering practice or "state of the art of automotive safety" was not complied with, give the section, paragraph, edition, or source of same, and state how such alleged failure caused or contributed to cause the accident or injuries, in the context of the specific subject accident.

**ANSWER:**

13.     With regard to any expert who may be called as a witness at the trial on your behalf, state his or her name, address, telephone number, expert qualifications, and, in addition thereto, state separately the subject matter upon which each such expert is expected to testify, state separately the detailed substance of the facts and opinions to which each such expert is expected to testify and state separately a summary of the grounds for each opinion of each expert with a listing of all documentation supporting the substance of said grounds.

**ANSWER**:

14.     Have you, or has anyone on your behalf, performed any inspections, tests, experiments, or simulations with regard to any matter in issue in this litigation?  If so, state when and where all such inspections, tests, experiments, or simulations were performed,

Filed          20-CI-00412    10/02/2020          Douglas R. Hall, Floyd Circuit Clerk

by whom they were performed, and the results of all such inspections, tests, experiments, or simulations.

**ANSWER**:

15.    Please identify by name and address all persons or entities who currently have or had possession or custody of, or have inspected, the subject vehicle between the time of the subject accident and the present time, providing the respective periods of time each such person or entity had possession or custody of, or access to, the subject vehicle.

**ANSWER**:

16.    Identify any modifications, alterations, damage, any testing whatsoever, destruction or replacements to the subject vehicle that may have occurred between the time of the subject accident and the present time, and please provide the names and addresses of each person or entity who caused or allowed such alteration, testing or damage to occur; the date any such alteration, testing or damage occurred; and the reason or reasons it occurred.

**ANSWER**:

17.    Indicate whether you spoke to or gave a statement to any law enforcement officer, public agency, public entity, health care professional or emergency medical technician concerning any aspect of the accident.  If so, state how soon after the accident each statement was given; state the location where you gave each statement; identify each person present when each statement was given; and if oral, state the substance of the statement.

7

12CE19C6-262A-4ACC-8D40-02A0E6708DCD : 000010 of 000038

EXH : 000007 of 000032

**ANSWER:**

18.     Please identify any law enforcement officer, public agency, public entity, health care professional or emergency medical service that responded to the subject accident.

**ANSWER:**

19.     Other than persons listed by you in response to the interrogatories above, list the names and addresses of all other witnesses who have knowledge concerning the facts or circumstances before or after the accident in question, or the condition of the subject vehicle at any time relevant hereto, or the purchase of the subject vehicle, and state briefly what facts or knowledge each such witness is believed to possess; and the names and addresses of all other persons who may be called as a witness to testify on your behalf at the trial of this case, and state briefly what facts or knowledge each such person is believed to possess.

**ANSWER**:

20.     Describe in detail all injuries that you claim to have sustained as a result of the subject accident, including the present condition of each injury, including any soft tissue injury, soreness or abrasions, no matter how minor.

**ANSWER**:

21.     Pursuant to CR 8.01(2), please set forth the amounts of damages, if any, you seek for the following:  pain and suffering; past medical expenses; future medical

expenses; lost wages; impairment of the ability to labor and earn money; punitive damages; and any other element of damages claimed in this action.

**ANSWER:**

22.    Identify by name and address each healthcare professional, hospital and healthcare facility you consulted or where you treated for any injuries or conditions resulting from this accident.

**ANSWER**:

23.    Please identify, by name and current address, all insurance companies, persons and/or other entities from whom you have received benefits or payments of any nature as a result of the injuries that you sustained as a result of the accident in question, and provide an itemization of the amounts of such benefits or payments.

**ANSWER**:

24.    If you have ever applied for Social Security Disability Insurance, provide date of application(s); a description of the injury(ies) claimed in the application(s); whether the claim was denied and, if so, the date the denial of benefits was issued; the reason for the denial stated by the Social Security Administration; whether the denial of benefits was appealed and, if so, the date of the appeal; and whether the denial of benefits was reversed.

**ANSWER:**

25.    If Social Security Disability Insurance (SSDI) benefits were awarded to you, provide the date of such award; the beginning date that the SSDI benefits covered; the

9

Filed            20-CI-00412      10/02/2020            Douglas R. Hall, Floyd Circuit Clerk

time period for which such benefits were paid; a description of the injury or injuries claimed that resulted in the award; and the date the injury occurred for which SSDI was awarded.

**ANSWER:**

26.     Are you now, or have you ever been, a Medicare beneficiary?  If so, please provide the date when you first became eligible, the amount of Medicare benefits received, the date these benefits were received, and your Medicare health insurance claim number ("HICN").

**ANSWER:**

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to CR 34.01, you are requested to produce and permit inspection and copying of the following documents or tangible things, other than those which have been previously produced, within thirty (30) days after service hereof:

1.     All documents or tangible things used to answer the above Interrogatories.

**RESPONSE:**

2.     All reports of the incident which is the basis of this suit.

**RESPONSE:**

3.     All photographs, slides, motion pictures, films, or videotapes of the subject vehicle or the subject accident.

**RESPONSE:**

10

Filed            20-CI-00412      10/02/2020            Douglas R. Hall, Floyd Circuit Clerk

4.      Any exemplar vehicle or components used, tested, or studied by you or anyone on your behalf.

**RESPONSE:**

5.      All photographs, slides, motion pictures, films, or videotapes of any exemplar vehicle used, tested, or studied by you or anyone on your behalf.

**RESPONSE:**

6.      All photographs, slides, motion pictures, films, or videotapes of the scene where the incident occurred.

**RESPONSE:**

7.      All other photographs, videotapes, motion pictures, x-rays, slides, animations, or illustrations which may be used at the trial of this case.

**RESPONSE:**

8.      Any and all insurance agreements issued by any persons or organizations, including Medicare or Medicaid, providing insurance coverage of any kind or character for any alleged injuries, damages, or losses you incurred as a result of the incident in question.

**RESPONSE:**

9.      All call logs, phone records and billing records for the month of July 2019 for the cellular telephone(s) identified in your Answer to Interrogatory Number 3.

**RESPONSE:**

11

10.     Copies of all text messages, emails and voicemail messages, including images, videos and all attachments sent from or received by the cellular telephone(s) identified in your Answer to Interrogatory Number 3 or via the internet, related in any way to the subject accident or making reference to the events leading up to the subject accident, or related to the context of the subject accident or its consequences, at any time.

**RESPONSE:**

11.     All diaries, calendars, or any lists or notes kept by you regarding the incident in question and/or events thereafter.

**RESPONSE:**

12.     Any and all entries, comments, and messages posted on or communicated through social-media accounts, including but not limited to Facebook, Twitter, Flickr, Myspace etc., regarding the incident in question or any of its consequences.

**RESPONSE:**

13.     Any and all documents received from any law enforcement or regulatory agency of the federal or state governments relating to the subject matter of your action against HMA.

**RESPONSE:**

14.     Any and all newspaper, magazine, or other articles or publications relating to HMA, any other Hyundai entity, the subject vehicle, the subject accident, or other issues in this case which are relevant to the subject matter of this suit.

12

12CE19C6-262A-4ACC-8D40-02A0E6708DCD : 000016 of 000038

**RESPONSE:**

15.     Any government documents or studies pertaining to this vehicle or similar vehicles which you contend are relevant to this suit.

**RESPONSE:**

16.     All public records and/or reports pertaining to the events, transactions, or occurrences which are the basis of this suit or that you may seek to introduce at trial.

**RESPONSE:**

17.     Any and all documents relating to other lawsuits, claims, and/or complaints of injury involving any HMA vehicle that you or your attorneys claim to be substantially similar to this lawsuit and/or otherwise relevant to the suit.

**RESPONSE:**

18.     Any and all documents of any other manufacturer that you or any of your experts contend are relevant to this case.

**RESPONSE:**

19.     All relevant government and industry publications that you may utilize or offer at trial.

**RESPONSE:**

20.     All demand letters, claims, notice letters, and other writings reflecting requests made by you upon any person, insurance company, corporation, organization, or governmental entity including HMA for claims, payments, or benefits, of any kind or

13

EXH·: 000013 of 000032

character sought in connection with or as a result of the incident in question, and Plaintiff's alleged injuries and damages.

**RESPONSE:**

21.    Any and all documents, instructions, manuals, brochures, literature, or other materials relating to the purchase and/or operation and use of the subject vehicle.

**RESPONSE:**

22.    All other documents, if any, received by you from HMA or any other Hyundai entity which relate to or concern the subject vehicle, its component parts or accessories, or any other Hyundai vehicles.

**RESPONSE:**

23.    All documents which evidence or relate to any maintenance, service, repairs, or attempted repairs, modifications or other work or replacements, performed on or recommended for the subject vehicle.

**RESPONSE:**

24.    Any and all documents or records of any kind whatsoever pertaining to any tests, study, investigation, inspection, or analysis of the subject vehicle, any exemplar vehicle, or any part, component, or assembly of the subject vehicle or exemplar vehicle.

**RESPONSE:**

14

25.     All treatises, studies, references, reports or publications to be relied upon by any expert witness designated by you or which you claim to be authoritative on the disputed issues in this case.

**RESPONSE:**

26.     All documents or records of any kind evidencing damages you claim you sustained as a result of the incident.

**RESPONSE:**

27.     Copies of employment and wage records for all jobs you have worked at any time prior to the accident and for all years since the accident.  If any of these documents are not currently in your possession, please execute the attached Authorization for Release of Employment/Personnel Records and Information (Exhibit A).

**RESPONSE:**

28.     Copies of your state and federal income tax returns, if any, for the five (5) years preceding the accident and a copy of any state and federal income tax returns filed since the accident.  If any of these documents are not currently in your possession, please execute the attached Requests for Transcript of Tax Return (Exhibit B).

**RESPONSE:**

29.     All documents, including images of any kind,  concerning, involving or in any way related to any injury that you claim is or was related to the accident, including and without limitation any document involving or in any way concerning the injury, treatment for the injury, hospitalization for the injury, reimbursement for any expenses

15

arising from the injury, the present status of the injury, and the permanency of the injury, as well as any temporary soft tissue injury such as bruises, abrasions and other minor injuries.  If any of these documents are not currently in your possession, you may comply with this request by executing the attached Authorization for Release of Medical/Billing Information (Exhibit C).

**RESPONSE:**

30.    All medical records or documents concerning, involving or in any way related to your medical history for the past ten (10) years other than for any personal injury you claim arises from the accident, including without limitation any document concerning, involving or in any way related to any illness, injury, hospitalization, treatment by any health care provider, or reimbursement for any expenses related to your medical history.  If any of these documents are not currently in your possession, you may comply with this request by executing Exhibit C, as referenced above.

**RESPONSE:**

31.    Please execute the attached Social Security Administration Consent for Release of Information (Exhibit D).

**RESPONSE:**

32.    All written records which pertain to, reflect, or describe any alternative designs of the subject vehicle or any part or component thereof which you allege to be better, safer, more suitable for use, and/or which you allege should have been utilized

16

in part or in whole on the subject vehicle rather than the design utilized and which would have reduced or prevented the injury sustained by the injured plaintiff.

**RESPONSE:**

33.    Any and all ambulance run reports arising out of the incident.

**RESPONSE:**

34.    All written or recorded statements made by any person related to the incident or this lawsuit.

**RESPONSE:**

35.    All transcripts of recorded statements made by any person related to the incident or this lawsuit.

**RESPONSE:**

36.    The actual audiotape, videotape, or other means of recording or storing a recorded statement made by any person related to the incident or lawsuit.

**RESPONSE:**

37.    Please provide a copy of your Medicare card(s).

**RESPONSE:**

38.    Any correspondence with The Center for Medicare and Medicaid Services and any Recovery Contractors that identifies, discusses or documents conditional payment amounts allegedly related to your claim for damages.

**RESPONSE:**

17

39.     Any and/or all correspondences or other documents providing Medicare lien information, including all Conditional Payment Letters (CPL).

**RESPONSE:**

40.     Please provide a copy of the health insurance card(s) for any health insurance policy(ies) that have paid benefits to you or on your behalf for any medical treatment that you claim to be related to this accident.

**RESPONSE:**

41.     Please provide a properly executed CMS Consent for Release form (attached as Exhibit E).

**RESPONSE:**

42.     Please provide a properly executed Medicare Attestation form (attached as Exhibit F).

**RESPONSE:**

43.     All exhibits which may be introduced at trial on your behalf.

**RESPONSE:**

44.     All documents, memoranda, notes, films, photographs, videotapes, diagrams, reports, treatises, or other information provided or shown to any person expected to be called as an expert witness at the trial of this case.

