UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:20-CV-00152-REW-EBA

DANNY MCCOWN, JR.,                                                    PLAINTIFF,

V                              **REPORT AND RECOMMENDATION**

HYUNDAI MOTOR AMERICA, *et al.*,                              DEFENDANTS,

*** *** *** ***

Plaintiff Danny McCown, Jr. has filed a motion to remand. [R. 6]. With the issues being fully briefed, this matter is now ripe for review [R. 6; 11; 12]. This Court now recommends that Plaintiff's motion to remand be GRANTED.

I.  FACTS AND PROCEDURAL HISTORY

This is a products liability action involving allegations of strict liability, negligence, breach of warranty, and failure to warn which stem from a single vehicle accident. [R. 1-1]. McCown alleges that a 2017 Hyundai Santa Fe struck him while in the parked position causing severe injuries. [*Id*.].  Tim Short Pikeville, LLC, ("Tim Short") an automobile dealership located in Pikeville, Kentucky, sold the Santa Fe to one of McCown's relatives. [*Id*.].

On July 7, 2020, Plaintiff filed a complaint in Floyd County Circuit Court against Defendants Hyundai Motor America ("HMA"), the manufacturer of the automobile, and Tim Short, alleging identical state law claims of strict liability, breach of warranty, negligence, and failure to warn. [R. 1-1 at p. 4-6]. Over the next few months after the initial filing of the case, both HMA and Tim Short had difficulties obtaining responses from Plaintiff. HMA sent a letter to

1

Plaintiff requesting information about the vehicle, served interrogatories and requests for documents on Plaintiff, and sent a letter to Plaintiff notifying him that his discovery responses were past due. *See* [R. 8-1; 1-1 at p. 57-75, 122]. On October 2, HMA filed a motion to compel Plaintiff to respond to its discovery requests which was granted by the Floyd Circuit Court on October 16. [R. 1-1 at p. 88-90, 126-28].

Similarly, on October 8, Tim Short served requests for admissions on Plaintiff. [R. 1-1 at p. 46-55]. On November 10, the deadline for Plaintiff to respond to Tim Short's requests for admissions passed without a response from Plaintiff. *See* Ky. R. Civ. P. 36.01(2) (allowing thirty days after service of the request to respond or the matter is deemed admitted). On November 11, Tim Short sent correspondence to HMA stating that Plaintiff failed to respond to Tim Short's requests for admissions and that Tim Short considered the lack of response as admissions. [R. 1-2]. On December 2, 2020, HMA removed this action to federal court under 28 U.S.C. § 1446(b)(3). *See generally* [R. 1]. Plaintiff filed his motion to remand the case back to state court on December 23, 2020. [R. 6].

## II. ANALYSIS

### a. The Court Lacks Subject Matter Jurisdiction Because There is No Complete Diversity

A court may raise the issue of subject-matter jurisdiction at any time *sua sponte. Mt. Health City Sch. Dist. Bd. of Educ. v. Doyle*, 97 S.Ct. 568, 571 (1977). A district court properly exercises jurisdiction over a removed action where it would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). "A defendant removing a case has the burden of proving the diversity jurisdiction requirement." *Rogers v. Walmart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). When a case is removed to federal court on the basis of diversity jurisdiction,

the federal court will not have subject matter jurisdiction over the case unless there is both complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *see also Medlen v. Estate of Meyers*, 273 Fed. App'x 464, 469 (6th Cir. 2008). All doubts should be resolved in favor of remand. *Eastman v. Marine Mech. Corp.,* 438 F.3d 544, 550 (6th Cir. 2006).

First, considering the issue of whether the defendants carried their burden of meeting the amount in controversy, defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001). When the complaint does not allege a specific amount of damages, defendant may accomplish this by showing that a "fair reading of the unspecified and unliquidated damages sought by plaintiffs provided that more than $ 75,000 was in controversy." *Id*. at 573. *See also Halsey v. AGCO Corp.*, 755 F. App'x 524, 529 (6th Cir. 2018) (collecting cases).

Here, in accordance with Kentucky law, Plaintiff does not state a specific amount of damages sought in his complaint. *See* Ky. R. Civ. P. 8.01(2). However, Plaintiff states that the incident caused him to suffer and to continue to suffer "severe physical injuries, pain and suffering, mental anguish, and permanent injuries." [R. 1-1 at p. 8]. He further states that he has incurred and will continue to incur medical expenses, has sustained a loss of earning capacity, and has sustained a loss of the ability to enjoy life. [*Id*.]. HMA argues, and Plaintiff does not contest, that it is "readily apparent" from the face of Plaintiff's complaint that he seeks damages in excess of $75,000. [R. 1 at p. 6].

HMA further argues that Plaintiff's request for punitive damages pushes the amount in controversy over the $75,000 threshold. A court must consider punitive damages when determining the amount in controversy "unless it is apparent to a legal certainty that such cannot

be recovered." *Hayes*, 266 F.3d at 572 (*quoting Holley Equip. Corp. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)). Under Kentucky law, punitive damages are available in products liability cases. *Sufix, U.S.A. Inc. v. Cook*, 128 S.W.3d 838, 840 (Ky. Ct. App. 2004). KRS 411.186(2) lists factors for the trier of fact to consider when assessing whether punitive damages should be awarded. Of these factors, Plaintiff's complaint touches on the duration of the alleged misconduct and on the Defendant's awareness of the defect. [R. 1-1 at p. 3-5]. Thus, this Court may properly consider Plaintiff's claim for punitive damages when determining the amount in controversy.