**RESPONSE:**

18

Respectfully submitted,


_/s/David T. Schaefer_____
David T. Schaefer
Anne K. Guillory
Christopher L. Jackson
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
Phone: (502) 581-8000
Fax:  (502) 581-8111
david.schaefer@dinsmore.com
anne.guillory@dinsmore.com
christopher.jackson@dinsmore.com
*Counsel for Defendant,*
*Hyundai Motor America*


## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was served via U.S. mail to the following this 31st day of July, 2020:


Glenn M. Hammond
Glenn M. Hammond Law Office
P.O. Box 1109
5476 North Mayo Trail
Pikeville, KY 41502
Phone: 606-437-7777
Fax: 606-437-1004
*Counsel for Plaintiff*

19

Filed                    20-CI-00412        10/02/2020        Douglas R. Hall, Floyd Circuit Clerk

Tim Short Chrysler Dodge, Jeep, Ram
Fiat of Pikeville d/b/a Tim Short Pikeville, LLC
c/o FBT LLC
250 W. Main Street
Suite 2800
Lexington, Ky. 40507
*Defendant*

                          __/s/David T. Schaefer_____
                          *Counsel for Defendant,*
                          *Hyundai Motor America*

16686468.1

Filed                    20-CI-00412        10/02/2020        Douglas R. Hall, Floyd Circuit Clerk

## CMS CONSENT FOR RELEASE

The language below should be used when you, a Medicare beneficiary, want to authorize someone other than your attorney or other representative to receive information, including identifiable health information, from the Centers for Medicare & Medicaid Services (CMS) related to your liability insurance (including self-insurance), no-fault insurance or workers' compensation claim.

I, _____ (print your name exactly as shown on your Medicare card) hereby authorize the CMS, its agents and/or contractors to release, upon request, information related to my injury/illness and/or settlement for the specified date of injury/illness to the individual and/or entity listed below:

**CHECK ONLY ONE OF THE FOLLOWING TO INDICATE WHO MAY RECEIVE INFORMATION AND THEN PRINT THE REQUESTED INFORMATION:**
(If you intend to have your information released to more than one individual or entity, complete a separate release for each one.)
( ) Insurance Company ( ) Workers' Compensation Carrier (X) Other: Attorney

Name of entity:      DINSMORE & SHOHL LLP

Contact for above entity:      David T. Schaefer

Address:      101 S. Fifth Street, Suite 2500 Louisville, KY 40202

Telephone:      (502) 540-2300

**CHECK ONE OF THE FOLLOWING TO INDICATE HOW LONG CMS MAY RELEASE YOUR INFORMATION** (The period you check will run from when you sign and date below.):

( ) One Year      (X) Two Years      ( ) Other_____
                                       (Provide a specific period of time)

I understand that I may revoke this "consent to release information" at any time, in writing.

**MEDICARE BENEFICIARY INFORMATION AND SIGNATURE:**

Beneficiary Signature: _____ Date signed: _____

Note: If the beneficiary is incapacitated, the submitter of this document will need to include documentation establishing the authority of the individual signing on the beneficiary's behalf. Please visit www.msprc.info for further instructions.

Medicare Health Insurance claim Number (The number on your Medicare card.): _____

Date of Injury/Illness: _____

Filed                20-CI-00152   12/02/2020           Douglas M. Hall, Fayette Circuit Clerk

## AUTHORIZATION FOR DISCLOSURE OF EMPLOYMENT INFORMATION

To:

Re:     Name:          **DANNY McCOWN JR.**

        Date of Birth:          _____

        Social Security No:  _____

        For informational purposes pertaining to civil litigation, I authorize and request the Custodian of Records to disclose, furnish and release to DAVID T. SCHAEFER and the agents of designees of the law firm of Dinsmore & Shohl LLP, 101 South Fifth Street, Suite 2500, Louisville, Kentucky 40202, any and all employment information regarding the above named individual, whether created before or after the date of signature.  This authorization should also be construed to permit DAVID T. SCHAEFER and the agents or designees of the law firm of Dinsmore & Shohl LLP to copy, inspect and review any and all such records. Records requested may include, but are not limited to:

> All applications for employment, resumes, records of all positions held, job descriptions of positions held, payroll records, W-2 forms and W-4 forms, performance evaluations and reports, statements and reports of fellow employees, attendance records, worker's compensation files; fitness for duty evaluations, routine drug testing; any records pertaining to medical or disability claims, or work-related accidents including correspondence, accident reports, injury reports and incident reports; insurance claim forms, questionnaires and records of payments made; pension records, disability benefit records, and all records regarding participation in company-sponsored health, dental, life and disability insurance plans; and any other records concerning employment with the above-named entity.

        This release is intended to be complete and all-inclusive as to any item you have in your possession or control relating to the individual identified above.

        Unless otherwise revoked, this authorization shall be valid for the period of the litigation in the case of ***Danny McCown Jr. v. Hyundai Motor America & Tim Short Chrysler Dodge, Jeep, Ram, Fiat of Pikeville d/b/a Tim Short Pikeville, LLC., Floyd Circuit Court, Civil Action No. 20-CI-412***.  In addition, a copy of this authorization may be used in place of the original.

        I understand I have the right to revoke this authorization at any time.  If I decide to revoke this authorization I must do so in writing to the individual or organization listed above as authorized to make the disclosure.  I understand the revocation will not apply to the information that has already been released in response to this authorization.

Date:  _____          Signature: _____

                                               Danny McCown

Date:  _____          Witness:_____

12CE19C6-262A-4ACC-8D40-02A0E6708DCD : 000025 of 000038

EXH : 000022 of 000032

Filed                    20-CI-00152   08/22/2020                         Douglas R. Hall, Floyd Circuit Clerk

12CE19C6-262A-4ACC-8D40-02A0E6708DCD : 000026 of 000038

## AUTHORIZATION FOR DISCLOSURE OF MEDICAL INFORMATION

*Pursuant to 45 C.F.R. 164.508*

To:        _____

Re:      Patient Name: **DANNY McCOWN, JR.**
          Date of Birth:
          Social Security No.:

For purposes pertaining to civil litigation, I authorize and request the Custodian of Records to disclose, furnish and release to DAVID T. SCHAEFER, and the agents or designees of the law firm of Dinsmore & Shohl LLP, 101 South Fifth Street, Suite 2500, Louisville, KY 40202, any and all medical and hospital records, including those that may contain protected health information (PHI) regarding the above named individual, whether created before or after the date of signature. This authorization should also be construed to permit DAVID T. SCHAEFER, and the agents or designees of the law firm of Dinsmore & Shohl LLP to copy, inspect and review any and all such records.

Records requested may include, but are not limited to:

> all medical records, physicians' records, office records, surgeons' records, psychological and psychiatric information, consultant's reports, x-rays, CT scans, MRI films, photographs, and other radiological records or films, pathology materials, slides, tissues, physicals and histories, laboratory reports, operating room records, discharge summaries, progress notes, patient intake forms, consultations, prescriptions, nurses' notes, vital statistic records, communicable disease testing and treatment records, correspondence, prescription and medication records, therapists' notes, social workers' records, insurance records, consent for treatment, statements of account, itemized bills, invoices, and any other papers relating to any examination, diagnosis, treatment, periods of hospitalization, or stays of confinement, or documents containing information regarding amendment of protected health information (PHI) in the medical records.

I understand that the information in these health records may include information relating to sexually transmitted diseases, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse.

Unless otherwise revoked, this authorization shall be valid for the period of the litigation in *Danny McCown Jr. v. Hyundai Motor America & Tim Short Chrysler Dodge, Jeep, Ram, Fiat of Pikeville d/b/a Tim Short Pikeville, LLC., Floyd Circuit Court, Civil Action No. 20-CI-412*, including any appeals. In addition, a copy of this authorization may be used in place of the original.

I understand I have the right to revoke this authorization at any time. If I decide to revoke this authorization I must do so in writing to the individual or organization listed above as authorized to make the disclosure. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand the covered entity identified above may not condition treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization.

I understand I may inspect or copy the information to be used or disclosed, as provided in C.F.R. 164.524. I understand any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal or state confidentiality rules.

_____           Date:    _____
Signature of **Danny McCown, Jr.**

EXH : 000023 of 000032

## MEDICARE BENEFICIARY ATTESTATION

In Re: ***Danny McCown Jr. v. Hyundai Motor America & Tim Short Chrysler Dodge, Jeep, Ram, Fiat of Pikeville d/b/a Tim Short Pikeville, LLC., Floyd Circuit Court, Civil Action No. 20-CI-412***.

The undersigned certifies that the information provided is truthful and accurate as of the date effective besides their signature.

> The Centers for Medicare & Medicaid Services (CMS) is the federal agency that oversees the Medicare program. Many Medicare beneficiaries have other insurance in addition to their Medicare benefits. Sometimes, Medicare is supposed to pay after the other insurance. However, if certain other insurance delays payment, Medicare may make a "conditional payment" so as not to inconvenience the beneficiary, and recover after the other insurance pays.
> Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 (MMSEA), a new federal law that became effective January 1, 2009, requires that liability insurers (including self-insurers), no-fault insurers, and workers' compensation plans report specific information about Medicare beneficiaries who have other insurance coverage. This reporting is to assist CMS and other insurance plans to properly coordinate payment of benefits among plans so that your claims are paid promptly and correctly.
> We are asking you to the answer the questions below so that we may comply with this law.

**Please review this picture of the Medicare card to determine if you have, or have ever had, a similar Medicare card.**



**Section I**

| Are you presently, or have you ever been, enrolled in Medicare Part A or Part B? | | | | | | | | | | | | | | | | | | □Yes | | | | □No |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| *If yes, please complete the following. If no, proceed to Section II.* | | | | | | | | | | | | | | | | | | | | | | | |
| **Full Name:** *(Please print the name exactly as it appears on your SSN or Medicare card if available.)* | | | | | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | | | | | |
| **Medicare Claim Number:** | | | | | | | | | | | | | Date of Birth (Mo/Day/Year) | | | | | - | | | - | | |
| **Social Security Number:** *(If Medicare Claim Number is Unavailable)* | | | | | | - | | | - | | | | | | Sex | | □Female | | | | □Male | |

**Section II**

I understand that the information requested is to assist the requesting insurance arrangement to accurately coordinate benefits with Medicare and to meet its mandatory reporting obligations under Medicare law.

_____        _____
**Claimant Name (Please Print)**                          **Claim Number**

_____
**Name of Person Completing This Form If Claimant is Unable (Please Print)**

_____        _____
**Signature of Person Completing This Form**         **Date**

*If you have completed Sections I and II above, stop here. If you are refusing to provide the information requested in Sections I and II, proceed to Section III.*

12CE19C6-262A-4ACC-8D40-02A0E6708DCD : 000028 of 000038

**Section III**

_____       _____
**Claimant Name (Please Print)**                    **Claim Number**

For the reason(s) listed below, I have not provided the information requested. I understand that if I am a Medicare beneficiary and I do not provide the requested information, I may be violating obligations as a beneficiary to assist Medicare in coordinating benefits to pay my claims correctly and promptly.

<u>**Reason(s) for Refusal to Provide Requested Information**</u>:

_____

_____

_____

_____

_____       _____
**Signature of Person Completing This Form**        **Date**

EXH : 000025 of 000032

Social Security Administration
## Consent for Release of Information

Form Approved
OMB No. 0960-0566

### Instructions for Using this Form

Complete this form only if you want us to give information or records about you, a minor, or a legally incompetent adult, to an individual or group (for example, a doctor or an insurance company). If you are the natural or adoptive parent or legal guardian, acting on behalf of a minor child, you may complete this form to release only the minor's non-medical records. We may charge a fee for providing information unrelated to the administration of a program under the Social Security Act.

**NOTE:** Do not use this form to:

• Request the release of medical records on behalf of a minor child. Instead, visit your local Social Security office or call our toll-free number, 1-800-772-1213 (TTY-1-800-325-0778), or

• Request detailed information about your earnings or employment history. Instead, complete and mail form SSA-7050-F4. You can obtain form SSA-7050-F4 from your local Social Security office or online at www.ssa.gov/online/ssa-7050.pdf.