When looking at the entirety of the evidence presented, this Court finds that it is more likely than not that the amount in controversy exceeds $75,000. *See Fryrear v. Medtronic, Inc.*, Civil Action No. 3:14-cv-58-DJH, 2015 U.S. Dist. LEXIS 48095 (W.D. Ky. Apr. 13, 2015); (relying on extensive relief and claims for punitive damages sought by Plaintiff in products liability action to determine that a sufficient amount in controversy existed for jurisdictional purposes); *Hayes*, 266 F.3d at 571 (same).

Second, to the issue of complete diversity between the plaintiff and the defendant, the defendant must show that its state of incorporation and where it has its principal place of business is different from the plaintiff's citizenship in Kentucky. *See* 28 U.S.C. § 1332(c)(1). Here, the parties agree that HMA is incorporated in California and its principal place of business is located in California. [R. 1 at p. 3; R. 6 at p. 4]. The parties also agree that Tim Short is a Kentucky corporation with its principal place of business located in Kentucky. [R. 1 at p. 3; R. 6 at p. 3-4]. Thus, the parties are not diverse because both Plaintiff and Defendant Tim Short are citizens of Kentucky.

**b. HMA Does Not Meet Its Burden of Showing Fraudulent Joinder**

HMA argues that, even though complete diversity did not exist at the time of removal, removal is still proper because the non-diverse party, Tim Short, is fraudulently joined. *See* [R. 1 at p. 2-4; R. 8]. Fraudulent joinder is a judicially created doctrine which provides an exception to the requirement of complete diversity. *See Coyne v. American Tobacco Co.*, 183 F.3d 488, 492-93 (citing *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne* at 492-93 (citing *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)).

Courts routinely recognize that the burden of proving fraudulent joinder is a high burden which is not easily attainable. *See e.g. Murriel-Don Coal Co. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 597 (E.D. Ky. 2011); *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946 (6th Cir. 2011) (quoting *Travis v. Irby*, 326 F.3d 644, 648-649 (5th Cir. 2003)). "There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)). In other words, the removing party must demonstrate that the claim is not only "bound to fail," but that it was never able to succeed in the first place. *Weiler v. Astellas Pharma US, Inc.*, Civil Action No. 5:12-68-JMH, 2012 U.S. Dist. LEXIS 31852, at *5 (E.D. Ky. Mar. 9, 2012) (quoting *Davis v. Prentiss Prop. Ltd., Inc.*, 66 F. Supp. 2d 1112, 1115 (C.D. Cal. 1999)).

"The burden of proving fraudulent joinder is even more stringent than the motion to dismiss standard under Fed. R. Civ. P. 12(b)(6)." *Gibson v. Am. Mining Ins. Co.*, Civil Action No. 08-118-ART, 2008 U.S. Dist. LEXIS 82205 (E.D. Ky. Oct. 16, 2008); *see also Hartley v. CSX*

5

*Transp. Inc.,* 187 F.3d 422, 424 (4th Cir. 1999) ("[The fraudulent joinder] standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 852 (3d Cir. 1992) ("But the inquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder."). Here, for the following reasons, HMA has failed to meet that burden.

First, HMA has failed to show that Plaintiff's claims against Tim Short do not have a colorable basis under Kentucky law. In his complaint, Plaintiff makes a strict liability claim, a breach of warranty claim, a negligence claim, and a failure to warn claim. *See* [R. 1-1 at p. 8-10].

Plaintiff alleges that the vehicle was placed in the "parked" position when it began rolling backwards and struck Plaintiff. [R. 1-1 at p. 7]. Plaintiff further alleges that Tim Short sold the vehicle to Plaintiff's family member and that the defect which caused the car to roll backwards resulted in injuries sustained by Plaintiff. [*Id.*]. These facts alone are enough to create a basis for a liability claim against Tim Short. Thus, Tim Short is not fraudulently joined to this action and complete diversity does not exist. *See N. Am. Specialty Ins. Co. v. Pucek*, Civil Action No. 5:09cv49-JMH, 2009 U.S. Dist. LEXIS 104482, at *5 (E.D. Ky. Nov. 4, 2009) (finding that a colorable basis for one claim against a non-diverse defendant was enough to destroy diversity and warrant remand).

However, HMA argues that Tim Short was fraudulently joined due to a set of requests for admissions served by Tim Short on Plaintiff which Plaintiff failed to answer. [R 1; 8]. Under Kentucky Civil Procedure Rule 36.01(1), a party may request another party to admit the truth of any matter relating to relevant facts or application of the law to those facts. After the request has

been made, the matter is deemed admitted if the party fails to answer within thirty days after service of the request. Ky. CR 36.01(2).