### How to Complete this Form

We will not honor this form unless all required fields are completed. An asterisk (*) indicates a required field. Also, we will not honor blanket requests for "any and all records" or the "entire file." You must specify the information you are requesting and you must sign and date this form. We may charge a fee to release information for non-program purposes.

• Fill in your name, date of birth, and social security number or the name, date of birth, and social security number of the person to whom the requested information pertains.

• Fill in the name and address of the person or organization where you want us to send the requested information.

• Specify the reason you want us to release the information.

• Check the box next to the type(s) of information you want us to release including the date ranges, where applicable.

• You, the parent or the legal guardian acting on behalf of a minor child or legally incompetent adult, must sign and date this form and provide a daytime phone number.

• If you are not the individual to whom the requested information pertains, state your relationship to that person. We may require proof of relationship.

### PRIVACY ACT STATEMENT

Section 205(a) of the Social Security Act, as amended, authorizes us to collect the information requested on this form. We will use the information you provide to respond to your request for access to the records we maintain about you or to process your request to release your records to a third party. You do not have to provide the requested information. Your response is voluntary; however, we cannot honor your request to release information or records about you to another person or organization without your consent. We rarely use the information provided on this form for any purpose other than to respond to requests for SSA records information. However, the Privacy Act (5 U.S.C. § 552a(b)) permits us to disclose the information you provide on this form in accordance with approved routine uses, which include but are not limited to the following:

1. To enable an agency or third party to assist Social Security in establishing rights to Social Security benefits and or coverage;
2. To make determinations for eligibility in similar health and income maintenance programs at the Federal, State, and local level;
3. To comply with Federal laws requiring the disclosure of the information from our records; and,
4. To facilitate statistical research, audit, or investigative activities necessary to assure the integrity of SSA programs.

We may also use the information you provide when we match records by computer. Computer matching programs compare our records with those of other Federal, State, or local government agencies. We use information from these matching programs to establish or verify a person's eligibility for Federally-funded or administered benefit programs and for repayment of incorrect payments or overpayments under these programs. Additional information regarding this form, routine uses of information, and other Social Security programs is available on our Internet website, www.socialsecurity.gov, or at your local Social Security office.

### PAPERWORK REDUCTION ACT STATEMENT

This information collection meets the requirements of 44 U.S.C. § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take about 3 minutes to read the instructions, gather the facts, and answer the questions. **SEND OR BRING THE COMPLETED FORM TO YOUR LOCAL SOCIAL SECURITY OFFICE. You can find your local Social Security office through SSA's website at** www.socialsecurity.gov. **Offices are also listed under U.S. Government agencies in your telephone directory or you may call 1-800-772-1213 (TTY 1-800-325-0778).** You may send comments on our time estimate above to: SSA, 6401 Security Blvd., Baltimore, MD 21235-6401. *Send only comments relating to our time estimate to this address, not the completed form.*

**Form SSA-3288** (07-2013) EF (07-2013) Destroy Prior Editions

Social Security Administration
**Consent for Release of Information**

Form Approved
OMB No. 0960-0566

You must complete all required fields. We will not honor your request unless all required fields are completed. (*signifies a required field).

**TO: Social Security Administration**

Danny McCown Jr.
_____  _____  _____
**\*My Full Name**              **\*My Date of Birth**              **\*My Social Security Number**
                               **(MM/DD/YYYY)**

I authorize the Social Security Administration to release information or records about me to:

**\*NAME OF PERSON OR ORGANIZATION:**          **\*ADDRESS OF PERSON OR ORGANIZATION:**

David T. Schaefer/Christopher Jackson/Lori McCloud          Dinsmore & Shohl, LLP
_____          _____
                                                 101 South Fifth Street, Suite 2500
_____          _____
                                                 Louisville, KY  40202
_____          _____

**\*I want this information released because:**  Litigation
  We may charge a fee to release information for non-program purposes.
_____
_____

**\*Please release the following information selected from the list below:**

You must specify the records you are requesting by checking at least one box. We will not honor a request for "any and all records" or "my entire file." Also, we will not disclose records unless you include the applicable date ranges where requested.

1. [x] Social Security Number
2. [x] Current monthly Social Security benefit amount
3. [x] Current monthly Supplemental Security Income payment amount
4. [x] My benefit or payment amounts from date 1/2007 _____ to date Present _____
5. [x] My Medicare entitlement from date 1/2007 _____ to date Present _____
6. [x] Medical records from my claims folder(s) from date 1/2007 _____ to date Present _____

   If you want us to release a minor child's medical records, do not use this form. Instead, contact your local Social Security office.

7. [x] Complete medical records from my claims folder(s)
8. [x] Other record(s) from my file **(you must specify the records you are requesting, e.g., doctor report, application, determination or questionnaire)**

   Please include all records including but not limited to doctor reports, applications, determinations, questionnaires, hearing

   transcripts, audio and/or video files, and any correspondence.

**I am the individual, to whom the requested information or record applies, or the parent or legal guardian of a minor, or the legal guardian of a legally incompetent adult. I declare under penalty of perjury (28 CFR § 16.41(d)(2004)) that I have examined all the information on this form, and any accompanying statements or forms, and it is true and correct to the best of my knowledge. I understand that anyone who knowingly or willfully seeks or obtain access to records about another person under false pretenses is punishable by a fine of up to $5,000. I also understand that I must pay all applicable fees for requesting information for a non-program-related purpose.**

**\*Signature** _____          **\*Date:** _____

**\*Address:** ███████████████████████

**Relationship (if not the subject of the record):** _____  **\*Daytime Phone:** _____

Witnesses must sign this form ONLY if the above signature is by mark (X). If signed by mark (X), two witnesses to the signing who know the signee must sign below and provide their full addresses. Please print the signee's name next to the mark (X) on the signature line above.

| 1.Signature of witness | 2.Signature of witness |
|---|---|
| Address(Number and street,City,State, and Zip Code) | Address(Number and street,City,State, and Zip Code) |

**Form SSA-3288** (07-2013) EF (07-2013)

| Form **4506-T** (March 2019) Department of the Treasury Internal Revenue Service | **Request for Transcript of Tax Return** ▶ Do not sign this form unless all applicable lines have been completed. ▶ Request may be rejected if the form is incomplete or illegible. ▶ For more information about Form 4506-T, visit *www.irs.gov/form4506t*. | OMB No. 1545-1872 |
|---|---|---|

**Tip.** Use Form 4506-T to order a transcript or other return information free of charge. See the product list below. You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Get a Tax Transcript..." under "Tools" or call 1-800-908-9946. If you need a copy of your return, use **Form 4506, Request for Copy of Tax Return.** There is a fee to get a copy of your return.

| **1a** Name shown on tax return. If a joint return, enter the name shown first.<br><br>Danny McCown, Jr. | **1b** First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions) |
|---|---|
| **2a** If a joint return, enter spouse's name shown on tax return. | **2b** Second social security number or individual taxpayer identification number if joint tax return |

room, or suite no.), city, state, and ZIP code (see instructions)

**4**   Previous address shown on the last return filed if different from line 3 (see instructions)

**5a**  If the transcript or tax information is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

David T. Schaefer/Christopher Jackson/Lori McCloud, Dinsmore & Shohl, LLP, 101 South Fifth Street, Suite 2500, Louisville, Kentucky 40202

**5b**  Customer file number (if applicable) (see instructions)

**Caution:** If the tax transcript is being mailed to a third party, ensure that you have filled in lines 6 through 9 before signing. Sign and date the form once you have filled in these lines. Completing these steps helps to protect your privacy. Once the IRS discloses your tax transcript to the third party listed on line 5a, the IRS has no control over what the third party does with the information. If you would like to limit the third party's authority to disclose your transcript information, you can specify this limitation in your written agreement with the third party.

**6**   **Transcript requested.** Enter the tax form number here (1040, 1065, 1120, etc.) and check the appropriate box below. Enter only one tax form number per request. ▶   1040

**a**   **Return Transcript,** which includes most of the line items of a tax return as filed with the IRS. A tax return transcript does not reflect changes made to the account after the return is processed. Transcripts are only available for the following returns: Form 1040 series, Form 1065, Form 1120, Form 1120-A, Form 1120-H, Form 1120-L, and Form 1120S. Return transcripts are available for the current year and returns processed during the prior 3 processing years. Most requests will be processed within 10 business days    .    .    .    .    .    . ☑

**b**   **Account Transcript,** which contains information on the financial status of the account, such as payments made on the account, penalty assessments, and adjustments made by you or the IRS after the return was filed. Return information is limited to items such as tax liability and estimated tax payments. Account transcripts are available for most returns. Most requests will be processed within 10 business days ☑

**c**   **Record of Account,** which provides the most detailed information as it is a combination of the Return Transcript and the Account Transcript. Available for current year and 3 prior tax years. Most requests will be processed within 10 business days    .    .    .    . ☑

**7**   **Verification of Nonfiling,** which is proof from the IRS that you **did not** file a return for the year. Current year requests are only available after June 15th. There are no availability restrictions on prior year requests. Most requests will be processed within 10 business days    . ☑

**8**   **Form W-2, Form 1099 series, Form 1098 series, or Form 5498 series transcript.** The IRS can provide a transcript that includes data from these information returns. State or local information is not included with the Form W-2 information. The IRS may be able to provide this transcript information for up to 10 years. Information for the current year is generally not available until the year after it is filed with the IRS. For example, W-2 information for 2011, filed in 2012, will likely not be available from the IRS until 2013. If you need W-2 information for retirement purposes, please contact the Social Security Administration at 1-800-772-1213. Most requests will be processed within 10 business days    . ☑

**Caution:** If you need a copy of Form W-2 or Form 1099, you should first contact the payer. To get a copy of the Form W-2 or Form 1099 filed with your return, you must use Form 4506 and request a copy of your return, which includes all attachments.

**9**   **Year or period requested.** Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than four years or periods, you must attach another Form 4506-T. For requests relating to quarterly tax returns, such as Form 941, you must enter each quarter or tax period separately.   12 / 31 / 2014    12 / 31 / 2015    /  /    /  /

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax information requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, 1 percent or more shareholder, partner, managing member, guardian, tax  matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506-T on behalf of the taxpayer. **Note:** This form must be received by IRS within 120 days of the signature date.

| ☑ **Signatory attests that he/she has read the attestation clause and upon so reading declares that he/she has the authority to sign the Form 4506-T.** See instructions. | Phone number of taxpayer on line 1a or 2a |
|---|---|

**Sign Here**

|   | Signature (see instructions) | Date |
|---|---|---|
|   | Title (if line 1a above is a corporation, partnership, estate, or trust) |   |
|   | Spouse's signature | Date |

**For Privacy Act and Paperwork Reduction Act Notice, see page 2.**        Cat. No. 37667N        Form **4506-T** (Rev. 3-2019)

12CE19C6-262A-4ACC-8D40-02A0E6708BDCD : 000031 of 000038

EXH : 000028 of 000032

Form 4506-T (Rev. 3-2019)  Page **2**

Section references are to the Internal Revenue Code unless otherwise noted.

## Future Developments

For the latest information about Form 4506-T and its instructions, go to *www.irs.gov/form4506t*. Information about any recent developments affecting Form 4506-T (such as legislation enacted after we released it) will be posted on that page.

**What's New.** The transcripts provided by the IRS have been modified to protect taxpayers' privacy. Transcripts only display partial personal information, such as the last four digits of the taxpayer's Social Security Number. Full financial and tax information, such as wages and taxable income, is shown on the transcript.

A new optional Customer File Number field is available to use when requesting a transcript. You have the option of inputting a number, such as a loan number, in this field. You can input up to 10 numeric characters. The customer file number should not contain an SSN. This number will print on the transcript. The customer file number is an optional field and not required.

## General Instructions

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Purpose of form.** Use Form 4506-T to request tax return information. You can also designate (on line 5a) a third party to receive the information. Taxpayers using a tax year beginning in one calendar year and ending in the following year (fiscal tax year) must file Form 4506-T to request a return transcript.

**Note:** If you are unsure of which type of transcript you need, request the Record of Account, as it provides the most detailed information.

**Tip.** Use Form 4506, Request for Copy of Tax Return, to request copies of tax returns.

**Automated transcript request.** You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Get a Tax Transcript..." under "Tools" or call 1-800-908-9946.

**Where to file.** Mail or fax Form 4506-T to the address below for the state you lived in, or the state your business was in, when that return was filed. There are two address charts: one for individual transcripts (Form 1040 series and Form W-2) and for all other transcripts.