On October 8, Tim Short served the following requests for admissions on Plaintiff:

REQUEST NO. 1: Admit that Tim Short did not cause any damage to you.

REQUEST NO. 2: Admit you did not purchase the Vehicle from Tim Short.

REQUEST NO. 3: Admit you did not enter into any contract with Tim Short for or related to the Vehicle.

REQUEST NO. 4: Admit you did not own the Vehicle at the time of the Incident.

REQUEST NO. 5: Admit you are not claiming that Tim Short is responsible for a defect in the design of the Vehicle.

REQUEST NO. 6: Admit you are not claiming that Tim Short is responsible for a defect in the manufacturing of the Vehicle.

REQUEST NO. 7: Admit you are not claiming that Tim Short did not warn you about a defect in the Vehicle.

REQUEST NO. 8: Admit you are not claiming that Tim Short breached a warranty related to the Vehicle.

REQUEST NO. 9: Admit you have no evidence that Tim Short manufactured, developed, or designed the Vehicle.

REQUEST NO. 10: Admit you have no evidence that Tim Short improperly tested or inspected the Vehicle.
REQUEST NO. 11: Admit you have no evidence that Tim Short improperly marketed, distributed, or sold the Vehicle.

REQUEST NO. 12: Admit you have no evidence that Tim Short failed to warn you about any known or foreseeable hazard associated with the Vehicle.

REQUEST NO. 13: Admit that Tim Short did not make any warranties to you concerning the Vehicle.

REQUEST NO. 14: Admit you have no evidence that Tim Short did not disclaim all warranties concerning the Vehicle.

REQUEST NO. 15: Admit you were aware, at the time of the Incident, of the possibility that the Vehicle could roll backwards while in a parked position.

REQUEST NO. 16: Admit you were aware, at the time of the Incident, of the known risks of standing or lying down behind a motor vehicle.

REQUEST NO. 17: Admit the Vehicle was not in a parked position at the time of the Incident.

REQUEST NO. 18: Admit the Vehicle was not subject to recall for backwards-roll tendencies or parked position defects at the time of the Incident.

REQUEST NO. 19: Admit you have no evidence that the Vehicle was subject to recall for any of the defects that you attribute to the Vehicle in the Complaint.

REQUEST NO. 20: Admit you were at fault, in whole or in part, for the damages you allegedly suffered as a result of the Incident.

REQUEST NO. 21: Admit you have done nothing to minimize or lessen the damages you allegedly suffered as a result of the Incident.

[R. 1-1 at p. 52-55]. On November 11, the deadline for Plaintiff to respond passed without any response from Plaintiff. [R. 8 at p. 4]. Thus, the requests are deemed admitted under Ky. CR 36.01.

HMA argues that these admissions render Plaintiff's claims against Tim Short baseless. However, this is not enough to meet HMA's burden. *See Weiler v. Astellas Pharma US, Inc.*, Civil Action No. 5:12-68-JMH, 2012 U.S. Dist. LEXIS 31852 (E.D. Ky. Mar. 9, 2012) (remanding case back to state court where the only basis for fraudulent joinder was Plaintiff's failure to respond to requests for admissions). "Fraudulent joinder does not arise simply because a claim ultimately may prove unsuccessful." *Id.* (citing *North Am. Specialty Ins. Co. v. Pucek*, No. 5:09-cv-49-JMH, 2009 U.S. Dist. LEXIS 104482, 2009 WL 3711261, at *3 (E.D. Ky. Nov. 4, 2009)). Thus, HMA has failed to meet its burden of proving fraudulent joinder of Tim Short, and this Court recommends the case be remanded back to Floyd Circuit Court.

Plaintiff has further requested attorney fees and costs incurred in filing its motion to remand under 28 U.S.C. 1447(c). [R. 6 at p. 5]. "[A]n award of fees under § 1447(c) is left to the district court's discretion, with no heavy congressional thumb on either side of the scales." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 139 (2005). "[T]he standard for award fees should turn on the reasonableness of the removal ... courts may award attorney's fees under § 1447(c) only where the removing party lack an objectively reasonable basis for seeking removal." *Id.* at 141. In the instant case, although HMA failed to meet its burden of proving fraudulent joinder, the Court cannot conclude the basis for removal was wholly objectively unreasonable. Thus, Plaintiff's request for attorney fees should be denied.

## III. RECOMMENDATION

In sum, complete diversity does not exist between the parties. Defendant HMA fails to meet its burden of showing the non-diverse party Tim Short was fraudulently joined because it does not show Plaintiff's claims against Tim Short lacked a colorable basis. Thus, IT IS RECOMMENDED that:

1. Plaintiff's motion to remand [R. 6] be GRANTED.

2. Plaintiff's request for attorney fees [R. 6] be DENIED.

\*\*\* \*\*\* \*\*\* \*\*\*

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed with the Clerk of the Court within fourteen days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A general objection that does not "specify the issues of contention" is not enough to satisfy the requirement of written and specific objections. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are not enough to preserve the right of appeal. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991). A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

Signed February 2, 2021.



**Signed By:**

**Edward B. Atkins** *EBA*

**United States Magistrate Judge**