If you are requesting more than one transcript or other product and the chart below shows two different addresses, send your request to the address based on the address of your most recent return.

## Chart for individual transcripts (Form 1040 series and Form W-2 and Form 1099)

| If you filed an individual return and lived in: | Mail or fax to: |
|---|---|
| Alabama, Kentucky, Louisiana, Mississippi, Tennessee, Texas, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team Stop 6716 AUSC Austin, TX 73301  855-587-9604 |
| Alaska, Arizona, Arkansas, California, Colorado, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Utah, Washington, Wisconsin, Wyoming | Internal Revenue Service RAIVS Team Stop 37106 Fresno, CA 93888  855-800-8105 |
| Connecticut, Delaware, District of Columbia, Florida, Georgia, Maine, Maryland, Massachusetts, Missouri, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Vermont, Virginia, West Virginia | Internal Revenue Service RAIVS Team Stop 6705 S-2 Kansas City, MO 64999  855-821-0094 |

## Chart for all other transcripts

| If you lived in or your business was in: | Mail or fax to: |
|---|---|
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maryland, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Jersey, New Mexico, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, Washington, West Virginia, Wisconsin, Wyoming, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409  855-298-1145 |
| Maine, Massachusetts, New Hampshire, New York, Pennsylvania, Vermont | Internal Revenue Service RAIVS Team Stop 6705 S-2 Kansas City, MO 64999  855-821-0094 |

**Line 1b.** Enter your employer identification number (EIN) if your request relates to a business return. Otherwise, enter the first social security number (SSN) or your individual taxpayer identification number (ITIN) shown on the return. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Line 3.** Enter your current address. If you use a P.O. box, include it on this line.

**Line 4.** Enter the address shown on the last return filed if different from the address entered on line 3.

**Note:** If the addresses on lines 3 and 4 are different and you have not changed your address with the IRS, file Form 8822, Change of Address. For a business address, file Form 8822-B, Change of Address or Responsible Party — Business.

**Line 5b.** Enter up to 10 numeric characters to create a unique customer file number that will appear on the transcript. The customer file number **should not** contain an SSN. Completion of this line is not required.

**Note.** If you use an SSN, name or combination of both, we will not input the information and the customer file number will be blank on the transcript.

**Line 6.** Enter only one tax form number per request.

**Signature and date.** Form 4506-T must be signed and dated by the taxpayer listed on line 1a or 2a. The IRS must receive Form 4506-T within 120 days of the date signed by the taxpayer or it will be rejected. Ensure that all applicable lines are completed before signing.



*You must check the box in the signature area to acknowledge you have the authority to sign and request the information. The form will not be processed and returned to you if the box is unchecked.*

**Individuals.** Transcripts of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506-T exactly as your name appeared on the original return. If you changed your name, also sign your current name.

**Corporations.** Generally, Form 4506-T can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer. A bona fide shareholder of record owning 1 percent or more of the outstanding stock of the corporation may submit a Form 4506-T but must provide documentation to support the requester's right to receive the information.

**Partnerships.** Generally, Form 4506-T can be signed by any person who was a member of the partnership during any part of the tax period requested on line 9.

**All others.** See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Note:** If you are Heir at law, Next of kin, or Beneficiary you must be able to establish a material interest in the estate or trust.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the letters testamentary authorizing an individual to act for an estate.

**Signature by a representative.** A representative can sign Form 4506-T for a taxpayer only if the taxpayer has specifically delegated this authority to the representative on Form 2848, line 5. The representative must attach Form 2848 showing the delegation to Form 4506-T.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested tax information under the Internal Revenue Code. We need this information to properly identify the tax information and respond to your request. You are not required to request any transcript; if you do request a transcript, sections 6103 and 6109 and their regulations require you to provide this information, including your SSN or EIN. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506-T will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 10 min.; **Preparing the form,** 12 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506-T simpler, we would be happy to hear from you. You can write to:

Internal Revenue Service
Tax Forms and Publications Division
1111 Constitution Ave. NW, IR-6526
Washington, DC 20224

Do not send the form to this address. Instead, see *Where to file* on this page.

12CE19C6-262A-4ACC-8D40-02A0E6708BDCD : 000032 of 000038

EXH : 000029 of 000032

Form **4506-T**
(March 2019)
Department of the Treasury
Internal Revenue Service

## Request for Transcript of Tax Return

▶ Do not sign this form unless all applicable lines have been completed.
▶ Request may be rejected if the form is incomplete or illegible.
▶ For more information about Form 4506-T, visit *www.irs.gov/form4506t*.

OMB No. 1545-1872

**Tip.** Use Form 4506-T to order a transcript or other return information free of charge. See the product list below. You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Get a Tax Transcript..." under "Tools" or call 1-800-908-9946. If you need a copy of your return, use **Form 4506, Request for Copy of Tax Return.** There is a fee for a copy of your return.

| **1a** Name shown on tax return. If a joint return, enter the name shown first. <br><br> Danny McCown, Jr. | **1b** First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions) |
|---|---|
| **2a** If a joint return, enter spouse's name shown on tax return. | **2b** Second social security number or individual taxpayer identification number if joint tax return |

room, or suite no.), city, state, and ZIP code (see instructions)

**4** Previous address shown on the last return filed if different from line 3 (see instructions)

**5a** If the transcript or tax information is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

David T. Schaefer/Christopher Jackson/Lori McCloud, Dinsmore & Shohl, LLP, 101 South Fifth Street, Suite 2500, Louisville, Kentucky 40202

**5b** Customer file number (if applicable) (see instructions)

**Caution:** If the tax transcript is being mailed to a third party, ensure that you have filled in lines 6 through 9 before signing. Sign and date the form once you have filled in these lines. Completing these steps helps to protect your privacy. Once the IRS discloses your tax transcript to the third party listed on line 5a, the IRS has no control over what the third party does with the information. If you would like to limit the third party's authority to disclose your transcript information, you can specify this limitation in your written agreement with the third party.

**6** **Transcript requested.** Enter the tax form number here (1040, 1065, 1120, etc.) and check the appropriate box below. Enter only one tax form number per request. ▶ _____1040_____

**a** **Return Transcript,** which includes most of the line items of a tax return as filed with the IRS. A tax return transcript does not reflect changes made to the account after the return is processed. Transcripts are only available for the following returns: Form 1040 series, Form 1065, Form 1120, Form 1120-A, Form 1120-H, Form 1120-L, and Form 1120S. Return transcripts are available for the current year and returns processed during the prior 3 processing years. Most requests will be processed within 10 business days . . . . . . ☑

**b** **Account Transcript,** which contains information on the financial status of the account, such as payments made on the account, penalty assessments, and adjustments made by you or the IRS after the return was filed. Return information is limited to items such as tax liability and estimated tax payments. Account transcripts are available for most returns. Most requests will be processed within 10 business days . . ☑

**c** **Record of Account,** which provides the most detailed information as it is a combination of the Return Transcript and the Account Transcript. Available for current year and 3 prior tax years. Most requests will be processed within 10 business days . . . . ☑

**7** **Verification of Nonfiling,** which is proof from the IRS that you **did not** file a return for the year. Current year requests are only available after June 15th. There are no availability restrictions on prior year requests. Most requests will be processed within 10 business days . . ☑

**8** **Form W-2, Form 1099 series, Form 1098 series, or Form 5498 series transcript.** The IRS can provide a transcript that includes data from these information returns. State or local information is not included with the Form W-2 information. The IRS may be able to provide this transcript information for up to 10 years. Information for the current year is generally not available until the year after it is filed with the IRS. For example, W-2 information for 2011, filed in 2012, will likely not be available from the IRS until 2013. If you need W-2 information for retirement purposes, you should contact the Social Security Administration at 1-800-772-1213. Most requests will be processed within 10 business days . ☑

**Caution:** If you need a copy of Form W-2 or Form 1099, you should first contact the payer. To get a copy of the Form W-2 or Form 1099 filed with your return, you must use Form 4506 and request a copy of your return, which includes all attachments.

**9** **Year or period requested.** Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than four years or periods, you must attach another Form 4506-T. For requests relating to quarterly tax returns, such as Form 941, you must enter each quarter or tax period separately.

| 12 / 31 / 2016 | 12 / 31 / 2017 | 12 / 31 / 2018 | 12 / 31 / 2019 |
|---|---|---|---|

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax information requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, 1 percent or more shareholder, partner, managing member, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506-T on behalf of the taxpayer. **Note:** This form must be received by IRS within 120 days of the signature date.

☑ **Signatory attests that he/she has read the attestation clause and upon so reading declares that he/she has the authority to sign the Form 4506-T.** See instructions.

Phone number of taxpayer on line 1a or 2a

**Sign Here**

▶ _____
  Signature (see instructions)                                    Date

▶ _____
  Title (if line 1a above is a corporation, partnership, estate, or trust)

  _____
  Spouse's signature                                             Date

**For Privacy Act and Paperwork Reduction Act Notice, see page 2.**

Cat. No. 37667N

Form **4506-T** (Rev. 3-2019)

12CE19C6-262A-4ACC-8D40-02A0E6708BDCD : 000033 of 000038

EXH : 000030 of 000032

Section references are to the Internal Revenue Code unless otherwise noted.

## Future Developments

For the latest information about Form 4506-T and its instructions, go to www.irs.gov/form4506t. Information about any recent developments affecting Form 4506-T (such as legislation enacted after we released it) will be posted on that page.

**What's New.** The transcripts provided by the IRS have been modified to protect taxpayers' privacy. Transcripts only display partial personal information, such as the last four digits of the taxpayer's Social Security Number. Full financial and tax information, such as wages and taxable income, is shown on the transcript.

A new optional Customer File Number field is available to use when requesting a transcript. You have the option of inputting a number, such as a loan number, in this field. You can input up to 10 numeric characters. The customer file number should not contain an SSN. This number will print on the transcript. The customer file number is an optional field and not required.

## General Instructions

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Purpose of form.** Use Form 4506-T to request tax return information. You can also designate (on line 5a) a third party to receive the information. Taxpayers using a tax year beginning in one calendar year and ending in the following year (fiscal tax year) must file Form 4506-T to request a return transcript.

**Note:** If you are unsure of which type of transcript you need, request the Record of Account, as it provides the most detailed information.

**Tip.** Use Form 4506, Request for Copy of Tax Return, to request copies of tax returns.

**Automated transcript request.** You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Get a Tax Transcript..." under "Tools" or call 1-800-908-9946.

**Where to file.** Mail or fax Form 4506-T to the address below for the state you lived in, or the state your business was in, when that return was filed. There are two address charts: one for individual transcripts (Form 1040 series and Form W-2) and one for all other transcripts.

If you are requesting more than one transcript or other product and the chart below shows two different addresses, send your request to the address based on the address of your most recent return.

## Chart for individual transcripts (Form 1040 series and Form W-2 and Form 1099)

**If you filed an individual return and lived in:** | **Mail or fax to:**
---|---
Alabama, Kentucky, Louisiana, Mississippi, Tennessee, Texas, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team Stop 6716 AUSC Austin, TX 73301  855-587-9604
Alaska, Arizona, Arkansas, California, Colorado, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Utah, Washington, Wisconsin, Wyoming | Internal Revenue Service RAIVS Team Stop 37106 Fresno, CA 93888  855-800-8105
Connecticut, Delaware, District of Columbia, Florida, Georgia, Maine, Maryland, Massachusetts, Missouri, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Vermont, Virginia, West Virginia | Internal Revenue Service RAIVS Team Stop 6705 S-2 Kansas City, MO 64999  855-821-0094

## Chart for all other transcripts

**If you lived in or your business was in:** | **Mail or fax to:**
---|---
Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maryland, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Jersey, New Mexico, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, Washington, West Virginia, Wisconsin, Wyoming, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409  855-298-1145
Maine, Massachusetts, New Hampshire, New York, Pennsylvania, Vermont | Internal Revenue Service RAIVS Team Stop 6705 S-2 Kansas City, MO 64999  855-821-0094

**Line 1b.** Enter your employer identification number (EIN) if your request relates to a business return. Otherwise, enter the first social security number (SSN) or your individual taxpayer identification number (ITIN) shown on the return. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Line 3.** Enter your current address. If you use a P.O. box, include it on this line.

**Line 4.** Enter the address shown on the last return filed if different from the address entered on line 3.

**Note:** If the addresses on lines 3 and 4 are different and you have not changed your address with the IRS, file Form 8822, Change of Address. For a business address, file Form 8822-B, Change of Address or Responsible Party — Business.

**Line 5b.** Enter up to 10 numeric characters to create a unique customer file number that will appear on the transcript. The customer file number **should not** contain an SSN. Completion of this line is not required.

**Note.** If you use an SSN, name or combination of both, we will not input the information and the customer file number will be blank on the transcript.

**Line 6.** Enter only one tax form number per request.

**Signature and date.** Form 4506-T must be signed and dated by the taxpayer listed on line 1a or 2a. The IRS must receive Form 4506-T within 120 days of the date signed by the taxpayer or it will be rejected. Ensure that all applicable lines are completed before signing.



*You must check the box in the signature area to acknowledge you have the authority to sign and request the information. The form will not be processed and returned to you if the box is unchecked.*

**Individuals.** Transcripts of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506-T exactly as your name appeared on the original return. If you changed your name, also sign your current name.

**Corporations.** Generally, Form 4506-T can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer. A bona fide shareholder of record owning 1 percent or more of the outstanding stock of the corporation may submit a Form 4506-T but must provide documentation to support the requester's right to receive the information.

**Partnerships.** Generally, Form 4506-T can be signed by any person who was a member of the partnership during any part of the tax period requested on line 9.

**All others.** See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Note:** If you are Heir at law, Next of kin, or Beneficiary you must be able to establish a material interest in the estate or trust.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the letters testamentary authorizing an individual to act for an estate.

**Signature by a representative.** A representative can sign Form 4506-T for a taxpayer only if the taxpayer has specifically delegated this authority to the representative on Form 2848, line 5. The representative must attach Form 2848 showing the delegation to Form 4506-T.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested tax information under the Internal Revenue Code. We need this information to properly identify the tax information and respond to your request. You are not required to request any transcript; if you do request a transcript, sections 6103 and 6109 and their regulations require you to provide this information, including your SSN or EIN. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506-T will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 10 min.; **Preparing the form,** 12 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506-T simpler, we would be happy to hear from you. You can write to:

Internal Revenue Service
Tax Forms and Publications Division
1111 Constitution Ave. NW, IR-6526
Washington, DC 20224

Do not send the form to this address. Instead, see *Where to file* on this page.

Filed                    20-CI-00412        10/02/2020              Douglas R. Hall, Floyd Circuit Clerk

*Legal Counsel.*



DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, KY 40202
www.dinsmore.com

David T. Schaefer
(502) 581-8026  (direct) · (502) 585-2207 (fax)
david.schaefer@dinsmore.com

September 10, 2020

Glenn M. Hammond
Glenn M. Hammond Law Office
P.O. Box 1109
5476 North Mayo Trail
Pikeville, KY 41502

**Re:    McCown v. Hyundai**
         **Floyd Circuit Court, Case No. 20-CI-412**

Dear Mr. Hammond:

My office served a set of written discovery requests to your client on July 31, 2020.  For your convenience, I enclose another copy of Hyundai Motor America's First Set of Interrogatories and Requests for Production of Documents Propounded to Plaintiff.  Your client's responses are now overdue.  I look forward to receiving the responses very soon.  Also, I never received a response to my letter to you dated July 23, 2020, a copy of which is also enclosed.

Very truly yours,

/s/David T. Schaefer

David T. Schaefer
Partner
DTS/jo
Enclosures

16835735.1

Filed                    20-CI-00412        10/02/2020              Douglas R. Hall, Floyd Circuit Clerk

COMMONWEALTH OF KENTUCKY
FLOYD CIRCUIT COURT
CIVIL ACTION NO. 20-CI-412

*Electronically Filed*

DANNY MCCOWN, JR                                                    PLAINTIFF


v.                              **ORDER**

HYUNDAI MOTOR AMERICA AND
TIM SHORT CHRYSLER DODGE, JEEP, RAM,
FIAT OF PIKEVILLE d/b/a TIM SHORT
PIKEVILLE, LLC                                                     DEFENDANTS

\*    \*    \*    \*

        This matter having come before the Court on the Motion of Defendant, Hyundai Motor America ("HMA") for an order compelling Plaintiff to provide responses to HMA's Interrogatories and Requests for Production of Documents, and the Court having reviewed the record, having heard the arguments of counsel, and being otherwise sufficiently advised:

        IT IS HEREBY ORDERED that HMA's Motion to Compel is GRANTED.  Plaintiff must serve sworn and verified responses to the Interrogatories and Requests for Production of Documents propounded to Plaintiff by HMA within ten days upon entry of this order.

        So ordered this ____ day of _____, 2020.


                                        _____
                                        JUDGE, FLOYD CIRCUIT COURT

12CE19C6-262A-4ACC-8D40-02A0E6708DCD : 000037 of 000038

TENDERED BY:

/s/Christopher L. Jackson
David T. Schaefer
Anne K. Guillory
Christopher L. Jackson
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
Phone: (502) 581-8000
Fax: (502) 581-8111
david.schaefer@dinsmore.com
anne.guillory@dinsmore.com
christopher.jackson@dinsmore.com
*Counsel for Defendant,*
*Hyundai Motor America*

**CLERK'S CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served upon the following, by U.S. Mail, on this the ___ day of _________, 2020:

Glenn M. Hammond
Glenn M. Hammond Law Office
P.O. Box 1109
5476 North Mayo Trail
Pikeville, KY 41502
*Counsel for Plaintiff*

Susan J. Pope
Wade H. ("Jeff") Jefferson IV
Nolan M. Jackson
Frost Brown Todd LLC
250 W. Main Street, Suite 2800
Lexington, KY 40507-1749
*Counsel for Defendant,*
*Tim Short Pikeville LLC*

TD : 000002 of 000003

David T. Schaefer
Anne K. Guillory
Christopher L. Jackson
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
david.schaefer@dinsmore.com
anne.guillory@dinsmore.com
christopher.jackson@dinsmore.com
*Counsel for Defendant,*
*Hyundai Motor America*

_____
CLERK, FLOYD CIRCUIT COURT

16936668.1

DATE: _10-2-20_
DIV: _I_
MOTION HR _10-16-20_ _9:00_
DEPUTY _____

COMMONWEALTH OF KENTUCKY
FLOYD CIRCUIT COURT
CIVIL ACTION NO. 20-CI-412

FILED _____ ENTERED
TENDERED _____ RECEIVED
THIS _20_ DAY OF _Oct_ 20 _20_
DOUGLAS R. HALL, CLERK
BY: _____ D.C.

*Electronically Filed*

DANNY MCCOWN, JR                                                    PLAINTIFF

v.                                      **ORDER**

HYUNDAI MOTOR AMERICA AND
TIM SHORT CHRYSLER DODGE, JEEP, RAM,
FIAT OF PIKEVILLE d/b/a TIM SHORT
PIKEVILLE, LLC                                                     DEFENDANTS

\*   \*   \*   \*

This matter having come before the Court on the Motion of Defendant, Hyundai Motor America ("HMA") for an order compelling Plaintiff to provide responses to HMA's Interrogatories and Requests for Production of Documents, and the Court having reviewed the record, having heard the arguments of counsel, and being otherwise sufficiently advised:

IT IS HEREBY ORDERED that HMA's Motion to Compel is GRANTED. Plaintiff must serve sworn and verified responses to the Interrogatories and Requests for Production of Documents propounded to Plaintiff by HMA within ~~ten~~ 20 days upon entry of this order.

So ordered this _16_ day of _October_, 2020.

_____
JUDGE, FLOYD CIRCUIT COURT

TENDERED BY:

/s/ Christopher L. Jackson
David T. Schaefer
Anne K. Guillory
Christopher L. Jackson
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
Phone: (502) 581-8000
Fax:  (502) 581-8111
david.schaefer@dinsmore.com
anne.guillory@dinsmore.com
christopher.jackson@dinsmore.com
*Counsel for Defendant,*
*Hyundai Motor America*

## CLERK'S CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon the

following, by U.S. Mail, on this the 7th day of Oct , 2020:

Glenn M. Hammond
Glenn M. Hammond Law Office
P.O. Box 1109
5476 North Mayo Trail
Pikeville, KY 41502
*Counsel for Plaintiff*

Susan J. Pope
Wade H. ("Jeff") Jefferson IV
Nolan M. Jackson
Frost Brown Todd LLC
250 W. Main Street, Suite 2800
Lexington, KY 40507-1749
*Counsel for Defendant,*
*Tim Short Pikeville LLC*

TD : 000002 of 000003

David T. Schaefer
Anne K. Guillory
Christopher L. Jackson
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
david.schaefer@dinsmore.com
anne.guillory@dinsmore.com
christopher.jackson@dinsmore.com
*Counsel for Defendant,*
*Hyundai Motor America*

_Doug Hall   by: A. Carroll DC._
CLERK, FLOYD CIRCUIT COURT

16936668.1

COMMONWEALTH OF KENTUCKY
FLOYD CIRCUIT COURT
CIVIL ACTION NO. 20-CI-412

DANNY MCCOWN, JR                                              PLAINTIFF

v.

HYUNDAI MOTOR AMERICA AND                          DEFENDANTS
TIM SHORT CHRYSLER DODGE, JEEP, RAM,
FIAT OF PIKEVILLE d/b/a TIM SHORT
PIKEVILLE, LLC


**<u>PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANTS FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF</u>**


COMES NOW the Plaintiff, Danny McCown, Jr., by and through counsel and for his answers

and responses to the Defendants First Set of Interrogatories and Requests for Production

furnishes the following:

**GENERAL OBJECTIONS & OBJECTIONS TO INSTRUCTIONS**

1. Plaintiff objects to each interrogatory to the extent it calls for information not reasonably

calculated to lead to the discovery of admissible evidence as to Plaintiffs' individual claims

asserted in Plaintiffs' Complaint. Plaintiff submits these Answers and Objections without

conceding the relevance or materiality of the subject matter of any answer, document, or

Interrogatory.

2. Plaintiff objects to each interrogatory to the extent it calls for the production of documents or

information that is private, confidential, proprietary, or similarly protected material. Subject to

that objection, Plaintiff will produce appropriate documents subject to Kentucky Rules of Civil

Procedure and orders of the Court and/or as necessary to supplement.

3. Plaintiff objects to each interrogatory to the extent it calls for production of documents or information for which Plaintiff owes a third party an obligation of confidentiality or privacy.

4. Plaintiff objects to each interrogatory to the extent it assumes disputed facts or legal conclusions in the terms of the interrogatory or any applicable definitions. Any response or objection, including any discoverable information or documents produced by Plaintiff, is without prejudice to this objection.

   5. Plaintiff objects to each of these interrogatories on the grounds that they seek information

   beyond the permissible scope of discovery in the current procedural posture of this case.

## INTERROGATORIES

1. Please state your full name and all names previously used, date of birth, Social Security number, current address and all addresses used in the past ten years, dates of all marriages, names and ages of all children, your educational background, and provide a brief summary of your employment within the past ten years.

**ANSWER:**

**Danny McCown Jr.**
**DOB:** ▮▮▮▮▮
**SS#:** ▮▮▮▮▮
**24 JT Drive**
**Wheelwright, Kentucky  41669**

**My educational experience includes some college. I was formerly employed as a coal miner. I have been married to Sally McCown since April 17th, 1984. I have one son named Dana McCown.**

**In addition, Plaintiff will supplement this answer with additional information as made available or according to Kentucky Rules of Civil Procedure and/or in the alternative Orders of the Court.**

2. Please provide your height and weight as of the date of the accident.

**ANSWER:**

**Plaintiff objects to this question as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. In addition this request seeks information that is irrelevant to the subject matter in the instant case, and the information sought is not reasonably calculated to lead to the discovery of admissible evidence.**

**Without waiving this objection Plaintiff believes he is 6'0" tall and weighs around three hundred fifty pounds (350).**

**In addition, Plaintiff will supplement this answer with additional information as made available or according to Kentucky Rules of Civil Procedure and/or in the alternative Orders of the Court.**

3. Please provide the provider, account number, brand, model and telephone number of any cellular telephone(s) owned or used by you on the accident date.

**ANSWER:**

**Plaintiff objects to this question as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. In addition this request seeks information that is irrelevant to the subject matter in the instant case, and the information sought is not reasonably calculated to lead to the discovery of admissible evidence.**

4. Please provide all account, user, and/ or handle names for any social-media accounts, including but not limited to Facebook, Twitter, Flickr, Myspace etc., used by you from January 1, 2019 up to and including the present time.

**ANSWER**

**Plaintiff objects to this question as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. In addition this request seeks information that is irrelevant to the subject matter in the instant case, and the information sought is not reasonably calculated to lead to the discovery of admissible evidence.**

5. Please describe specifically and in detail how the accident occurred, including, but not limited to, your recollection of the details of the accident and the events immediately before and after the accident.

**ANSWER:**

**Plaintiff objects to this question as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. In addition this request seeks information that is irrelevant to the subject matter in the instant case, and the information sought is not reasonably calculated to lead to the discovery of admissible evidence.**

**Without waiving this objection, Plaintiff would refer to accident and/or incident report which is included with this request.**

6. State each fact and matter of opinion upon which you base the allegations of manufacturing defect set forth in paragraphs 13 and 15 of the Complaint, describing specifically each defect; how each such defect was a substantial factor in causing or enhancing your alleged injuries and damages; the names and addresses of all persons having knowledge of such facts or opinions, indicating which facts or opinions each such witness is believed to possess; identify all documents or other tangible evidence that you believe support such claim, and the source or author of all facts or matters of opinion upon which you base said allegations.

**ANSWER:**

**Plaintiff objects to this interrogatory because it seeks information from third parties and information not within its possession, custody, control, or personal knowledge. In addition, Plaintiff objects to this question as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.**

**Without waiving this objection, Plaintiff would refer to the Consumer Product Safety Commission, Commonwealth of Kentucky Department of Motor Vehicles and any available recall or releases which is/are relevant to the 2017 Hyundai Sonata.**

**In addition, Plaintiff will supplement this answer with additional information as made available or according to Kentucky Rules of Civil Procedure and/or in the alternative Orders of the Court.**

7. State each fact and matter of opinion upon which you base the allegations of inadequate warnings or instructions set forth in paragraph 16 of the Complaint, describing specifically each warning or instruction you allege was inadequate; how each such allegedly inadequate warning or instruction was a substantial factor in causing or enhancing your alleged injuries and damages; the names and addresses of all persons having knowledge of such facts or opinions, indicating which facts or opinions each such witness is believed to possess; identify all documents or other tangible evidence that you believe support such claim, and the source or author of all facts or matters of opinion upon which you base said allegations.

**ANSWER:**

**Plaintiff objects to this interrogatory because it seeks information from third parties and information not within its possession, custody, control, or personal knowledge. In addition, Plaintiff objects to this question as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.**

**Without waiving this objection, Plaintiff would refer to the Consumer Product Safety Commission, Commonwealth of Kentucky Department of Motor Vehicles and any available recall or releases which is/are relevant to the 2017 Hyundai Sonata.**

**In addition, Plaintiff will supplement this answer with additional information as made available or according to Kentucky Rules of Civil Procedure and/or in the alternative Orders of the Court.**

8. State each fact and matter of opinion upon which you base the allegations of design defect set forth in paragraph 13 and 15 of the Complaint, describing specifically each defect; how each such defect was a substantial factor in causing or enhancing your alleged injuries and damages; the alternative design that you allege should have been adopted; the names and addresses of all persons having knowledge of such facts or opinions, indicating which facts or opinions each such witness is believed to possess; identify all documents or other tangible evidence that you believe support such claim, and the source or author of all facts or matters of opinion upon which you base said allegations.

**ANSWER:**

**Plaintiff objects to this interrogatory because it seeks information from third parties and information not within its possession, custody, control, or personal knowledge. In addition, Plaintiff objects to this question as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.**

**Without waiving this objection, Plaintiff would refer to the Consumer Product Safety Commission, Commonwealth of Kentucky Department of Motor Vehicles and any available recall or releases which is/are relevant to the 2017 Hyundai Sonata.**

**In addition, Plaintiff will supplement this answer with additional information as made available or according to Kentucky Rules of Civil Procedure and/or in the alternative Orders of the Court.**

9. State each fact and matter of opinion upon which you base the allegations of negligence set forth in paragraph 15 of the Complaint, describing specifically each negligent act or omission; how each such act or omission was a substantial factor in causing or enhancing your alleged injuries and damages; the names and addresses of all persons having knowledge of such facts or opinions, indicating which facts or opinions each such witness is believed to possess; identify all

documents or other tangible evidence that you believe support such claim, and the source or author of all facts or matters of opinion upon which you base said allegations.

**ANSWER:**

**Plaintiff objects to this question as overly broad, unduly burdensome, and vague. Furthermore this request calls for information previously given concerning the unreasonable nature of the vehicle which causes and results in physical injury and damages to Plaintiff.**

10. State each fact and matter of opinion upon which you base the allegations of breach of express or implied warranty set forth in paragraph 14 of the Complaint, describing specifically each warranty and breach; how each such breach was a substantial factor in causing or enhancing your alleged injuries and damages; the names and addresses of all persons having knowledge of such facts or opinions, indicating which facts or opinions each such witness is believed to possess; identify all documents or other tangible evidence that you believe support such claim, and the source or author of all facts or matters of opinion upon which you base said allegations.

**ANSWER:**

**Plaintiff objects to this interrogatory because it seeks information from third parties and information not within its possession, custody, control, or personal knowledge. In addition, Plaintiff objects to this question as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.**

**Without waiving this objection, Plaintiff would refer to the Consumer Product Safety Commission, Commonwealth of Kentucky Department of Motor Vehicles and any available recall or releases which is/are relevant to the 2017 Hyundai Sonata.**

**In addition, Plaintiff will supplement this answer with additional information as made available or according to Kentucky Rules of Civil Procedure and/or in the alternative Orders of the Court.**

11. State each fact and matter of opinion upon which you base the allegations of gross negligence set forth in paragraph 18 of the Complaint, describing specifically each act of gross negligence; how each such act of gross negligence was a substantial factor in causing or enhancing your alleged injuries and damages; the names and addresses of all persons having knowledge of such facts or opinions, indicating which facts or opinions each such witness is believed to possess; identify all documents or other tangible evidence that you believe support such claim, and the source or author of all facts or matters of opinion upon which you base said allegations.

**ANSWER:**

**Plaintiff objects to this question as overly broad, unduly burdensome, and vague. Furthermore this request calls for information previously given concerning the unreasonable nature of the vehicle which causes and results in physical injury and damages to Plaintiff.**

12. If it is your contention that the subject vehicle failed to comply with a specific applicable statute, safety code, standard, administrative regulation, custom, engineering practice or the state of the art of automotive safety," state specifically and in detail what statute, safety code, standard, administrative regulation, custom, or engineering practice or "state of the art of automotive safety" was not complied with, give the section, paragraph, edition, or source of same, and state how such alleged failure caused or contributed to cause the accident or injuries, in the context of the specific subject accident.

**ANSWER:**

**Plaintiff objects to this interrogatory because it seeks information from third parties and information not within its possession, custody, control, or personal knowledge. In addition, Plaintiff objects to this question as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.**

**Without waiving this objection, Plaintiff would refer to the Consumer Product Safety Commission, Commonwealth of Kentucky Department of Motor Vehicles and any available recall or releases which is/are relevant to the 2017 Hyundai Sonata.**

**In addition, Plaintiff will supplement this answer with additional information as made available or according to Kentucky Rules of Civil Procedure and/or in the alternative Orders of the Court.**

13. With regard to any expert who may be called as a witness at the trial on your behalf, state his or her name, address, telephone number, expert qualifications, and, in addition thereto, state separately the subject matter upon which each such expert is expected to testify, state separately the detailed substance of the facts and opinions to which each such expert is expected to testify and state separately a summary of the grounds for each opinion of each expert with a listing of all documentation supporting the substance of said grounds.

**ANSWER:**

**Undetermined at this time. Once a determination has been made, Plaintiff will supplement this answer in accordance with the Kentucky Rules of Civil Procedure and/or Court Order.**

14. Have you, or has anyone on your behalf, performed any inspections, tests, experiments, or simulations with regard to any matter in issue in this litigation? If so, state when and where all such inspections, tests, experiments, or simulations were performed, by whom they were performed, and the results of all such inspections, tests, experiments, or simulations.

**ANSWER:**

**Plaintiff objects to this interrogatory because it seeks information from third parties and information not within its possession, custody, control, or personal knowledge. In addition, Plaintiff objects to this question as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.**

**Without waiving this objection, Plaintiff would refer to the Consumer Product Safety Commission, Commonwealth of Kentucky Department of Motor Vehicles and any available recall or releases which is/are relevant to the 2017 Hyundai Sonata.**

**In addition, Plaintiff will supplement this answer with additional information as made available or according to Kentucky Rules of Civil Procedure and/or in the alternative Orders of the Court.**

15. Please identify by name and address all persons or entities who currently have or had possession or custody of, or have inspected, the subject vehicle between the time of the subject accident and the present time, providing the respective periods of time each such person or entity had possession or custody of, or access to, the subject vehicle.

**ANSWER:**

**Plaintiff objects to this interrogatory because it seeks information from third parties and information not within its possession, custody, control, or personal knowledge. In addition, Plaintiff objects to this question as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.**

**Without waiving this objection, Plaintiff responds upon information and belief that the vehicle in now in the possession of the financing entity US Bank. Plaintiff has made several requests to have a third party inspection of the vehicle at a reasonable time and place for all parties.**

**In addition, Plaintiff will supplement this answer with additional information as made available or according to Kentucky Rules of Civil Procedure and/or in the alternative Orders of the Court.**

16. Identify any modifications, alterations, damage, any testing whatsoever, destruction or replacements to the subject vehicle that may have occurred between the time of the subject accident and the present time, and please provide the names and addresses of each person or

entity who caused or allowed such alteration, testing or damage to occur; the date any such alteration, testing or damage occurred; and the reason or reasons it occurred.

**ANSWER:**

**Plaintiff objects to this interrogatory because it seeks information from third parties and information not within its possession, custody, control, or personal knowledge. In addition, Plaintiff objects to this question as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.**

17. Indicate whether you spoke to or gave a statement to any law enforcement officer, public agency, public entity, health care professional or emergency medical technician concerning any aspect of the accident. If so, state how soon after the accident each statement was given; state the location where you gave each statement; identify each person present when each statement was given; and if oral, state the substance of the statement.

**ANSWER:**

**Plaintiff objects to this interrogatory because it seeks information from third parties and information not within its possession, custody, control, or personal knowledge. In addition, Plaintiff objects to this question as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.**

**Without waiving this objection, Plaintiff would refer to accident/incident report included with these requests.**

18. Please identify any law enforcement officer, public agency, public entity, health care professional or emergency medical service that responded to the subject accident.

**ANSWER:**

**Plaintiff objects to this interrogatory because it seeks information from third parties and information not within its possession, custody, control, or personal knowledge. In addition, Plaintiff objects to this question as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.**

**Without waiving this objection, Plaintiff would refer to accident/incident report included with these requests.**

19. Other than persons listed by you in response to the interrogatories above, list the names and addresses of all other witnesses who have knowledge concerning the facts or circumstances before or after the accident in question, or the condition of the subject vehicle at any time relevant hereto, or the purchase of the subject vehicle, and state briefly what facts or knowledge each such witness is believed to possess; and the names and addresses of all other persons who

may be called as a witness to testify on your behalf at the trial of this case, and state briefly what facts or knowledge each such person is believed to possess.

**ANSWER:**
**Plaintiff objects to this interrogatory because it seeks information from third parties and information not within its possession, custody, control, or personal knowledge. In addition, Plaintiff objects to this question as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.**

**Without waiving this objection, Plaintiff would refer to accident/incident report included with these requests.**

20. Describe in detail all injuries that you claim to have sustained as a result of the subject accident, including the present condition of each injury, including any soft tissue injury, soreness or abrasions, no matter how minor.

**ANSWER:**

21. Pursuant to CR 8.01(2), please set forth the amounts of damages, if any, you seek for the following: pain and suffering; past medical expenses; future medical expenses; lost wages; impairment of the ability to labor and earn money; punitive damages; and any other element of damages claimed in this action.

**ANSWER:**

**Undetermined at this time. Once a determination has been made, Plaintiff will supplement this answer in accordance with the Kentucky Rules of Civil Procedure and/or Court Order.**

22. Identify by name and address each healthcare professional, hospital and healthcare facility you consulted or where you treated for any injuries or conditions resulting from this accident.

**ANSWER:**

**Plaintiff objects to this interrogatory because it seeks information from third parties and information not within its possession, custody, control, or personal knowledge. Without waiving this objection, Plaintiff would refer to medical information and release included in these requests.**

23. Please identify, by name and current address, all insurance companies, persons and/ or other entities from whom you have received benefits or payments of any nature as a result of the injuries that you sustained as a result of the accident in question, and provide an itemization of the amounts of such benefits or payments.

**ANSWER:**

**Plaintiff objects to this interrogatory because it seeks information from third parties and information not within its possession, custody, control, or personal knowledge. Without waiving this objection, Plaintiff would refer to medical information and release included in these requests. In addition, the vehicle in the instant action was insured by:**

**Erie Insurance Company**
**1146 Monarch Street**
**STE 140**
**Lexington, KY 40513**

24. If you have ever applied for Social Security Disability Insurance, provide date of application(s); a description of the injury(ies) claimed in the application(s); whether the claim was denied and, if so, the date the denial of benefits was issued; the reason for the denial stated by the Social Security Administration; whether the denial of benefits was appealed and, if so, the date of the appeal; and whether the denial of benefits was reversed.

**ANSWER:**

**Plaintiff objects to this question as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.**

**Without waiving this objection, Plaintiff refers Defendant to medical information/release provided for in requests.**

25. If Social Security Disability Insurance (SSDI) benefits were awarded to you, provide the date of such award; the beginning date that the SSDI benefits covered; the time period for which such benefits were paid; a description of the injury or injuries claimed that resulted in the award; and the date the injury occurred for which SSDI was awarded.

**ANSWER:**

**Plaintiff objects to this question as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.**

**Without waiving this objection, Plaintiff refers Defendant to medical information/release provided for in requests.**

26. Are you now, or have you ever been, a Medicare beneficiary? If so, please provide the date when you first became eligible, the amount of Medicare benefits received, the date these benefits were received, and your Medicare health insurance claim number ("HICN").

**ANSWER:**

Plaintiff objects to this question as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving this objection, Plaintiff refers Defendant to medical information/release provided for in requests.

Respectfully submitted,

/s/Glenn Martin Hammond
**GLENN M. HAMMOND**
5476 North Mayo Trail
P.O. Box 1109
Pikeville, KY 41502-1109
Phone:  (606) 437-7777
Fax:  (606) 437-1004
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this pleading was served upon the following by via email on October 15, 2020:

David T. Schaefer
Anne K. Guillory
Christopher L. Jackson
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202

Susan J. Pope
Wade H. ("Jeff") Jefferson IV
Nolan M. Jackson
Frost Brown Todd
250 West Main St.
Suite 2800
Lexington, Ky 40507-1749

/s/Glenn M. Hammond
GLENN M. HAMMOND

COMMONWEALTH OF KENTUCKY
FLOYD CIRCUIT COURT
CIVIL ACTION NO. 20-CI-412

DANNY MCCOWN, JR                                                    PLAINTIFF


v.      **PLAINTIFF, DANNY MCCOWN JR'S RESPONSES TO REQUESTS FOR**
**PRODUCTION OF DOCUMENTS PROPOUNDED BY HYUNDAI MOTOR**
**AMERICA**

HYUNDAI MOTOR AMERICA AND
TIM SHORT CHRYSLER DODGE, JEEP, RAM,
FIAT OF PIKEVILLE d/b/a TIM SHORT
PIKEVILLE, LLC                                                     DEFENDANTS

_____


Comes the Plaintiff, Danny McCown Jr., by and through counsel, and for his

Responses to Requests For Production of Documents propounded by Hyundai Motor

America, states as follows:

1.      All documents or tangible things used to answer the above

Interrogatories.

**RESPONSE:** Objection. Plaintiff objects to this Request to the extent that it seeks

information protected by attorney client privilege and/or attorney work product.

Subject to and without waiving such objection, Plaintiff states please see discovery

attachments.

2.      All reports of the incident which is the basis of this suit.

**RESPONSE:**  Please see attached accident report. Plaintiff reserves the right to

supplement as needed.

3.      All photographs, slides, motion pictures, films, or videotapes of the subject vehicle or the subject accident.

**RESPONSE:**   Plaintiff does have video of the accident/photos and will be produced by counsel upon receipt.  Plaintiff reserves the right to supplement as needed.

4.      Any exemplar vehicle or components used, tested, or studied by you or anyone on your behalf.

**RESPONSE:** Plaintiff objects to this Request because it seeks information from third parties and information not within its possession, custody, control, or personal knowledge.   In addition, Plaintiff objects to this question as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.   Without waiving this objection, Plaintiff would refer to the Consumer Product Safety Commission, Commonwealth of Kentucky Department of Motor Vehicles and any available recall or releases which is/are relevant to the 2017 Hyundai Sonata.   In addition, Plaintiff will supplement this answer with additional information as made available or according to Kentucky Rules of Civil Procedure and/or in the alternative Orders of the Court.

5.      All photographs, slides, motion pictures, films, or videotapes of any exemplar vehicle used, tested, or studied by you or anyone on your behalf.

**RESPONSE:** Unaware of such at this time.   Plaintiff reserves the right to supplement as needed.

6.      All photographs, slides, motion pictures, films, or videotapes of the scene where the incident occurred.

**RESPONSE:**   Plaintiff does have video of the accident/photos and will be produced by counsel upon receipt.  Plaintiff reserves the right to supplement as needed.

7.      All other photographs, videotapes, motion pictures, x-rays, slides, animations, or illustrations which may be used at the trial of this case.

**RESPONSE:**   Undetermined at this time.   Once a determination has been made, Plaintiff will supplement this answer in accordance with the Kentucky Rules of Civil Procedure and/or Court Order(s).  Plaintiff reserves the right to supplement as needed.

8.      Any and all insurance agreements issued by any persons or organizations, including Medicare or Medicaid, providing insurance coverage of any kind or character for any alleged injuries, damages, or losses you incurred as a result of the incident in question.

**RESPONSE:**   Please see attached CMS Consent For Release.  Plaintiff reserves the right to supplement as needed.

9.      All call logs, phone records and billing records for the month of July 2019 for the cellular telephone(s) identified in your Answer to Interrogatory Number 3.

**RESPONSE:**   Plaintiff objects to this question as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.  In addition, this request seeks information that is irrelevant to the subject matter in the instant case, and the information sought is not reasonably calculated to lead to the discovery of admissible evidence.

10.     Copies of all text messages, emails and voicemail messages, including images, videos and all attachments sent from or received by the cellular telephone(s)

identified in your Answer to Interrogatory Number 3 or via the internet, related in any way to the subject accident or making reference to the events leading up to the subject accident, or related to the context of the subject accident or its consequences, at any time.

**RESPONSE:**   Plaintiff objects to this question as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.  In addition, this request seeks information that is irrelevant to the subject matter in the instant case, and the information sought is not reasonably calculated to lead to the discovery of admissible evidence.

11.     All diaries, calendars, or any lists or notes kept by you regarding the incident in question and/or events thereafter.

**RESPONSE:**  Plaintiff did not keep aforementioned.

12.     Any and all entries, comments, and messages posted on or communicated through social-media accounts, including but not limited to Facebook, Twitter, Flickr, Myspace etc., regarding the incident in question or any of its consequences.

**RESPONSE:**   Plaintiff objects to this question as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.  In addition, this request seeks information that is irrelevant to the subject matter in the instant case, and the information sought is not reasonably calculated to lead to the discovery of admissible evidence.

13.     Any and all documents received from any law enforcement or regulatory agency of the federal or state governments relating to the subject matter of your action against HMA.

**RESPONSE:** Plaintiff objects to this question as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.  In addition, this request seeks information that is irrelevant to the subject matter in the instant case, and the information sought is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objection, Plaintiff would refer to accident and/or incident report which is included with this request.

14.     Any and all newspaper, magazine, or other articles or publications relating to HMA, any other Hyundai entity, the subject vehicle, the subject accident, or other issues in this case which are relevant to the subject matter of this suit.

**RESPONSE:** Plaintiff objects to this Request because it seeks information from third parties and information not within its possession, custody, control, or personal knowledge.  In addition, Plaintiff objects to this question as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objection, Plaintiff would refer to the Consumer Product Safety Commission, Commonwealth of Kentucky Department of Motor Vehicles and any available recall or releases which is/are relevant to the 2017 Hyundai Sonata.  In addition, Plaintiff will supplement this answer with additional

information as made available or according to Kentucky Rules of Civil Procedure and/or in the alternative Orders of the Court.

15.     Any government documents or studies pertaining to this vehicle or similar vehicles which you contend are relevant to this suit.

**RESPONSE:** Plaintiff objects to this Request because it seeks information from third parties and information not within its possession, custody, control, or personal knowledge.   In addition, Plaintiff objects to this question as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.   Without waiving this objection, Plaintiff would refer to the Consumer Product Safety Commission, Commonwealth of Kentucky Department of Motor Vehicles and any available recall or releases which is/are relevant to the 2017 Hyundai Sonata.   In addition, Plaintiff will supplement this answer with additional information as made available or according to Kentucky Rules of Civil Procedure and/or in the alternative Orders of the Court.

16.     All public records and/or reports pertaining to the events, transactions, or occurrences which are the basis of this suit or that you may seek to introduce at trial.

**RESPONSE:**     Undetermined at this time.   Once a determination has been made, Plaintiff will supplement this answer in accordance with the Kentucky Rules of Civil Procedure and/or Court Order(s).   Plaintiff reserves the right to supplement as needed.

17.     Any and all documents relating to other lawsuits, claims, and/or complaints of injury involving any HMA vehicle that you or your attorneys claim to be substantially similar to this lawsuit and/or otherwise relevant to the suit.

**RESPONSE:**  Plaintiff reserves the right to supplement as needed.

18.     Any and all documents of any other manufacturer that you or any of your experts contend are relevant to this case.

**RESPONSE:**  Undetermined at this time.  Once a determination has been made, Plaintiff will supplement this answer in accordance with the Kentucky Rules of Civil Procedure and/or Court Order(s).  Plaintiff reserves the right to supplement as needed.

19.     All relevant government and industry publications that you may utilize or offer at trial.

**RESPONSE:** Undetermined at this time.  Once a determination has been made, Plaintiff will supplement this answer in accordance with the Kentucky Rules of Civil Procedure and/or Court Order(s).  Plaintiff reserves the right to supplement as needed.

20.     All demand letters, claims, notice letters, and other writings reflecting requests made by you upon any person, insurance company, corporation, organization, or governmental entity including HMA for claims, payments, or benefits, of any kind or character sought in connection with or as a result of the incident in question, and Plaintiff's alleged injuries and damages.

**RESPONSE:**  Discovery is ongoing at this time.  Plaintiff reserves the right to supplement as needed.

21.     Any and all documents, instructions, manuals, brochures, literature, or other materials relating to the purchase and/or operation and use of the subject vehicle.

**RESPONSE:** Undetermined at this time.  Once a determination has been made, Plaintiff will supplement this answer in accordance with the Kentucky Rules of Civil Procedure and/or Court Order(s).  Plaintiff reserves the right to supplement as needed.

22.     All other documents, if any, received by you from HMA or any other Hyundai entity which relate to or concern the subject vehicle, its component parts or accessories, or any other Hyundai vehicles.

**RESPONSE:** Unaware of such at this time.   Plaintiff reserves the right to supplement as needed.

23.     All documents which evidence or relate to any maintenance, service, repairs, or attempted repairs, modifications or other work or replacements, performed on or recommended for the subject vehicle.

**RESPONSE:**    Plaintiff objects to this question as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.  In addition, this request seeks information that is irrelevant to the subject matter in the instant case, and the information sought is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objection, Plaintiff would refer to accident and/or incident report which is included with this request.

24.     Any and all documents or records of any kind whatsoever pertaining to any tests, study, investigation, inspection, or analysis of the subject vehicle, any exemplar vehicle, or any part, component, or assembly of the subject vehicle or exemplar vehicle.

**RESPONSE:**   Plaintiff objects to this request because it seeks information from third parties and information not within its possession, custody, control, or personal knowledge.   In addition, Plaintiff objects to this question as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.   Without waiving this objection, Plaintiff would refer to the Consumer Product Safety Commission, Commonwealth of Kentucky Department of Motor Vehicles and any available recall or releases which is/are relevant to the 2017 Hyundai Sonata.   In addition, Plaintiff will supplement this answer with additional information as made available or according to Kentucky Rules of Civil Procedure and/or in the alternative Orders of the Court.

25.     All treatises, studies, references, reports or publications to be relied upon by any expert witness designated by you or which you claim to be authoritative on the disputed issues in this case.

**RESPONSE:**   Undetermined at this time.  Once a determination has been made, Plaintiff will supplement this answer in accordance with the Kentucky Rules of Civil Procedure and/or Court Order(s).  Plaintiff reserves the right to supplement as needed.

26.     All documents or records of any kind evidencing damages you claim you sustained as a result of the incident.

**RESPONSE:** Plaintiff objects to this question as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.  In addition, this request seeks information that is irrelevant to the subject matter in the instant case, and the information sought is not reasonably

calculated to lead to the discovery of admissible evidence.  Without waiving this objection, Plaintiff would refer to accident and/or incident report which is included with this request.

27.     Copies of employment and wage records for all jobs you have worked at any time prior to the accident and for all years since the accident.  If any of these documents are not currently in your possession, please execute the attached Authorization for Release of Employment/Personnel Records and Information (Exhibit A).

**RESPONSE:** Please see attached Authorization.

28.     Copies of your state and federal income tax returns, if any, for the five (5) years preceding the accident and a copy of any state and federal income tax returns filed since the accident.  If any of these documents are not currently in your possession, please execute the attached Requests for Transcript of Tax Return (Exhibit B).

**RESPONSE:** Please see attached.

29.     All documents, including images of any kind,  concerning, involving or in any way related to any injury that you claim is or was related to the accident, including and without limitation any document involving or in any way concerning the injury, treatment for the injury, hospitalization for the injury, reimbursement for any expenses arising from the injury, the present status of the injury, and the permanency of the injury, as well as any temporary soft tissue injury such as bruises, abrasions and other minor injuries.  If any of these documents are not currently in your possession, you may comply with this request by executing the attached Authorization for Release of Medical/Billing Information (Exhibit C).

**RESPONSE:**  Please see attached medical records received to date and Authorization for Release of Medical/Billing Information.

30.     All medical records or documents concerning, involving or in any way related to your medical history for the past ten (10) years other than for any personal injury you claim arises from the accident, including without limitation any document concerning, involving or in any way related to any illness, injury, hospitalization, treatment by any health care provider, or reimbursement for any expenses related to your medical history.  If any of these documents are not currently in your possession, you may comply with this request by executing Exhibit C, as referenced above.

**RESPONSE:**  Please see attached medical records received to date and signed authorization.  Plaintiff reserves the right to supplement as needed.

31.     Please execute the attached Social Security Administration Consent for Release of Information (Exhibit D).

**RESPONSE:**  Please see attached Consent for Release of Information.

32.     All written records which pertain to, reflect, or describe any alternative designs of the subject vehicle or any part or component thereof which you allege to be better, safer, more suitable for use, and/or which you allege should have been utilized in part or in whole on the subject vehicle rather than the design utilized and which would have reduced or prevented the injury sustained by the injured plaintiff.

**RESPONSE:**  Plaintiff objects to this Request because it seeks information from third parties and information not within its possession, custody, control, or personal knowledge.  In addition, Plaintiff objects to this question as overly broad, unduly

burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.   Without waiving this objection, Plaintiff would refer to the Consumer Product Safety Commission, Commonwealth of Kentucky Department of Motor Vehicles and any available recall or releases which is/are relevant to the 2017 Hyundai Sonata.   In addition, Plaintiff will supplement this answer with additional information as made available or according to Kentucky Rules of Civil Procedure and/or in the alternative Orders of the Court.

33.     Any and all ambulance run reports arising out of the incident.

**RESPONSE:** Plaintiff reserves the right to supplement as needed.

34.     All written or recorded statements made by any person related to the incident or this lawsuit.

**RESPONSE:** Unaware of such at this time.   Plaintiff reserves the right to supplement as needed.

35.     All transcripts of recorded statements made by any person related to the incident or this lawsuit.

**RESPONSE:** Unaware of such at this time.   Plaintiff reserves the right to supplement as needed.

36.     The actual audiotape, videotape, or other means of recording or storing a recorded statement made by any person related to the incident or lawsuit.

**RESPONSE:** Unaware of such at this time.   Plaintiff reserves the right to supplement as needed.

37.     Please provide a copy of your Medicare card(s).

**RESPONSE:** Please see attached.

38.      Any correspondence with The Center for Medicare and Medicaid Services and any Recovery Contractors that identifies, discusses or documents conditional payment amounts allegedly related to your claim for damages.

**RESPONSE:**  Please see attached Medicare Conditional Payment Letter received to date.

39.      Any and/or all correspondences or other documents providing Medicare lien information, including all Conditional Payment Letters (CPL).

**RESPONSE:**  Please see attached Medicare Conditional Payment Letter received to date.

40.      Please provide a copy of the health insurance card(s) for any health insurance policy(ies) that have paid benefits to you or on your behalf for any medical treatment that you claim to be related to this accident.

**RESPONSE:**  Please see attached copy of Medicare card.

41.      Please provide a properly executed CMS Consent for Release form (attached as Exhibit E).

**RESPONSE:**  Please see attached.

42.      Please provide a properly executed Medicare Attestation form (attached as Exhibit F).

**RESPONSE:** Please see attached.

43.      All exhibits which may be introduced at trial on your behalf.

**RESPONSE:** Undetermined at this time.  Once a determination has been made, Plaintiff will supplement this answer in accordance with the Kentucky Rules of Civil Procedure and/or Court Order(s).

44.    All documents, memoranda, notes, films, photographs, videotapes, diagrams, reports, treatises, or other information provided or shown to any person expected to be called as an expert witness at the trial of this case.

**RESPONSE:** Undetermined at this time.  Once a determination has been made, Plaintiff will supplement this answer in accordance with the Kentucky Rules of Civil Procedure and/or Court Order(s).

Respectfully submitted,


/s/Glenn Martin Hammond
**GLENN M. HAMMOND**
5476 North Mayo Trail
P.O. Box 1109
Pikeville, KY 41502-1109
Phone:  (606) 437-7777
Fax:  (606) 437-1004
*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that a copy of the foregoing was served via e-mail to the following this 28th day of October, 2020:

David T. Schaefer
Anne K. Guillory
Christopher L. Jackson
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
*Counsel for Defendant,*
*Hyundai Motor America*


Susan J. Pope
Wade H. ("Jeff") Jefferson IV
Nolan M. Jackson
Frost Brown Todd
250 West Main St.
Suite 2800
Lexington, Ky 40507-1749
*Counsel for Tim Short*


*/s/Glenn M. Hammond*
GLENN M. HAMMOND

COMMONWEALTH OF KENTUCKY
FLOYD CIRCUIT COURT
CIVIL ACTION NO. 20-CI-412

DANNY MCCOWN, JR                                           PLAINTIFF

v.

HYUNDAI MOTOR AMERICA AND
TIM SHORT CHRYSLER DODGE, JEEP, RAM,
FIAT OF PIKEVILLE d/b/a TIM SHORT
PIKEVILLE, LLC                                       DEFENDANTS

---

### NOTICE OF SERVICE

---

Comes the Plaintiff, **Danny McCown Jr.,** by and through Counsel, has filed and forwarded to Counsel herein, copies of his Answers to Interrogatories and Responses to Requests For Production of Documents propounded by Defendant, Hyundai Motor America.

**Respectfully submitted,**

/s/Glenn Martin Hammond
**GLENN MARTIN HAMMOND**
**GLENN M. HAMMOND LAW OFFICE**
**5476 North Mayo Trail**
**P.O. BOX 1109**
**PIKEVILLE, KY 41502**
**PH: (606) 437-7777**
**FAX: (606) 437-1004**
**ATTORNEY FOR PLAINTIFFS**

55DA8060-8A1B-4143-BDCD-E76708FC250C : 000001 of 000002

NO : 000001 of 000002

55DA8060-8A1B-4143-BDCD-E76708FC250C : 000002 of 000002

NO : 000002 of 000002

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was electronically filed with the Floyd Circuit Court Clerk, with copies served upon the following on this the 28th day of October, 2020:

David T. Schaefer
Anne K. Guillory
Christopher L. Jackson
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
*Counsel for Defendant,*
*Hyundai Motor America*


Susan J. Pope
Wade H. ("Jeff") Jefferson IV
Nolan M. Jackson
Frost Brown Todd
250 West Main St.
Suite 2800
Lexington, Ky 40507-1749
*Counsel forDefendant, Tim Short*


/s/Glenn M. Hammond
GLENN M. HAMMOND

AOC-E-105      Sum Code: CI
Rev. 9-14



NOT ORIGINAL DOCUMENT
12/02/2020    Case #: 20-CI-00412
889069 119

Commonwealth of Kentucky
Court of Justice      Courts.ky.gov

Court: **CIRCUIT**

County: **FLOYD**

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

---

*Plantiff,* **MCCOWN, DANNY VS. HYUNDAI MOTOR AMERICAN, ET AL,** *Defendant*

TO:  **NATIONAL REGISTERED AGENT LLC**

**306 W. MAIN STREET, STE. 512**

**FRANKFORT, KY 40601**

Memo: Related party is HYUNDAI MOTOR AMERICAN

The Commonwealth of Kentucky to Defendant:
**HYUNDAI MOTOR AMERICAN**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.


/s/ Douglas R. Hall, Floyd
Circuit Clerk
Date: **7/7/2020**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____        _____
                                          Served By

                                        _____
                                          Title

Summons ID: @00000118028
CIRCUIT: 20-CI-00412 Certified Mail
MCCOWN, DANNY VS. HYUNDAI MOTOR AMERICAN, ET AL



Page 1 of 1



Presiding Judge: HON. JOHNNY RAY HARRIS (631314)

CI : 000001 of 000001

AOC-E-105     Sum Code: CI
Rev. 9-14



NOT ORIGINAL DOCUMENT
12/02/2020 889630 119

Commonwealth of Kentucky
Court of Justice     Courts.ky.gov

CR 4.02; Cr Official Form 1

## CIVIL SUMMONS

Case #: **20-CI-00412**
Court: **CIRCUIT**
County: **FLOYD**

---

*Plaintiff,* **MCCOWN, DANNY VS. HYUNDAI MOTOR AMERICAN, ET AL**, *Defendant*

TO:  **FBT LLC**

 **250 WEST MAIN STREET**

 **STE. 2800**

 **LEXINGTON, KY 40507**

Memo: Related party is TIM SHORT CHRYSLER DODGE JEEP RAM FIAT OF

The Commonwealth of Kentucky to Defendant:
**TIM SHORT CHRYSLER DODGE JEEP RAM FIAT OF**

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

 /s/ Douglas R. Hall, Floyd
 Circuit Clerk
 Date: **7/7/2020**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

 To: _____

☐ Not Served because: _____

 Date: _____, 20 _____

 _____
 Served By

 _____
 Title

Summons ID: @00000118029
CIRCUIT: 20-CI-00412 Certified Mail
MCCOWN, DANNY VS. HYUNDAI MOTOR AMERICAN, ET AL

*(right margin, rotated)* Presiding Judge: HON. JOHNNY RAY HARRIS (631314)

*(right margin, rotated)* CI : 000001 of 000001




eFiled



**Commonwealth of Kentucky**
**Douglas R. Hall, Floyd Circuit Clerk**

NOT ORIGINAL DOCUMENT
12/02/2020 09:57:28 AM
88910-119

| Case #: 20-CI-00412 | | Envelope #: 2579000 |
|---|---|---|
| Received From: GLENN MARTIN  HAMMOND | | Account Of: GLENN MARTIN  HAMMOND |
| Case Title: MCCOWN, DANNY VS. HYUNDAI MOTOR AMERICAN, ET AL | | Confirmation Number: 110760248 |
| Filed On 7/7/2020  5:14:40PM | | |

| # | Item Description | Amount |
|---|---|---|
| 1 | Access To Justice Fee | $20.00 |
| 2 | Civil Filing Fee | $150.00 |
| 3 | Money Collected For Others(Court Tech. Fee) | $20.00 |
| 4 | Library Fee | $1.00 |
| 5 | Court Facilities Fee | $25.00 |
| 6 | Money Collected For Others(Attorney Tax Fee) | $5.00 |
| 7 | Charges For Services(Jury Demand / 12) | $70.00 |
| 8 | Money Collected For Others(Postage) | $25.00 |
| 9 | Charges For Services(Copy - Photocopy) | $2.00 |
| | **TOTAL:** | $318.00 |

Generated: 7/8/2020

Page 1 of 1